# EXHIBIT V



LAWRENCE S. LUSTBERG
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4731 Fax: (973) 639-6285
llustberg@gibbonslaw.com

November 15, 2022

**VIA E-MAIL**

Matthew Podolsky, Assistant U.S. Attorney
Alex Rossmiller, Assistant U.S. Attorney
Danielle R. Sassoon, Assistant U.S. Attorney
Andrew Thomas, Assistant U.S. Attorney
1 Saint Andrews Plaza
New York, New York  10007

      Re:  **United States of America v. Hwang,** *et al.*,
            **No. 22-cr-240-AKH**

Dear Counsel:

    We write on behalf of Mr. Hwang in response to the Government's letter dated October 19, 2022 (the "October 19 Letter"), and specifically to seek clarification regarding certain aspects thereof.

    *First*, the October 19 Letter (at 2) states that "the government has produced the substance of various presentations by counterparties made to or provided to the prosecution team." We are unclear, however, whether the presentations that have been produced are all such presentations the Government has and also whether the Government is in possession of presentations that counterparties made to entities other than the prosecution team (*e.g.*, to other U.S. and non-U.S. Government or regulatory agencies or entities). In this latter regard, we note, by way of example, press reports indicating that the Bank of England, the UK's Financial Conduct Authority, and the Prudential Regulation Authority sought information from banks following the March 2021 collapse of Archegos. Please advise whether you are withholding any such presentation(s), and if so, what the basis for doing so would be, as we would regard such information as *Brady* material.

    *Second*, with respect to logs / call summaries between the counterparties and Archegos, the October 19 Letter (at 2) states that "the government previously has produced records relating to this request as Rule 16 material." Like our request directly above, please let us know if there are similar additional documents within your possession, custody or control that have not yet been produced and, if so, when we might receive them.

    *Third*, the Government's "understanding" regarding market data concerning Archegos's top positions, according to the October 19 Letter (at 3), is that "the government's productions have included data about FTCH, GSX, TME, and VIPS." This raises the question whether, if at all, such data has been provided for VIAC, DISCA, DISCK, and IQ – the other stocks (minus FTCH) alleged in Counts Three through Nine of the Indictment. Putting aside the trading data obtained from Archegos itself and from its counterparties (which together may comprise some

GIBBONS P.C.

AUSAs Podolsky, Rossmiller, Sassoon, and Thomas
November 15, 2022
Page 2

but nowhere near all of the market-wide trading in these stocks over the relevant period), if this market data has been provided, we would ask that you please identify by Bates ranges where it is in the Government's production, as we do not see it for each of these eight stocks.  As we have indicated before, the NYSE and NASDAQ data, which runs billions of rows and contains undecipherable alpha-numeric user IDs, is essentially meaningless.  To the extent you are able to provide additional context for these data sources, we would welcome your offer to speak in more detail about them.

*Fourth*, it is unclear from the October 19 Letter (at 3) whether the Government has produced all of the evidence it has collected as to how the counterparties hedged their swaps with Archegos.  In this regard, and in all others, we join in the position set forth by Ms. Mulligan's letter to you of Nov. 14, 2022 (the "Mulligan Letter") at pages 3-4.  Again, if, as the Credit Suisse Report suggests (at pp. 38, 43), counterparties hedged their swap positions in ways other than buying shares of underlying stock, it would cast doubt on a central tenet of the theory of manipulation asserted in the Indictment, thus rendering this information exculpatory.  Please confirm that all evidence concerning the counterparties' hedging activity has been produced.

Relatedly, we reiterate the request in our letter of October 18, 2022, for clarification whether the Government has produced all of the Archegos-related trading data obtained from the counterparties.  As we noted in that prior letter, we have not located any trading data at all from Bank of Montreal, Jefferies, or Wells Fargo.  And, for those counterparties for whom we have received data, much of the data is missing key details, such as whether the trade was done via cash or swap, order-level transaction times and lots, and even, in at least one case, the name of the security being traded.  For the avoidance of doubt, this request encompasses counterparty blotters reflecting trading in both the subject stocks and other hedging instruments, trade executions in the subject stocks with investors other than Archegos during the relevant period, and the unwinding of Archegos's swaps during the week of March 22, 2021.

*Fifth*, please clarify why portions of each of the eight FBI 302s produced by the Government (except the two for Mr. Hwang) contain redactions.

*Sixth*, the position articulated by the Government in the October 19 Letter (at 1) that it will not search for and produce *Brady* materials from other enforcement agencies, including the SEC, CFTC, and DOJ-Antitrust Division, is plainly at odds with both the Order governing *Brady* obligations entered on April 27, 2022 [ECF No. 4] and discovery to date in this case.  Indeed, the *Brady* Order expressly imposes upon the Government "an affirmative obligation to seek all information subject to disclosure under this Order from *all . . . officers who have participated in the* prosecution, or *investigation that led to the prosecution*, of the offense or offenses with which the defendant is charged."  (ECF No. 4 at 2 (emphasis added).)  Certainly exculpatory information in possession of the enforcement staffs at the SEC and the CFTC, whose "dedication and hard work on this investigation" the United States Attorney credited as being "invaluable" at the press conference unsealing the Indictment, falls within the scope of this directive.  *See* U.S.

GIBBONS P.C.

AUSAs Podolsky, Rossmiller, Sassoon, and Thomas
November 15, 2022
Page 3

Attorneys' Office for the Southern District of New York, "United States Attorney Announces Charges in Connection with Collapse of Archegos Capital Management," Apr. 27, 2022 (*available at* https://youtu.be/DZIWvpDmhc8, at 9:16); *see also* Mulligan Letter at 2-3 & n.3. It is simply unfair for the Government, on the one hand, to trumpet the extent of its coordination with sister agencies for maximum PR effect but, on the other, to claim that it need not obtain the exculpatory information that those joint investigators have.

Tellingly, as a testament to the interconnectedness of their investigation, the Government has already produced thousands of pages from the SEC and CFTC, with apparently more to come from the CFTC, per AUSA Rossmiller's email of November 10, 2022. Clearly the Government has the ability and access needed to obtain whatever exculpatory information resides with those agencies with which it has partnered here. Please confirm that you will fulfill this obligation, as set forth in the *Brady* Order, so that, if necessary, we can raise this issue with the Court.

*Finally*, and again, to the extent not addressed above, we join in the Mulligan Letter insofar as the contents therein submitted on behalf of Mr. Halligan apply equally to Mr. Hwang.

As always, we thank you for your kind consideration of these matters. We look forward to your response.

                                        Respectfully yours,

                                        *s/ Lawrence S. Lustberg*

                                        Lawrence S. Lustberg

cc:    Mary E. Mulligan, Esq.
          Timothy M. Haggerty, Esq.