# EXHIBIT X



**MARY E. MULLIGAN**
mmulligan@fklaw.com
212.833.1123

October 11, 2022

BY E-MAIL

AUSA Matthew D. Podolsky
AUSA Andrew M. Thomas
AUSA Alexander Rossmiller
U.S. Attorney's Office for the SDNY
One St. Andrews Plaza
New York, NY 10007

Re:   *United States v. Hwang et ano.*, No. 22-cr-240 (AKH)

Dear Counsel:

On behalf of our client Patrick Halligan, we write to follow-up on several topics regarding the Government's disclosures and discovery.

### Mr. Halligan's Outstanding *Brady* Demand

By letter dated August 29, 2022, we requested that the Government furnish discovery materials required to be produced under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. To facilitate the Government's prompt compliance with these discovery obligations, and although we were under no obligation to do so, our August 29 letter set out a number of categories of materials that must be produced. Those categories were not exhaustive of the Government's obligations, including under the Order entered by Magistrate Judge Willis on April 27, 2022 [Dkt. No. 4] ("*Brady* Order," attached as Exhibit A). As the Brady Order states, "[t]he Government shall disclose such information to the defense *promptly after its existence becomes known to the Government*." *Id.* (emphasis added).

The Government has not provided any substantive response to our August 29 letter. Its August 18 letter (which preceded our August 29 letter) indicated that the Government "expects to respond to the defendants' specific written requests in writing no later than at least two weeks before the deadline for submission of the defendants' pretrial motions." (That letter was attached to an email in which the Government proposed that defendants' pretrial motions be filed no later than November 3, 2022, indicating that the Government was prepared to meet an October 20 deadline. That the Court set a later due date for defendants' pretrial motions should have no bearing on the Government's ability to meet the October 20 date it targeted.) Based on our conversation with AUSA Podolsky on August 29, it is our understanding that the Government intends to respond to our August 29 letter on that same schedule (i.e., also by October 20), and that its review for disclosable materials is

AUSA Matthew D. Podolsky *et al.*     - 2 -                October 11, 2022

ongoing.[1] Accordingly, we request that the Government commit to completing its production of all disclosable materials that its review has identified by October 20.

### Supplement to Mr. Halligan's August 29 *Brady* Demand

Relatedly, as the Government conducts its review for *Brady* materials, please identify and produce all correspondence and communications, including notes reflecting any communications, with William Tomita, Scott Becker, and/or their respective counsel regarding Mr. Tomita and/or Mr. Becker's plea allocution(s).[2] This request also includes all documents reflecting every draft allocution, or any portion thereof, that was exchanged or discussed (whether orally or in writing) between the Government and Mr. Tomita, Mr. Becker, and/or their respective counsel.

### The Government's Non-Compliance with the Court's June 1 Directive

By letters dated August 24, 2022, both defendants explained the reasons that the Government's August 18, 2022 letter [ECF No. 38] fails to comply with Judge Hellerstein's directive that the Government identify "each and all [of] the alleged misrepresentations, by persons who made it, by their nature, persons who received it, date, time, [and] place." June 1, 2022 Tr. at 16:24-17:1. More than a month has now passed, and the Government has offered no substantive response.

We will not repeat here all of the deficiencies that our prior correspondence enumerated, other than to remark that the Government's statement during the September 8 conference that Judge Hellerstein's June 1 directive was merely a "suggestion" is plainly wrong. *See* Sept. 8, 2022 Tr. at 3:3-8. As we set forth in our earlier correspondence, Judge Hellerstein issued a directive that the Government identify "*each and all* [of] the alleged misrepresentations, by persons who made it, by their nature, persons who received it, date, time, [and] place." June 1, 2022 Tr. at 16:24-17:1 (emphasis added), and the Government agreed in open court to do so, *id.* at 17:2-5. The Government's statement at the September 8 conference that it had identified "*a number* of the misstatements and misrepresentations," Sept. 8, 2022 Tr. at 3:3-8, only confirms that it has not complied with the Court's directive.

---

[1] As the relevant law and the *Brady* Order make clear, "the Government has an affirmative obligation to seek all information subject to disclosure . . . from all current or former federal, state, and local prosecutors, law enforcement officers, and other officers who have participated in the prosecution, or investigation that led to the prosecution, of the offense or offenses with which the defendant[s are] charged." Thus, the Government's ongoing review should encompass files, records, or documents from the CFTC, SEC, and any other local, state, or federal office that participated in the investigation that led to the indictment in this case.

[2] Mr. Tomita and Mr. Becker's allocutions were both prepared by, or with the assistance of, their respective counsel. *See* April 22, 2022 Tr. at 39:6-8 (Mr. Tomita); April 21, 2022 Tr. at 35:16-20 (Mr. Becker).

AUSA Matthew D. Podolsky *et al.*  - 3 -  October 11, 2022

        Please be advised that, absent compliance with the June 1 directive by no later than October 17, 2022, Mr. Halligan intends to seek judicial relief regarding the Government's non-compliant disclosures.[3]

**The Government's Production of Audio Files and Metadata**

        Our prior correspondence (particularly our letters of July 25 and August 11, and Mr. Hwang's counsel's letter of July 25) has expressed various concerns regarding the completeness of the Government's production of audio files and metadata. This is a matter of overall concern, and is particularly acute with respect to the audio files apparently produced to the Government by certain of Archegos's counterparties. The metadata associated with those files is inconsistent where it is available at all; for some counterparties (including Credit Suisse, Morgan Stanley, and Jefferies), no or substantially no audio files have been produced; and for others, the productions are so spare that they obviously omit calls that are likely to be relevant and exculpatory.

        Based on the Government's August 16 and 18 letters, it is our understanding that at this time the Government has produced *all* of the metadata and *all* of the audio files that it has received from producing parties (including without limitation the counterparties), and none have been omitted from the production that the Government has made to defendants. Please advise by no later than October 17 whether this understanding is correct so that we may determine and take appropriate next steps in light of the apparent non-production (whether by the Government or non-parties) of specific, relevant, admissible evidence.

* * *

        We reserve all of Mr. Halligan's rights in connection with these requests, including the right to supplement them, to file appropriate motions and to present any defenses.

        We look forward to the Government's response. If you would like to discuss these matters, please let us know.

        Sincerely,

        */s/ Mary Mulligan*
        Mary E. Mulligan

        */s/ Timothy M. Haggerty*
        Timothy M. Haggerty

---

[3] Mr. Halligan presently anticipates that this issue will be addressed in his omnibus motion, but reserves the right to raise the issue separately, absent the Government's compliance by October 17.

AUSA Matthew D. Podolsky *et al.* - 4 - October 11, 2022

cc: Lawrence S. Lustberg, Esq.
    Thomas R. Valen, Esq.