# EXHIBIT AA

# EXHIBIT AA



**MARY E. MULLIGAN**
mmulligan@fklaw.com
212.833.1123

August 24, 2022

BY E-MAIL

AUSA Matthew D. Podolsky
AUSA Andrew M. Thomas
AUSA Alexander Rossmiller
U.S. Attorney's Office for the SDNY
One St. Andrews Plaza
New York, NY 10007

Re:   *United States v. Hwang et ano.*, No. 22-cr-240 (AKH)

Dear Counsel:

On behalf of our client Patrick Halligan, we write to join in Mr. Hwang's counsel's concern that the Government's August 18, 2022 letter [Dkt. No. 38] fails to comply with Judge Hellerstein's directive that the Government identify "each and all [of] the alleged misrepresentations, by persons who made it, by their nature, persons who received it, date, time, [and] place." June 1, 2022 Tr. at 16:24-17:1. If the deficiencies described below and in Mr. Hwang's counsel's letter are not cured by the September 8 conference, we intend to raise this issue with the Court.

The Government is wrong to characterize the supplemental disclosures set forth in the August 18 letter as "voluntary." During the June 1 conference, Judge Hellerstein identified the information that he expected the Government to provide (as quoted above), and the Government agreed to provide it. June 1, 2022 Tr. at 17:2-5 ("AUSA PODOLSKY: Understood, [Y]our Honor. THE COURT: Like a Rule 9 allegation in a civil action. AUSA PODOLSKY: Understood. I should just preview for the Court that there are, I believe, dozens, many misrepresentations in this case. But with that, I understand the Court's indication."). We do not accept the Government's apparent contention that it may provide less than *all* of the information that was the subject of the June 1 colloquy.[1]

In that regard, we agree with Mr. Hwang's counsel that the Government's August 18 letter falls far short of supplying the information that Judge Hellerstein directed and the Government agreed to provide.

- The Government fails to represent that it has identified "each and all [of] the alleged misrepresentations that [it contends] will be actionable." June 1, 2022 Tr. at 16:4-5, 16:24-25. To the contrary, the Government refers to the alleged misrepresentations only as "examples," *see* Aug. 18 Ltr. at 5,

---

[1] The Government's August 18 letter repeatedly asserts that the supplemental information is being provided "to assist the defendants." *See* Aug. 18, 2022 Ltr. at 3, 4, 5, 7, 9.

AUSA Matthew D. Podolsky *et al.*      - 2 -      August 24, 2022

       6, 7, 8, 9, 10, which is exactly what Judge Hellerstein indicated on June 1 was insufficient. June 1, 2022 Tr. at 16:2-17:11 ("AUSA PODOLSKY: . . . What the indictment has done is describe by category the nature of each type of misrepresentation; it gives examples. . . . THE COURT: Is it complete? Will you be wanting to try misrepresentations not alleged in the indictment?").

- The Government fails to identify "who made" each alleged misrepresentation. June 1, 2022 Tr. at 16:25. For example, the Government refers to an alleged statement "on or about March 4, 2021," by an unidentified "representative of Archegos"; an alleged misstatement "[o]n or about March 23, 2021" by unidentified "representatives of Archegos"; various alleged misrepresentations made at unspecified times on March 24 and 25, 2021 to various counterparties by "various combinations of Archegos's senior leadership"; and an alleged misrepresentation "[i]n or about March 2021" by an unnamed "Archegos representative." Aug. 18, 2022 Ltr. at 6, 10, 11. The identification of the maker of each alleged misrepresentation is required by the Court's June 1 directive, and it is also essential information that the defendants are entitled to receive and use for the purposes of their pretrial motions. In particular, at least one of our motions will be addressed to the fact that the Government has not sufficiently pleaded the essential element that Mr. Halligan was the maker of any actionable misrepresentation. *See Janus Cap. Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 142 (2011).

- As to some of the alleged misrepresentations described broadly in the Indictment and in the August 18 letter, the Government provides substantially no details at all. For example, the Government alleges that unidentified "Archegos Conspirators" made misrepresentations to unidentified representatives of Goldman Sachs about position concentration and liquidity in January 2021 (Ind. ¶¶ 52(d), 54(c)), but the Government's August 18 letter does not identify any further details about these supposed misrepresentations or offer any reference as to where evidence of them may be found in the discovery produced to date.[2]

       Finally, separate and apart from the Government's failure to supply the information that was discussed during the June 1 conference, the Indictment (as supplemented by the August 18 letter) does not provide Mr. Halligan with fair notice of the nature of the Section 10(b) and Rule 10b-5(a) and (c) "scheme liability" theory that the Government asserts against him in Count Ten. *See* Ind. ¶ 80. As the Government is no doubt aware, in the weeks following our last conference before Judge Hellerstein, the Second Circuit held in *Securities and Exchange Commission v. Rio Tinto* that "misstatements and omissions—without more—" cannot support a scheme liability theory under Rule 10b-5(a)

---

[2] Mr. Hwang's counsel has identified other aspects in which the Government's disclosures remain insufficient. We will not repeat them here, but we join in all of them.

Friedman Kaplan Seiler & Adelman LLP                                                                               3681444.1

AUSA Matthew D. Podolsky *et al.* - 3 - August 24, 2022

and (c). *Rio Tinto*, No. 21-2042 (2d Cir. July 15, 2022). Insofar as the Government alleges that Mr. Halligan violated Rule 10b-5(a) and (c), it appears that the charged conduct consists solely of alleged misrepresentations and omissions (which Mr. Halligan did not make). Please advise us whether the Government will agree to provide further particularity regarding the nature of its scheme liability charge as against Mr. Halligan, including particularity regarding the specific conduct and acts (including the time, date, and place that they occurred) that the Government intends to prove in support of its scheme liability theory. Absent agreement, we will seek this information in our forthcoming motion for a bill of particulars.[3]

  We look forward to the Government's response. If you would like to discuss these matters, please let us know.

          Sincerely,

          */s/ Mary E. Mulligan*

          Mary E. Mulligan

cc:  Lawrence S. Lustberg, Esq.
   Thomas R. Valen, Esq.

---

[3] Mr. Halligan intends to move for a bill of particulars on the briefing schedule that we are currently discussing with the Government. We address the failure of particularity regarding the Government's scheme liability allegations now because (unlike the other particulars that we intend to seek, which we believe have long been required under relevant law) intervening developments in the law since the Indictment was returned (i.e., *Rio Tinto*) have highlighted the need for these disclosures.