# EXHIBIT BB



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 2, 2022

**VIA EMAIL**

Lawrence S. Lustberg, Esq.
Thomas R. Valen, Esq.
Gibbons, P.C.
One Gateway Center
Newark, NJ 07102

Mary E. Mulligan, Esq.
Timothy Haggerty, Esq.
Friedman Kaplan Seiler & Adelman LLP
7 Times Square
New York, NY 10036

      Re:    *United States v. Sung Kook (Bill) Hwang, et al.*,
                22 Cr. 240 (AKH)

Dear Counsel:

      The government writes in response to the November 14, 2022 letter from Mary E. Mulligan, Esq., and the November 15, 2022 letter from Lawrence S. Lustberg, Esq., which request additional information and materials. As set forth below and in prior letters, the government continues to be mindful of our obligations, including ongoing discovery obligations and those under *Brady v. Maryland*, 373 U.S. 83 (1963), and of the defendants' various requests that the government produce, or obtain and produce, certain material. We continue to actively investigate this matter and expect to obtain and produce additional materials as we do so.

      We note that this letter is intended to supplement the government's prior discovery letters, including the October 19, 2022 letter responding to prior purported discovery and *Brady* issues raised by the defendants. We also note that this letter is not intended to comment on the accuracy or inaccuracy of legal and factual assertions made in any your letters; rather, we continue to work to ensure you receive complete and timely Rule 16 discovery and *Brady* materials.

      Finally, we write to advise you of the overproduction of certain search warrant related materials.

### *Halligan November 14, 2022 Letter*

- *Misrepresentations.* (Halligan Request No. 1). As set forth in the government's letter dated August 16, 2022, the government continues to disagree with your various characterizations of the government's obligation to identify misstatements, your interpretation of the Court's remarks on this topic, and your assessment of the adequacy of the government's past efforts

to provide supplemental disclosures about misstatements. We have surpassed our duty to provide fair notice to your client about the nature of the charges and, in many instances, have now provided specific verbatim examples of expected trial proof, as set forth in the government's letter dated October 19, 2022 (the "October Letter").

- *Search of the SEC, CFTC, and DOJ Antitrust Files*. (Halligan Request No. 2; Hwang Request No. 6). As set forth in the October Letter, the government disagrees as a matter of law with your assertion that the SDNY prosecution team is responsible for any and all materials obtained by the SEC, CFTC, and DOJ Antitrust teams. The SEC, CFTC, and DOJ Antitrust teams were not members of the prosecution team and were not engaged in joint fact-gathering within the meaning of the decisional law of the District. Indeed, Courts in this District routinely reject the arguments you raise here, including the specific criticism of thanking the SEC and CFTC in a press release. *See, e.g.*, *United States v. Velissaris*, No. 22 Cr. 105 (DLC), 2022 WL 2392360, at *2 (S.D.N.Y. July 3, 2022); *United States v. Middendorf*, No. 18 Cr. 36 (JPO), 2018 WL 3956494, at *4-5 (S.D.N.Y. Aug. 17, 2018).

- *Swaps Hedging Information.* (Halligan Request No. 3; Hwang Request No. 5). As set forth in the October Letter, the government continues to disagree that all documents relating to how counterparties hedge Archegos's swap agreement necessarily constitute *Brady* materials. However, as also set forth in the October Letter, we are not withholding any such Rule 16 material and we have endeavored to produce those witness statements that could be read to support the posited defense. To the extent we receive additional material on this topic in the coming months, we will continue to supplement our production.

- *Document Identification.* (Halligan Request No. 4). The government has properly discharged its duties with respect to the demanded materials, and has gone further by producing discovery in structured, text-searchable data files, by providing a discovery index, and by producing underlying production cover letters. Your demand that the government itemize any favorable evidence within the previously produced discovery has been rejected by the Second Circuit. *See United States v. Ohle* ("Ohle II"), 441 F. App'x 798, 804 (2d Cir. 2011). The district court in *Ohle* held that "as a general rule, the Government is under no duty to direct a defendant to exculpatory evidence within a larger mass of disclosed evidence," and that although "the Government may not properly conceal exculpatory evidence from a defendant, [Brady] does not place any burden upon the Government to conduct a defendant's investigation or assist in the presentation of the defense's case." *United States v. Ohle* ("Ohle I"), 08 Cr. 1109 (JSR), 2011 WL 651849, at *4 (S.D.N.Y. Feb. 7, 2011). The Second Circuit agreed and cited the district court's "thoughtful and meticulous opinion." *Ohle* II, 441 F. App'x at 804.

- *Credit Suisse Report Materials.* (Halligan Request No. 5). As set forth in the October Letter, the government had no role in preparing the Credit Suisse Group Special Committee of the Board of Directors Report, and counsel to the Credit Suisse Special Committee had no role in investigating or prosecuting this matter. Accordingly, we have no basis to identify the factual material that supports the conclusions set forth in that Report. In any event, we have not withheld any Rule 16 material received from Credit Suisse and we have produced any identified *Brady* contained within reports of our interviews of Credit Suisse witnesses.

- *Privilege Logs*. (Halligan Request No. 6). Please identify the legal basis to demand the production of logs of material that, by definition, has not been produced to the prosecution team.

### *Hwang November 15, 2022 Letter*

- *Presentations by Counterparties.* (Hwang Request No. 1). As set forth in the October Letter, the government continues to disagree that any presentation by a counterparty is *Brady* material regardless of its content. However, the government has produced the substance of any presentation it received on behalf of a counterparty. The government will produce notes of substantive interactions that were not in the form of presentations (namely, notes of calls with outside counsel) at the time it produces 3500.

  The government is not withholding the substance of any presentations made to other agencies or sovereigns that are in our possession. It may well be that some of the counterparties have presented to the Securities and Exchange Commission, for example, but we do not currently possess any such presentation materials that we have not produced. Nor do we possess any counterparty presentation materials from the Bank of England, the Financial Conduct Authority, or the Prudential Regulation Authority, or from any other foreign regulator or government.

- *Logs / Call Summaries Between the Counterparties and Archegos.* (Hwang Request No. 2). We do not believe we possess any additional unproduced records on this topic. If we obtain additional materials through our ongoing investigation, or we identify an erroneous omission from our past productions, we will promptly produce them.

- *Market Data.* (Hwang Request 3.) To avoid inadvertent confusion about what we have obtained, what we have produced, and what you are requesting, we propose to have a call the week of December 5, 2022. We believe we have produced to you all the trading data that we obtained, and we do not intend to withhold any trading data in this matter. That said, we have not intended to suggest that we obtained all data about all trading that occurred in the relevant time period for any of Archegos's top positions; we did not. Although under no obligation to do so, within reason, and as a courtesy, we may be willing to re-engage with counterparties to request additional or clarifying material to assist your preparations for trial. To that end, we would like to discuss precisely what appears to be missing or incomplete on a call next week.

- *Redacted 302s* (Hwang Request No. 5). As set forth in the October Letter, the government produced certain records of interviews that may have reflected information considered by you to be exculpatory or voluntarily to assist the defense based on prior discovery requests. Portions of those interviews that did not fit within those categories, and that were therefore not discoverable, were redacted. The government will produce fully unredacted copies of those reports of interviews as part of a future Jencks Act production.

Finally, we advise you that a prior discovery production included approximately 15,780 records that were produced to you in error. The overproduced records are identified in the attached excel file by Bates number. The overproduced records, which originate from electronic accounts that had been searched pursuant to a warrant, were not part of the final set of records identified as responsive to the warrant and should not have been included in the outgoing discovery export of responsive search warrant material. While we do not insist that you return or destroy these files, please be aware that these overproduced records are not accessible to the prosecution team in this matter. Should you wish to use any of these records at trial, we request reciprocal discovery and the production any such records to the government.

We remain available to discuss any of these issues by telephone. We also renew our offer to reach a mutually agreeable pretrial filing and disclosure schedule that would include, among other things, deadlines for the production of Jencks Act material, motions *in limine*, expert notices, and exhibit identification.

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

By: *[signature]*

Andrew Thomas
Matthew Podolsky
Alex Rossmiller
Danielle Sassoon
Assistant United States Attorneys
Tel.: 212-637-2106/1947/2415/1115