

MARY E. MULLIGAN
mmulligan@fklaw.com
212.833.1123

April 7, 2023

BY ECF

Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007

      Re:    <u>United States v. Hwang et ano.</u>, No. 22-cr-240 (AKH)

Dear Judge Hellerstein:

      This firm represents defendant Patrick Halligan in the above-referenced matter. I write regarding the Order on Pretrial Motions that the Court entered on March 23, 2023. [ECF No. 66, the "Order"]. Specifically, I write to bring to the Court's attention an apparent error in the Order's description of the Indictment's allegations.[1]

      The Order states that "The Indictment alleges that Archegos traded in derivative securities *without satisfying disclosure requirements* so as to conceal its positions from the market and hide the extent of Hwang's market power from counterparties and investors." Order at 2 (emphasis added). The Order cites paragraphs 4 and 73 of the Indictment in support of this statement.

      However, we do not understand the Government to have alleged in paragraph 4 or 73—or anywhere else in the Indictment—that Archegos or the defendants violated any disclosure requirements as to the positions that Archegos traded. The Indictment alleges that Archegos traded in (a) cash equities (stock) and (b) total return swaps (swaps). As to the stock trading, the Indictment alleges that public disclosure of cash equity positions is required when those positions exceed "5% ownership of all outstanding stock of the security." Ind. ¶ 14. The Indictment does not allege that Archegos's stock investments ever exceeded this 5% ownership threshold. Thus, reporting of these stock positions was never required, and the Indictment does not allege otherwise. As to Archegos's swap trading, Paragraph 4 of the Indictment alleges in relevant part that "BILL HWANG, the defendant,

---

[1] While Mr. Halligan respectfully disagrees with the Court's denial of defendants' pretrial motions and reserves all rights as to those matters, the only purpose of this letter is to advise the Court of the apparent error addressed herein.

Hon. Alvin K. Hellerstein — - 2 - — April 7, 2023

conducted most of his trading *through derivative securities that had no public disclosure requirement*." (Emphasis added.)[2]

   Accordingly, based solely on the allegations of the Indictment, (a) Archegos's stock trading was not subject to public disclosure requirements because its cash equity positions did not exceed 5% of the outstanding shares of any issuer, and (b) Archegos's swap trading was not subject to any public disclosure requirements at all. Thus, we respectfully submit that the Order appears to be in error when it characterizes the Indictment as alleging that "Archegos traded in derivative securities *without satisfying disclosure requirements*." Order at 2 (emphasis added).

   We have conferred with the Government regarding this matter, and the Government has declined to join in this application.

   We thank the Court for its attention to this matter and can be available to address any questions that the Court may have.

               Respectfully submitted,

               *Mary Mulligan*

               Mary E. Mulligan

cc: All Counsel (by ECF)

---

[2] Paragraph 73 of the Indictment does not refer to disclosure requirements at all. It states in full: "A further purpose of the racketeering conspiracy was to conceal the defendants' criminal conduct from the marketplace and from counterparties."