

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 12, 2023

**VIA ECF**

The Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

  Re: *United States v. Sung Kook (Bill) Hwang, et al.*,
     22 Cr. 240 (AKH)

Dear Judge Hellerstein:

  The Government writes in response to defendant Patrick Halligan's April 7, 2023 letter, ECF Doc. 70 (the "Halligan Letter"), which purports to draw the Court's attention to inaccurate language in the Court's order denying the pretrial motions, ECF Doc. 66 (the "Motions Order"). Halligan's letter neither asks for specific relief nor merits any.

  Halligan concerns himself with the sentence of the Motions Order reading, "The Indictment alleges that Archegos traded in derivative securities *without satisfying disclosure requirements* so as to conceal its positions from the market and hide the extent of Hwang's market power from counterparties and investors." Halligan Letter at 1 (quoting Motions Order at 2) (emphasis added in Halligan Letter). Specifically, Halligan appears to worry that the phrase "without satisfying disclosure requirements" may imply that the Indictment alleges that the defendants violated specific regulatory rules about the disclosure of significant stockholding that Halligan, in his letter, asserts did not apply to Archegos because its cash equity positions did not exceed 5% of the outstanding shares of any issuer. *See* Halligan Letter at 2.

  But Halligan ignores that the Motion Order's summary description does not refer to the application of any specific regulatory rule and instead reflects the Indictment's many allegations that Bill Hwang and Archegos amassed significant economic exposure to public companies, structured their trading to avoid public disclosure, and, in fact, concealed their holdings from the marketplace and from their counterparties, including by avoiding disclosure requirements that would have applied, had Hwang and Archegos not acted to circumvent them. *See, e.g.*, Indictment ¶ 3 ("Archegos's positions . . . were larger than any of the disclosed shareholders of multiple public companies."), ¶ 4 ("At least in part to hide the extent of his market power from other investors, BILL HWANG, the defendant, conducted most of his trading through derivative securities that

had no public disclosure requirement."), ¶ 73 (a purpose of the racketeering conspiracy was "to conceal the defendants' criminal conduct from the marketplace and from counterparties."). Moreover, the Indictment alleges that the defendants personally certified to specific counterparties that Archegos's "exposure to individual positions was below particular thresholds" when they knew otherwise and failed to disclose the truth. Indictment ¶ 59.

In light of the Indictment's text, the Motion Order's brief summary fairly captures one aspect of the alleged scheme and cannot be read to comment on a specific regulatory issue, especially when that issue—unlike the more general issue of concealed and concentrated trading—did not arise during the motion conference that led to the Motion Order. In short, there is no error contained in the Motions Order, and to the extent the Halligan Letter might be read as seeking some unspecified relief, it should be denied.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _____
Matthew Podolsky
Alex Rossmiller
Danielle Sassoon
Andrew Thomas
Assistant United States Attorneys
Tel.: (212) 637-2106

Cc: Counsel of Record (via ECF)