UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------x
                                                             :
UNITED STATES OF AMERICA                                     :
                                                             :   No. 22-CR-240 (AKH)
        - v. -                                               :
                                                             :
SUNG KOOK (BILL) HWANG and                                   :
PATRICK HALLIGAN,                                            :
                                                             :
                                Defendants.                  :
                                                             :
-------------------------------------------------------------x
```

### DEFENDANT PATRICK HALLIGAN'S JOINDER TO MOTION FOR ISSUANCE OF RULE 17(C) SUBPOENAS

**PLEASE TAKE NOTICE** that Patrick Halligan hereby joins in Sung Kook (Bill) Hwang's Motion for the Issuance of Rule 17(c) Subpoenas (ECF No. 79, the "Motion"), for all of the reasons therein and those below. The Motion seeks the issuance of subpoenas for the production of documents that are material to Mr. Halligan's defense and not unduly oppressive for any of Archegos's Counterparties[1] to produce, *see United States v. Weigand*, 520 F. Supp. 3d 609, 612, 615 (S.D.N.Y. 2021) (Rakoff, J.), and the documents sought are specific, relevant, and would be admissible at trial, *see United States v. Nixon*, 418 U.S. 683 (1974).

First, substantially all of the arguments advanced in the Motion apply with full force to Mr. Halligan's defenses. The Indictment alleges that Mr. Halligan, as Archegos's Chief

---

[1] As defined in the Motion, the Counterparties include Credit Suisse, UBS, Mitsubishi UFJ, Goldman Sachs, Jefferies, Deutsche Bank, Macquarie, Nomura, Morgan Stanley, Bank of Montreal, and Mizuho.

4893-6759-8698.1

Financial Officer, agreed to participate in the conduct of the affairs of the so-called "Archegos Enterprise," an alleged racketeering enterprise the principal purpose of which "was to manipulate the prevailing prices of certain securities held in the Archegos Enterprise's investment portfolio." *See* Ind. ¶¶ 68, 70. While the Indictment does not allege that Mr. Halligan engaged in the trading that gives rise to the purported "manipulative trading scheme," and nor does it allege that he was even *aware* of supposed illegal market manipulation activity, it nonetheless alleges that Mr. Halligan "facilitate[d] the manipulative trading scheme" through his alleged participation in misstatements to Archegos's Counterparties. *Id.* ¶ 41. Thus, evidence that refutes the Government's theory of market manipulation – as sought in particular by Requests 1 through 5 of the proposed subpoenas – is material to Mr. Halligan's defense that there was no "manipulatve trading scheme" for him to supposedly "facilitate."

In addition, the proposed subpoenas seek documents that are material to certain of Mr. Halligan's defenses to the racketeering conspiracy (Count One), securities fraud (Count Ten), and wire fraud (Count Eleven) charges arising from supposed misrepresentations to Archegos's Counterparties. Among other things, the documents sought by the subpoenas will defeat the Government's ability to prove the element of materiality, which is an essential element of securities fraud and wire fraud (and the predicate acts charged as part of the racketeering conspiracy as well, *see* Ind. ¶ 68). *See, e.g.*, *Neder v. United States*, 527 U.S. 1, 25 (1999) (materiality is element of wire fraud); *United States v. Velissaris*, No. 22-cr-105, 2022 WL 17076747, at *5 (S.D.N.Y. Nov. 18, 2022) (materiality is element of securities fraud under Section 10(b) of the Securities and Exchange Act and Rule 10b-5 thereunder). For example:

- Requests 6 and 7 seek documents concerning the Counterparties' methodologies for setting Archegos's trading capacity limits and margin requirements, which will show that the Counterparties set capacity limits

- and margin requirement based on factors and considerations other than the alleged misrepresentations.[2]

- Requests 8 through 14 seek documents related to the Counterparties' risk management and customer onboarding procedures, which will demonstrate that the Counterparties' deficient procedures and due diligence render any purported misrepresentations immaterial.

- Requests 15 through 20 seek documents concerning the revenues and fees that the Counterparties earned through their swap transactions, and those documents will show that the Counterparties' decisions regarding capacity, margin rates, and other terms of their relationships with Archegos were driven by economics, not the alleged misrepresentations.

As explained in detail in the Motion, which arguments are adopted and incorporated herein in full, the proposed subpoenas are narrowly tailored and are not unduly oppressive to the Counterparties, *see* Motion at Pt. I.B, and if the Court were to apply the *Nixon* standard, the proposed subpoenas seek documents that are relevant and admissible, *id.* at Pt. II.A, not reasonably procurable by Mr. Halligan prior to trial by exercise of due diligence, *id.* at Pt. II.B, necessary to Mr. Halligan's preparation of his defense, *id.* at Pt. II.C, and specific, *id.* at Pt. II.D.

Finally, Mr. Halligan respectfully requests that the Court order that the Counterparties provide electronic copies of their document productions to Mr. Halligan's counsel

---

[2] Neither capacity nor margin rates are securities, and thus separate from the defect described above, the Government will not be able prove that misrepresentations that supposedly induced Counterparties to extend capacity or favorable margin rates were made "in connection with" the purchase or sale of securities as required for a violation of Section 10(b) and Rule 10b-5. *See, e.g., Chemical Bank v. Arthur Andersen & Co.*, 726 F.2d 930, 943 (2d Cir. 1984).

4893-6759-8698.1

simultaneously with delivery to Mr. Hwang's counsel. Simultaneous production of the electronic productions would impose no additional burden on the Counterparties.

## CONCLUSION

For the reasons set forth above and in the Motion which Mr. Halligan hereby joins, Mr. Halligan respectfully requests that the Court issue the subpoenas appended to the Motion and require the covered documents to be produced before trial, with an electronic copy provided simultaneously to Mr. Halligan's counsel.

Dated:   New York, New York
         August 10, 2023

Respectfully Submitted,

FRIEDMAN KAPLAN SEILER
 ADELMAN & ROBBINS LLP


s/ Mary E. Mulligan
Mary E. Mulligan (mmulligan@fklaw.com)
Timothy M. Haggerty (thaggerty@fklaw.com)
Bonnie M. Baker (bbaker@fklaw.com)
Anil Vassanji (avassanji@fklaw.com)
Rupita Chakraborty (rchakraborty@fklaw.com)
7 Times Square
New York, New York  10036-6516
(212) 833-1100

*Attorneys for Patrick Halligan*

4