UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

UNITED STATES OF AMERICA          :

   - v. -                                               :

                                     22 Cr. 240 (AKH)

SUNG KOOK (BILL) HWANG and       :
PATRICK HALLIGAN,
                                     :

   Defendants.
                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

# THE GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS

                                                DAMIAN WILLIAMS
                                                United States Attorney for the
                                                Southern District of New York

Matthew Podolsky
Alexandra Rothman
Samuel P. Rothschild
Andrew Thomas
Assistant United States Attorneys
  *-Of Counsel-*

The Government respectfully requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors. The Court is requested to pursue more detailed questioning at the sidebar or in the robing room if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the prospective juror in favor of or against either the Government or the defendants.

## Statement of the Case

1.  This is a criminal case against Sung Kook (Bill) Hwang and Patrick Halligan, the defendants. Mr. Hwang and Mr. Halligan have been charged with committing federal crimes in an Indictment returned by a grand jury sitting in this District. The Indictment is not evidence. It simply contains the charges that the Government is required to prove to the satisfaction of the trial jury beyond a reasonable doubt. You will hear more about these charges in the coming days, but let me provide you with a brief summary of the allegations in this case to help determine whether there is anything about the case that may make it difficult or inappropriate for you to serve on the jury.

2.  The charges in the Indictment involve allegations that the defendants engaged in racketeering, market manipulation, and fraud offenses as executives of Archegos Capital Management, an investment fund in New York. The Indictment alleges that the defendants engaged in a scheme that involved manipulative trading in the marketplace and using false and misleading statements to defraud investment banks and brokerages doing business with Archegos. The Indictment further alleges that the trading scheme was aimed to manipulate, control, and artificially affect the market for several securities in Archegos's portfolio, including ViacomCBS

(VIAC), Discovery Communications, Inc. – Share Class A (DISCA), Discovery Communications, Inc. – Share Class K (DISCK), GSX Techedu Inc. (GSX), iQIYI, Inc. (IQ), Tencent Music Group (TME), Vipshop Holdings Ltd (VIPS), Baidu (BIDU), Farfetch (FTCH), Texas Capital Bancshares Inc. (TCBI), Futu Holdings (FUTU), and Rocket Companies, Inc. (RKT).

       3.       There are eleven separate charges, or "counts," contained in the Indictment.

       4.       Count One charges the defendants with conspiring, that is, agreeing with each other and with others, to violate the federal racketeering statute. Specifically, Count One charges that, from 2020 through March 2021, the defendants agreed with others to participate in the affairs of an organized criminal enterprise named in the Indictment as Archegos Capital Management, or the Archegos Enterprise, and that they and other members of the enterprise agreed to commit various crimes, including fraud in the sale of securities and wire fraud.

       5.       Count Two charges Mr. Hwang with securities fraud in connection with the purchase or sale of securities. Specifically, Count Two alleges that from 2020 through March 2021, Mr. Hwang engaged in a scheme to secretly amass market power in numerous securities traded on United States securities exchanges and use that market power through manipulative and abusive trading practices for the purpose of fraudulently altering the prices of those securities.

       6.       Counts Three through Nine charge Mr. Hwang with market manipulation with respect to certain securities. Specifically, Counts Three through Nine allege that from 2020 through March 2021, Mr. Hwang engaged in a series of transactions in securities and securities-based swaps relating to certain tickers in order to raise or depress the price of and induce others to purchase those securities. Count Three charges Mr. Hwang with market manipulation with

respect to ViacomCBS (VIAC). Count Four charges Mr. Hwang with market manipulation with respect to Discovery Communications, Inc., Share Class A (DISCA). Count Five charges Mr. Hwang with market manipulation with respect to Discovery Communications, Inc., Share Class K (DISCK). Count Six charges Mr. Hwang with market manipulation with respect to GSX Techedu, Inc. (GSX). Count Seven charges Mr. Hwang with market manipulation with respect to iQIYI Inc. (IQ). Count Eight charges Mr. Hwang with market manipulation with respect to Tencent Music Group (TME). Count Nine charges Mr. Hwang with market manipulation with respect to Vipshop Holdings Ltd. (VIPS).

7. Count Ten charges Mr. Hwang and Mr. Halligan with securities fraud in connection with the purchase and sale of securities. Specifically, Count Ten charges that from 2020 through March 2021, Mr. Hwang and Mr. Halligan engaged in a scheme to defraud Archegos's counterparties through false and misleading statements regarding Archegos's business, portfolio, and assets.

8. Count Eleven charges Mr. Hwang and Mr. Halligan with wire fraud. Specifically, Count Eleven charges that from 2020 through March 2021, Mr. Hwang and Mr. Halligan engaged in a scheme to defraud Archegos's trading counterparties by making false and misleading statements regarding Archegos's business, portfolio, and assets, including through interstate wires.[1]

9. The defendants deny the charges and have entered pleas of not guilty.

---

[1] The Government no longer intends to proceed on a "right to control" theory following the Supreme Court's decision in *Ciminelli v. United States*, 598 U.S. 306 (2022), and instead plans to seek a superseding indictment that removes the limited "right to control" language from the "to wit" clause of Count Eleven.

3

**Nature of the Case**

10.     Does any juror have any personal knowledge of the charges in the Indictment as I have described them? Has any juror read or heard anything about this case? If so, is there anything such a juror has read or heard that would cause him or her to feel that he or she cannot consider this case fairly and impartially?

11.     As I mentioned, the charges in this case involve an alleged racketeering enterprise named in the Indictment as the Archegos Enterprise. Does the fact that the charges involve an alleged organized criminal enterprise make it difficult for any juror to render a fair verdict? Does any juror feel that he or she could not fairly or impartially decide a case involving such charges?

12.     Let me now ask you a few questions relating to the Government's regulation of the securities industry:

13.     Do any of you believe that the securities industry should not be regulated by the Federal Government?

14.     Does the fact that the charges involve the securities industry or fraud alleged to have been committed in connection with the securities industry make it difficult for any of you to render a fair verdict?

15.     Do you follow news about fraud, market manipulation, or alleged misconduct by individuals in the securities or finance industry? If so, will anything that you have read or seen affect your ability to be fair and impartial in this case?

**Knowledge of the Trial Participants**

16.     Do any of you know, or have you had any dealings, directly or indirectly, with the defendants, or with any of their relatives, friends, or associates?

17. To your knowledge, do any of your relatives, friends, associates, or employers know the defendants?

18. Mr. Hwang is represented by Barry Berke, Dani James, and Jordan Estes of the law firm Kramer Levin Naftalis and Frankel LLP. [*Please ask counsel to stand.*] Do any of you know these attorneys? Have you or your family members or close friends had any dealings either directly or indirectly with any of these lawyers or law firms?

19. Mr. Halligan is represented by Mary Mulligan and Timothy Haggerty of the law firm Friedman Kaplan Seiler & Adelman LLP. [*Please ask counsel to stand.*] Do any of you know these attorneys? Have you or your family members or close friends had any dealings either directly or indirectly with any of these lawyers or law firms?

20. The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, who is Damian Williams. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Matthew Podolsky, Alexandra Rothman, Samuel P. Rothschild, and Andrew Thomas. [*Please ask the Government attorneys to stand*.] Do any of you know Mr. Podolsky, Ms. Rothman, Mr. Rothschild, or Mr. Thomas? Have you or your family members or close friends had any dealings either directly or indirectly with them? The Government attorneys will also be assisted in this case by Special Agents Michael Preis and Conor O'Shea of the Federal Bureau of Investigations (the "FBI"), and Madeline Sonderby and Anna Gamboa, paralegal specialists in the United States Attorney's Office. [*Please ask Special Agents Preis and O'Shea and Ms. Sonderby and Ms. Gamboa to stand*.] Have you or your family members or close friends had any dealings either directly or indirectly with Special Agents Preis and O'Shea or Ms. Sonderby or Ms. Gamboa?

**Names and Places**

21. I will now read a list of names of individuals and businesses whose names may be mentioned during the trial, or who may be witnesses in this case [*To be provided in advance of trial*]:

22. Are any of you familiar with any of those people? Are any of you familiar with any of those places? As to the companies I mentioned, have any of you had any dealings with those companies apart from being a customer of those companies?

**Questions Specific to the Case; Relationship with Government and Others**

23. Have any of you, or your family members or close friends, ever worked in the securities industry?

24. Have you or anyone close to you ever been employed by an investment bank, or by another financial institution that traded securities?

25. Have any of you, or your family members or close friends, ever worked for the United States Securities and Exchange Commission (the "SEC"), the Financial Industry Regulatory Authority ("FINRA"), or another financial regulatory body?

26. Do any of you know, or have any association—professional, business, or social, direct, or indirect—with, any member of the staff of the United States Attorney's Office for the Southern District of New York or the FBI?

27. Are you, or is any member of your family or a close friend, employed by any law enforcement agency, whether federal, state, or local?

28. Have you, or any member of your family or a close friend, ever been employed by any law enforcement agency?

29. Have you, either through any experience you have had or anything you have seen or read, developed any bias, prejudice, or other feelings for or against the United States Attorney's Office? For or against the FBI? For or against any other law enforcement agency? For or against the SEC? For or against FINRA?

30. This case involves allegations of racketeering, market manipulation, and fraud in connection with the purchase and sale of securities on the stock market. This is not a civil proceeding. Is there anything about this type of case—that is, a criminal racketeering, market manipulation, and fraud case—that would make you hesitate to sit on this jury?

31. The evidence at this trial may touch on religion or religious beliefs. Is there anything about that type of evidence that would make you hesitate to sit on this jury?

32. Have you, or has any member of your family or a close friend, either as an individual or in the course of business, ever been a party to any legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States, including the SEC, or with FINRA?

33. Have you or any member of your family or any close friend ever had any education or training, applied or worked for, or volunteered in, any area of criminal defense, such as a public defender office, a law office, or a private investigation firm? If yes, please describe the training, job, and the type of office and, if other than yourself, state the person's relationship to you.

## Prior Experience with the Court System

34. Are you, or any of your family members or close friends, attorneys or employees of a law firm?

35. For the next series of questions, the terms "governmental agency" and "licensing authority" should be understood to include, among all other governmental agencies and licensing authorities, the SEC, FINRA, the New York Stock Exchange ("NYSE"), and the National Association of Securities Dealers Automated Quotations ("NASDAQ").

36. Have you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a governmental agency, or licensing authority?

37. Have you, or any of your relatives or close friends, ever been questioned in any matter by a federal, state, or local law enforcement agency?

38. Have you, or any of your relatives or close friends, ever been a witness or a complainant in any federal, state, or local prosecution?

39. Are you, or any of your relatives or close friends, now under subpoena or, to your knowledge, about to be subpoenaed, in any criminal case?

40. Have you, or have any of your relatives, associates, or close friends, ever been charged with a crime? What crime? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench, into the circumstances of the charges.*]

41. Have you, or have any of your relatives, associates, or close friends, ever been the subject of any investigation or accusation by any federal or state grand jury, or by any other governmental agency? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench, into the circumstances of the investigation.*]

42. Have you, or any of your relatives or close friends, ever been a victim of a crime? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench, into the circumstances of each crime.*]

43. Have you, or any of your relatives or close friends, had any experience with law enforcement that you think may affect your ability to render a fair verdict? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench, into the circumstances of each incident and that prospective juror's reaction to how he or she was treated by the law enforcement agents*.]

### Prior Jury Service

44. Have you ever, at any time, served as a member of a grand jury, whether in federal, state, county, or city court? If so, when and where did you serve?

45. Have you ever served as a juror in any court? If so, when, and in what court did you serve, and was it a civil or criminal case? What was the nature of the case? Without saying what the verdict was, did the jury reach a verdict?

### Law Enforcement Witnesses

46. The Government witnesses in this case will include law enforcement officers—specifically, agents from the FBI. Would any of you be more likely to believe a witness merely because he or she is a member of a law enforcement agency? Would any of you be less likely to believe a witness merely because he or she is member of a law enforcement agency?

47. Does anyone have any personal feelings or experiences concerning law enforcement witnesses, or FBI agents in particular, that would in any way affect their ability to be fair and impartial in this case?

### Expert Witnesses

48. You also may hear testimony from expert witnesses. Have any of you had any experiences with experts, or do you have any general feelings about the use of experts, that would make it difficult for you to render a wholly fair and impartial verdict?

9

**Investigative Techniques**

49.     Does anyone have any expectations about the types of evidence that the Government will present in this criminal trial, or in a criminal trial more generally?

50.     Would any of you be unable to follow the Court's instructions that the Government is not required to use any particular technique in order to investigate evidence of a crime?

51.     Some of the evidence in this trial was obtained through searches conducted by law enforcement officers, pursuant to search warrants signed by judges. I instruct you that these searches did not violate the law or the defendant's rights. It is proper for this evidence to be introduced at trial for your consideration. Do any of you have any feelings or opinions about the use of evidence obtained in law enforcement searches that could affect your ability to be fair in this case?

**Other Witnesses**

52.     You may hear testimony in this case from one or more cooperating witnesses, that is, witnesses who at one time were involved in illegal activity, but who have now pleaded guilty to crimes and are testifying in the hope of receiving a lower sentence. I instruct you that the use of cooperating witnesses is perfectly legal and is often a necessary law enforcement tool. I also instruct you that just because a person has admitted to committing crimes does not mean that they are incapable of providing a truthful version of what happened. The question is not whether you end up liking or disliking the cooperating witness or the crimes that person has committed.  The question with respect to a cooperating witness is the same as it is for any other witness: whether you think he is telling the truth. Do any of you have any feelings about the use of cooperating witnesses that would make it difficult for you to follow my instructions in this regard and render a

fair and impartial verdict if you heard testimony from a cooperating witness? Would you have any bias for or against the Government because of evidence obtained in this manner?

53. You may hear testimony in this case from witnesses who are testifying pursuant to a non-prosecution agreement with Government. I will instruct you that the use of such a witness is perfectly legal and is often a necessary law enforcement tool. I will also instruct you that it is no concern of yours why the Government has chosen to offer certain witnesses non-prosecution agreements, and you are not to speculate about the reasons. Do any of you have any experience with or feelings about the use of witnesses who are testifying under agreements with the Government generally, or the use of evidence or information obtained from these types of witnesses, which would make it difficult for you to render a fair and impartial verdict? Would you have any bias for or against the Government because of evidence obtained in this manner?

### Persons Not on Trial

54. You may hear evidence that other individuals, in addition to the defendants, were involved in the alleged crimes. Those other individuals are not on trial here. You may not draw any inference, favorable or unfavorable, towards the Government or the defendants on trial from that fact. You also may not speculate as to the reason why other persons are not on trial in this case. Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

### Other Questions

55. Do any of you have problems with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

56. Are any of you taking any medication, or do any of you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

57.     Do any of you have any difficulty reading or understanding English in any degree?

58.     Do any of you have any religious, philosophical, or other beliefs that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

### **Function of the Court and Jury**

59.     The function of the jury is to decide questions of fact. You are the sole judge of the facts, and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive factfinder. When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions. You may not substitute your own notions of what the law is, or what you think it should be. At the conclusion of the case, your job will be to determine whether the defendants are guilty as charged in the indictment. Do any of you have any bias or prejudice or belief that might prevent you from accepting the instructions of law that I will give you in this case?

60.     Will each of you accept the proposition that the question of punishment is for the Court alone to decide, and that the possible punishment must not enter into your deliberations as to whether the defendants are guilty?

61.     Will each of you accept the proposition of law that sympathy or empathy must not enter into the deliberations of the jurors as to whether the defendants are guilty on each count, and that only the evidence produced here in court may be used by you to answer the question of guilt on each count?

62.     It is not a particularly pleasant duty to find another individual guilty of committing a crime. Do any of you feel that even if the evidence established the defendants' guilt beyond a reasonable doubt, you might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

**Other Biases**

63.     In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, do any of you have the slightest doubt in your mind, for any reason whatsoever, that you will be able to serve conscientiously, fairly, and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, bias, or prejudice—and according to the law as it will be explained to you?

**Juror's Background**

64.     The Government respectfully requests that the Court ask each juror to state the following information:

      a.     the juror's age;

      b.     the area in which the juror resides, and any other areas in which the juror has resided during the last 10 years;

      c.     the members of the juror's household;

      d.     the juror's educational background, including the highest degree obtained;

      e.     the juror's occupation;

      f.     the name and location of the juror's employer;

      g.     the same information concerning any other employment within the last 10 years;

      h.     the same information with respect to the juror's spouse and any working children;

      i.     whether the juror has served in the military;

      j.     the names of any clubs or associations of which the juror is a member;

      k.     the names of any publications, print or online (including blogs), to which the juror subscribes and/or contributes;

      l.     which newspapers and magazines the juror regularly reads;

  m.  which television programs the juror regularly watches; and

  n.  the juror's hobbies and leisure-time activities and organizations.

### Requested Instruction Following Impaneling of the Jury

65. From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case. The rule about not discussing the case with others includes discussions even with members of your own family and your friends.

66. If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk. In this regard, let me explain to you that the attorneys and the defendants in a case are not supposed to talk to jurors, not even to offer a friendly greeting. So if you happen to see any of them outside this courtroom, they will, and should, ignore you. Please do not take offense. They will be acting properly by doing so.

Dated: New York, New York
    January 16, 2024

              Respectfully submitted,

              DAMIAN WILLIAMS
              United States Attorney for the
              Southern District of New York

  By: */s/ Alexandra Rothman*
              Matthew Podolsky
              Alexandra Rothman
              Samuel P. Rothschild
              Andrew Thomas
              Assistant United States Attorneys
              (212) 637-1947 / 2580 / 2504 / 2106