

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 18, 2024

**VIA ECF**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *United States v. Sung Kook (Bill) Hwang, et al.*, 22 Cr. 240 (AKH)

Dear Judge Hellerstein:

  The Government respectfully writes to advise the Court and the parties that a grand jury has returned a superseding indictment in this matter, which principally revises and clarifies the "to wit" clause of Count Eleven to remove reference to any "right to control," and to request that time be excluded under the Speedy Trial Act until the trial date of February 27, 2024, or any revised trial date that the Court sets.

  A grand jury today returned Indictment S1 22 Cr. 240 (AKH) ("the Superseding Indictment"), which is enclosed for the Court's convenience. The Superseding Indictment does not add or subtract Counts, it does not add any additional defendants, and it does not allege any new or different facts. The Superseding Indictment revises and clarifies certain language in Count Eleven, which charges the defendants with wire fraud, and in the forfeiture notice provision. The same Rule 16 discovery already produced in the case supports the Superseding Indictment, which will not require the production of any new Rule 16 discovery material.

  The revisions to the original Indictment contained in the Superseding Indictment are, in sum:

- The word "willfully" has been removed from Count Eleven, in order to conform to the correct elements of the charge. *See, e.g.*, *United States v. Novis*, No. 20 Cr. 335 (JMA), 2023 WL 4746541, at *22 (E.D.N.Y. July 24, 2023) ("no instruction should have been given on willfulness because willfulness is not an element of mail or wire fraud").

- The "to wit" clause of Count Eleven has been revised to remove reference to the counterparties' "rights-to-control their assets."

- Certain, non-substantive edits and formatting changes have been made, such as the correction of typographical or syntactical errors.

- The wording of the forfeiture notice provision has been amended to describe the forfeitability of, among other things, the defendants' interests in "the enterprise named and described herein" and "a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense."

For the Court's convenience, the Government encloses a blackline reflecting each change between the original Indictment and the Superseding Indictment.

In light of the Superseding Indictment's change to the "to wit" clause of Count Eleven, the defendants' renewed motion to dismiss Count Eleven (ECF Doc. 124) should be denied as moot. The defendants argue that the U.S. Supreme Court's decision in *Ciminelli v. United States*, 598 U.S. 306, 309 (2023), invalidates Count Eleven because, in the defendants' view, the original Count Eleven was "expressly and solely" premised on a right-to-control theory that *Ciminelli* has since rejected. *See* ECF Doc. 124 at 2. The defendants are wrong about the original Count Eleven. *See* ECF Doc. 53 at 55 & n.11 (Government Opposition to Motion to Dismiss discussing *Ciminelli*). But now the language in the original Count Eleven is irrelevant: Count Eleven now contains no "right to control" language, uses only traditional wire fraud language, and therefore makes plain that the Superseding Indictment charges the defendants on a traditional wire fraud theory. Moreover, the Government is not requesting that the trial jury be charged on a right to control theory for Count Eleven, so there is no prospect of the jury convicting the defendants of Count Eleven on any basis other than a traditional wire fraud theory. Accordingly, the defendants' motion to dismiss the original Count Eleven based on *Ciminelli* should be denied as moot.

Finally, the Government respectfully requests that time be excluded from today until February 27, 2024, or any revised trial date that the Court sets, under the Speedy Trial Act, in the interests of justice and particularly to allow the parties sufficient time to prepare for trial. The Government has contacted defense counsel to seek their position with respect to exclusion of time from calculation under the Speedy Trial Act, and as to whether to defer arraignment on the Superseding Indictment until the next pretrial conference.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: s/
Matthew Podolsky
Alexandra Rothman
Samuel P. Rothschild
Andrew Thomas
Assistant United States Attorneys
Tel.: (212) 637-1947/-2580/-2504/-2106

Cc: Counsel of Record (via ECF)