# Exhibit C1



**MARY E. MULLIGAN**
mmulligan@fklaw.com
212.833.1123

December 19, 2023

BY E-MAIL

AUSA Matthew Podolsky
AUSA Alexandra Rothman
AUSA Samuel P. Rothschild
AUSA Andrew Thomas
U.S. Attorney's Office for the SDNY
One St. Andrews Plaza
New York, NY 10007

      Re:    <u>United States v. Hwang et ano.</u>, No. 22-cr-240 (AKH)

Dear Counsel:

      On behalf of our client Patrick Halligan, we write regarding deficiencies in Paragraph 6 of the government's December 12, 2023, letter to defense counsel (the "404(b) Letter" or "Ltr.").[1]

      Paragraph 6 of the 404(b) Letter states that the government intends to offer evidence that "Halligan repeatedly and deliberately misled counterparties with respect to certain information about Archegos's portfolio and, at times, intentionally withheld information about the portfolio's performance." Ltr. at 5. The government describes its supposed proof as "witness testimony, contemporaneous emails, and notes by counterparties of representations made by Archegos regarding its compliance program and regulatory history." *Id.* at 6.

      Rule 404(b)(3) requires the government to provide "reasonable notice" of the evidence it "intends to offer at trial, so that the defendant has a fair opportunity to meet it," and to "articulate in the notice the permitted purpose" of the evidence "and the reasoning that supports the purpose." Accordingly, courts in this Circuit require the government to specifically identify Rule 404(b) material and "explain in detail the purposes for which the evidence is sought to be admitted." *U.S. v. Levy*, 731 F.2d 997, 1002 (2d Cir. 1984). Paragraph 6 of the 404(b) Letter does none of this.

      *First,* the government's generic recital of the evidence it intends to offer falls far short of the "reasonable notice" that Rule 404(b)(3)(A) requires. With respect to the contention that "Halligan would repeatedly understate the relative size of Archegos's largest position to its counterparties," Ltr. at 5, the government fails to identify the counterparties to whom Mr. Halligan allegedly made these statements, the dates he made them, or even the

---

[1] While this letter is addressed to the insufficiency of Paragraph 6, Mr. Halligan does not concede the sufficiency of the 404(b) Letter in any regard.

AUSA Matthew D. Podolsky *et al.*         - 2 -                    December 19, 2023

date range in which they supposedly occurred. Similarly, with respect to the government's contention that "Halligan at times would purposefully withhold information from counterparties regarding Archegos's monthly performance and assets under management," *id.* at 6, the 404(b) Letter again offers no meaningful disclosure about when this conduct occurred, who was involved (i.e., which counterparties), or what the conduct entails (i.e., how, why, and to what extent any information was allegedly withheld). Given that the Court previously directed the government to identify "each and all [of] the alleged misrepresentations, by persons who made it, by their nature, persons who received it, date, time, [and] place[,]" ECF 29 (June 1, 2022 Tr. at 16:24-17:1), the government should, at a minimum, now disclose the same the level of detail about the conduct encompassed in Paragraph 6.

*Second*, Paragraph 6 does not sufficiently articulate both the "permitted purpose" for the intended evidence *and* "the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). The 404(b) Letter offers only a rote description of the purposes for which the nine enumerated categories of evidence will be offered. Ltr. at 1-2. Neither the purposes nor the reasoning is differentiated among nine categories of evidence, and thus we cannot determine which of the purposes, and what specific reasoning, the government contends are applicable to Paragraph 6.

In both of the foregoing regards, Paragraph 6's vague disclosures make it impossible for Mr. Halligan to prepare a defense to the 404(b) evidence. *See U.S. v. Townsend,* No. S1 06 CR 34 (JFK), 2007 WL 1288597, at *6 (S.D.N.Y. May 1, 2007) (holding that the government's proffer of Rule 404(b) evidence was "far too vague to allow the Court to determine whether the evidence is admissible under Rule 404(b)" where the government failed, among other things*,* to specify when other narcotics transactions occurred, where they occurred, and who apart from the defendant participated in them).

Indeed, the inadequacy of these disclosures is only highlighted by the government's description of the form of proof it intends offer, which includes unspecified "notes" by unidentified counterparties of unspecified representations made by unidentified Archegos agents "regarding its compliance program and regulatory history." Ltr. at 6. Since the alleged conduct appears to involve unspecified statements to unspecified banks about Archegos's portfolio, statements about the family office's "compliance program and regulatory history" have no apparent bearing on the conduct at issue. That the government's ostensible "proof" is a seeming non-sequitur underscores why and how Paragraph 6 fails to provide Mr. Halligan "a fair opportunity to meet" the evidence that the government intends to offer at trial.[2]

---

[2] It would be no answer for the government to claim that evidence of the conduct at issue may be found in the voluminous discovery produced in this case. Simply referring Mr. Halligan to that mountain of discovery – now more than ten million pages – is not "reasonable notice" sufficient to enable the defense adequately to prepare for trial. *See U.S. v. Soliman*, No. 06 CR 236A, 2008 WL 4490623, at *8 (W.D.N.Y. Sept. 30, 2008) ("Given the volume of documents in this case . . . [t]he Government should specifically identify the documents responsive to Rule 404(b) disclosure.").

AUSA Matthew D. Podolsky *et al.* - 3 - December 19, 2023

   For all of the foregoing reasons, we request that the government promptly supplement Paragraph 6 of the 404(b) Letter by specifically identifying: (i) each instance in which Mr. Halligan allegedly "misled counterparties with respect to certain information about Archegos's portfolio" (including, without limitation, the date of the statement, the individual and counterparty to whom it was made, its content, and the Bates number of any document(s) evidencing such statement); (ii) each instance in which Mr. Halligan "intentionally withheld information about the portfolio's performance" and/or "monthly performance and assets under management" (including, without limitation, the date the information was withheld, what information was withheld, the individual and counterparty at issue, and the Bates number of any document(s) evidencing such matters); and (iii) the specific permitted purpose for which the government intends to offer the evidence described in Paragraph 6 and the reasoning that supports that purpose.

   We look forward to the government's response. If you would like to discuss these matters, please let us know.

   Mr. Halligan reserves and does not waive his rights as to these and all other matters.

          Sincerely,

          *Mary Mulligan*

          Mary E. Mulligan

cc: Barry H. Berke
   Dani R. James
   Jordan Estes