# Exhibit C2



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

March 20, 2024

**VIA EMAIL**

Mary E. Mulligan, Esq.
Timothy Haggerty, Esq.
Friedman Kaplan Seiler & Adelman LLP
7 Times Square
New York, NY 10036

      Re:    *United States v. Sung Kook (Bill) Hwang, et al.*,
             **S1 22 Cr. 240 (AKH)**

Dear Counsel:

      The Government writes in response to your letter, dated December 19, 2023 (the "December 19 Letter"), identifying purported deficiencies in the Government's letter, dated December 12, 2023, which provided notice of certain evidence the Government may present at trial as direct evidence or pursuant to Rule 404(b) of the Federal Rules of Evidence, and requesting additional detail regarding this evidence. Consistent with Federal Rule of Evidence 404(b)(3), the Government letter provided "reasonable notice" of evidence that the Government may offer pursuant to Rule 404(b) and "articulate[d] . . . the permitted purpose" for which the evidence may be offered, and the defense is not entitled to additional detail or a preview of the Government's case-in-chief. Nonetheless, as a courtesy, and in order to assist in your preparation for trial, the Government directs you below to certain materials that have been produced in discovery that may be relevant to your consideration of these matters.

      As an initial matter, your suggestion that Rule 404(b) or "courts in this Circuit require the government to specifically identify Rule 404(b) material" to the defense or to provide particulars in advance of trial (Dec. 19 Letter 1-3) is not consistent with the Rule or the law of this Circuit. As is clear from the text of the Rule, and as courts have recognized, "reasonable notice" is all that is required, Fed. R. Evid. 404(b)(3)(A), and "[n]o specific form or particularity of the notice is required," *United States v. Lekhtman*, No. 08 Cr. 508 (DLI), 2010 WL 317871, at *2 (E.D.N.Y. Jan. 21, 2010); *see also, e.g.*, *United States v. Martoma*, No. 12 Cr. 973 (PGG), 2014 WL 31213, at *3 (S.D.N.Y. Jan. 6, 2014) ("The rule does not require the Government to provide 'complete' information about the Rule 404(b) evidence it wishes to introduce."). Notably, the cases on which you rely—*United States v. Levy*, 731 F.2d 997, 1002 (2d Cir. 1984), and *United States v. Townsend*, No. 06 Cr. 34 (JFK), 2007 WL 1288597, at *6 (S.D.N.Y. May 1, 2007)—concern the admissibility of evidence under Rule 404(b)(2), and not the notice requirement contained in Rule 404(b)(3). With respect to your insistence that the Court previously "directed the Government" to provide specifics regarding misrepresentations—as we have previously made clear in correspondence and before the Court itself (*see* Letter from Gov't to Counsel (Aug. 16, 2022) at 4); Letter from Gov't to Hon. Alvin K. Hellerstein and Counsel (Aug. 18, 2022) (Dkt. No. 38) at

1-2; Letter from Gov't to Counsel (Dec. 2, 2022) at 1-2; Gov't Opp'n (Dkt. No. 53) at 61-62))—the Court issued no such order or directive. Indeed, the Court denied your motion for a bill of particulars. (*See* Order, Mar. 23, 2023 (Dkt. No. 66) at 3). In short, the Government's December 12 letter provides more than reasonable notice, in writing, of evidence that the Government may seek to offer at trial pursuant to Rule 404(b) and the permitted purposes for which the Government may offer that evidence.

Nonetheless, as a courtesy, and in order to assist in your preparation for trial, the Government refers you to the following materials, which have been produced in discovery and may assist in your preparation: 3501-001 at 3-9; 3501-021 at 3; 3501-044 at 3; 3501-045 at 1; GX 119. In addition to providing direct evidence of, among other things, the formation, existence, and purpose of, as well as background to, the racketeering enterprise charged in Count One and of Patrick Halligan's willfulness and knowledge with respect to the charged offenses, these materials and the conduct described in the Government's December 12, 2023 letter demonstrate, among other things, Halligan's motivation with respect to the continued provision of false and misleading information to counterparties during the charged period; Halligan's opportunity, intention, preparation, and planning to provide or encourage the provision by others of false and misleading information to counterparties; and Halligan's knowledge, and relatedly his lack of mistake or accident, of the provision of false and misleading information to counterparties.

Sincerely,

DAMIAN WILLIAMS
United States Attorney

By: _s/_
Matthew Podolsky
Alexandra Rothman
Samuel P. Rothschild
Andrew Thomas
Assistant United States Attorneys
Tel.: (212) 637-1947/-2580/-2504/-2106

Cc: (via email)

Barry Berke, Esq.
Dani James, Esq.
Jordan Estes, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036