# Exhibit R



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

| | | | |
|---|---|---|---|
| Christopher J. Kelly<br>Assistant United States Attorney | 970 Broad Street, Suite 700<br>Newark, New Jersey 07102 | Phone:<br>Fax. | 973-645-6112<br>973-297-2045 |

August 27, 2012

**Via First Class Mail**
Lawrence S. Lustberg, Esq.
Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310

              Re:    Tiger Asia Management, LLC

Dear Mr. Lustberg:

       This letter sets forth the plea agreement between your client, Tiger Asia Management, LLC ("Tiger Asia") and the United States Attorney for the District of New Jersey ("this Office").

Charge

       Conditioned on the understandings specified below, this Office will accept a guilty plea from Tiger Asia to a one-count Information that charges it with wire fraud in violation of Title 18, United States Code, Section 1343. If Tiger Asia enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Tiger Asia, any officers, employees or affiliates thereof, relating to Tiger Asia's participation in December 2008 and January 2009 in offerings of stock in China Construction Bank Corporation ("CCB") and Bank of China Limited ("BOC"). However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Tiger Asia agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Tiger Asia may be commenced against it, notwithstanding the expiration of the limitations period after Tiger Asia signs the agreement.

Sentencing

       The violation of 18 U.S.C. § 1343 to which Tiger Asia agrees to plead guilty carries a statutory maximum fine equal to the greatest of: (1) $500,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

GOVERNMENT
EXHIBIT
2703
22 Cr. 240 (AKH)

SDNY_002_00000336

The sentence to be imposed upon Tiger Asia is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of probation and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Tiger Asia ultimately will receive.

Further, in addition to imposing any other penalty on Tiger Asia, the sentencing judge: (1) will order Tiger Asia to pay an assessment of $400 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Tiger Asia to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq. and U.S. Sentencing Guideline 8B1.1; (3) may order Tiger Asia, pursuant to 18 U.S.C. § 3555, to give notice to any victims of its offense; and (4) pursuant to 18 U.S.C. § 3561, may require Tiger Asia to serve a term of probation of not less than one (1) year, but not more than five (5) years.

Forfeiture

Tiger Asia agrees that as part of its acceptance of responsibility and pursuant to 18 U.S.C. § 982, Tiger Asia will consent to the entry of a forfeiture money judgment in the amount of $16,257,918 in United States currency (the "Forfeiture Money Judgment"). Tiger Asia acknowledges that the Forfeiture Money Judgment is subject to forfeiture as property constituting, or derived from, proceeds obtained directly or indirectly, from a violation of 18 U.S.C. §1343, and/or constitutes a substitute asset pursuant to 21 U.S.C. § 853.

Payment of the Forfeiture Money Judgment shall be made by certified or bank check, with the criminal docket number noted on the face of the check, payable to the United States Marshals Service. On or before the date Tiger Asia enters a plea of guilty pursuant to this agreement, Tiger Asia shall cause said check to be hand-delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

Tiger Asia agrees to waive all interest in the Forfeiture Money Judgment in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Tiger Asia agrees to consent to the immediate entry of orders of forfeiture for the Forfeiture Money Judgment and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Tiger Asia understands that the forfeiture of the Forfeiture Money Judgment is part of the sentence that may be imposed in this case and waives any failure by the court to advise Tiger Asia of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

SDNY_002_00000337

Tiger Asia hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Tiger Asia by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Tiger Asia's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Tiger Asia agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Tiger Asia from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Tiger Asia waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

SDNY_002_00000338

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Tiger Asia. This agreement does not prohibit the United States, any agency thereof (including but not limited to the Securities and Exchange Commission), or any third party from initiating or prosecuting any civil or administrative proceeding against Tiger Asia.

No Other Promises

This agreement constitutes the plea agreement between Tiger Asia and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Christopher J. Kelly
Assistant U.S. Attorney

APPROVED:

Judith H. Germano
Chief, Economic Crimes Unit

- 4 -

I have received this letter from my attorney, Lawrence S. Lustberg, Esq. I have read this letter. My attorney and I have discussed the letter and all of its provisions, including the provisions addressing the charge, sentencing, the stipulations, waiver, and forfeiture consequences. I understand the letter fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. In my capacity as General Manager of Tiger Asia, I am authorized to state, and do state, that Tiger Asia wants to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

Sung Kook Hwang, General Manager
for and on behalf of
Tiger Asia Management, LLC

Date: 11-7-2012

I have discussed with my client this letter and all of its provisions, including the provisions addressing the charge, sentencing, the stipulations, waiver, and forfeiture consequences. My client understands the letter fully and wants to plead guilty pursuant to this plea agreement.

Lawrence S. Lustberg, Esq.

Date: 11/7/2012

- 5 -

SDNY_002_00000340

Plea Agreement With Tiger Asia Management, LLC

Schedule A

1. This Office and Tiger Asia Management, LLC ("Tiger Asia") recognize that the United States Sentencing Guidelines ("U.S.S.G.") are not binding upon the Court. This Office and Tiger Asia nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Tiger Asia in accordance with those stipulations.

2. The version of the United States Sentencing Guidelines effective November 1, 2011 applies in this case. The applicable guideline is U.S.S.G. § 8A1.1. The parties agree that the Court should determine what, if any, sentence requirements should be imposed under U.S.S.G. § 8A1.2, including restitution, remedial orders, community service, and notice to victims.

3. The parties agree that Tiger Asia did not operate primarily for a criminal purpose or primarily by criminal means. See U.S.S.G. §§ 8A1.2(b)(1), 8C1.1.

4. The parties further agree that, in light of Tiger Asia's agreement to forfeit the proceeds of its criminal conduct and its pending agreement with the United States Securities and Exchange Commission to pay penalties and interest, the parties will jointly recommend that the Court waive the imposition of a fine.

5. Tiger Asia agrees that a term of probation of at least one year is necessary and reasonable. See U.S.S.G. § 8D1.1(a).

6. If the sentencing court accepts a stipulation set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.

- 6 -

SDNY_002_00000341