# Exhibit T

```
 1              UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
 2   ────────────────────────────────

 3   UNITED STATES OF AMERICA,            CRIMINAL NUMBER:

 4              v.                        2:12-cr-00808-SRC-1

 5   TIGER MANAGEMENT, LLC,               SENTENCE

 6            Defendant.                  Pages 1 - 31
     ────────────────────────────────
 7        Frank Lautenberg Post Office & U.S. Courthouse
          2 Federal Square
 8        Newark, New Jersey 07102
          Monday, December 12, 2012
 9
     B E F O R E:            THE HONORABLE STANLEY R. CHESLER
10                           UNITED STATES DISTRICT JUDGE

11   A P P E A R A N C E S:

12        OFFICE OF THE UNITED STATES ATTORNEY
          BY: CHRISTOPHER J. KELLY, ASST. UNITED STATES ATTORNEY
13            EVAN WHITE, ASST. UNITED STATES ATTORNEY
          970 Broad Street, Suite 700
14        Newark, New Jersey  07102
          For the Government
15
          GIBBONS PC
16        BY: LAWRENCE S. LUSTBERG, ESQUIRE
              THOMAS R. VALEN, ESQUIRE
17        One Gateway Center
          Newark, New Jersey 07102-5310
18        For the Defendant

19   A L S O   P R E S E N T:

20        SUNG KU WONG, Appearing for the Defendant
          LINDSAY GARLAND, FBI Special Agent
21

22                  Joanne L. Sekella
                  Official Court Reporter
23                  sekella@gmail.com
                    (908)310-1177
24   Proceedings recorded by mechanical stenography; transcript
             produced by computer-aided transcription.
25
```


GOVERNMENT
EXHIBIT
2701
22 Cr. 240 (AKH)

*United States District Court*
*District of New Jersey*

SDNY_P015_0000000001

```
 1              (PROCEEDINGS held in open court before The Honorable
 2   STANLEY R. CHESLER, United States District Judge, on December
 3   12, 2012).
 4              THE COURTROOM DEPUTY: United States of America vs.
 5   Tiger Asia Management, LLC.
 6              Please note your appearances for the record.
 7              MR. KELLY:  Good afternoon, Your Honor.
 8              Assistant U.S. Attorney Chris Kelly on behalf of the
 9   Government.  With me at counsel table is Evan White, Assistant
10   United States Attorney, and FBI Special Agent Lindsay Garland.
11              THE COURT:  Good afternoon.
12              MR. LUSTBERG:  Good afternoon, Judge.
13              Lawrence S. Lustberg and Thomas R. Valen on behalf of
14   the defendant, Tiger Asia Management, LLC.  Bill Wong, the
15   general partner of Tiger Asia Management, is present.
16              THE COURT:  And good afternoon to you.
17              All right.  I understand that Tiger Asia Management,
18   LLC, has agreed to plead guilty to a one-count information,
19   which the Government proposes to file in this matter.
20              Is that correct?
21              MR. LUSTBERG:  That's correct, Your Honor.
22              THE COURT:  All right.  And, sir, give me the name of
23   the --
24              MR. LUSTBERG:  Mr. Wong.
25              THE COURT:  Mr. Wong?
```

United States District Court
District of New Jersey

SDNY_P015_0000000002

```
 1            MR. LUSTBERG:  Yes.

 2            THE COURT:  Okay.  Mr. Wong, what's your position

 3    with Tiger Asia Management?

 4            THE DEFENDANT:  I'm a managing partner and CEO of

 5    that company.

 6            THE COURT:  Okay.  And you heard what Mr. Lustberg

 7    just said a few moments ago?

 8            THE DEFENDANT:  Yes, Your Honor.

 9            THE COURT:  Is that in fact what Tiger Asia

10    Management wishes to do in this case?

11            THE DEFENDANT:  Yes, Your Honor.

12            THE COURT:  Okay.  Now, before I can accept a guilty

13    plea in this matter, I have to satisfy myself that the

14    decision of the defendant to plead guilty is a knowing,

15    intelligent and voluntary one; that your company, through you,

16    know exactly what rights you're going to be giving up and what

17    the possible consequences of pleading guilty can be.

18            Since you are agreeing to plead guilty to an

19    information, I also have to make sure that you understand what

20    rights you're going to be giving up by pleading guilty to an

21    information, so I'm going to ask you some questions for the

22    next 15 or 20 minutes.

23            Please listen carefully.  If there's anything you

24    don't understand, tell me.  I'll try to make it clearer.  It's

25    important you understand exactly what the results of these
```

*United States District Court*
*District of New Jersey*

SDNY_P015_0000000003

1    proceedings can be.

2           All right, sir?

3           THE DEFENDANT:  Yes, sir.

4           THE COURT:  Okay.  At this point, I'm going to ask

5    Miss Trivino to please place Mr. Wong under oath.

6               SUNG KU WONG, DEFENDANT, DULY SWORN.

7           THE DEPUTY CLERK:  Please state your full name for

8    the record.

9           THE DEFENDANT:  Sung Ku Wong.  I go by Bill Wong

10   sometimes.

11          THE COURT:  Okay.  Mr. Wong, you're now under oath.

12   If you intentionally give a false answer to any of the

13   questions which I ask you, you may be prosecuted for perjury.

14          Do you understand that, sir?

15          THE DEFENDANT:  Yes, Your Honor.

16          THE COURT:  Okay.  Now, the one-count information

17   which the Government proposes to file in this case charges

18   Tiger Asia Management, LLC, with a violation of the wire fraud

19   statutes of the federal criminal code, in particular a

20   violation of Title 18 United States Code Section 19 --

21          MR. LUSTBERG:  1343, Judge.

22          THE COURT:  All right.  Title 18 U.S. Code Section

23   1343.

24          Now, the information in particular charges that from

25   in or about December of 2008 through in or about January of

*United States District Court*
*District of New Jersey*

SDNY_P015_0000000004

1  2009, in the District of New Jersey and elsewhere, the

2  defendant, Tiger Asia Management, LLC, did knowingly devise

3  and intend to devise a scheme and artifice to defraud and to

4  obtain money and property by means of materially false and

5  fraudulent pretenses, representations and promises.

6          It further alleges that the object of the scheme was

7  for the defendant, Tiger Asia Management, to agree to be

8  brought "over the wall" in order to receive confidential

9  material and nonpublic information regarding impending block

10 sales of stock and then improperly and unlawfully use that

11 information to engage in profitable securities trades.

12         And in reviewing the additional allegations in this

13 complaint, it appears that the gist of that activity was to

14 use that nonpublic information in order to then acquire -- in

15 order to then sell shares in particular stocks in short sales.

16         And by short-selling them in advance of the impending

17 block sale, to be able to sell those shares of stock at a

18 higher price and then to permit Tiger Asia Management to cover

19 those short sales by purchasing the shares of those same

20 stocks which they had sold at a lower price through the block

21 sale.

22         And am I essentially correct, counsel, in what I've

23 described as the scheme here?

24         MR. KELLY:  Yes, Your Honor.

25         MR. LUSTBERG:  Yes, Judge.

*United States District Court*
*District of New Jersey*

1          THE COURT:  Okay.  Now, it is further charged that in

2     furtherance of that scheme, Tiger Asia Management caused --

3     transmitted and intentionally caused to be transmitted by

4     means of wire communications and interstate and foreign

5     commerce certain writings, signs, signals, pictures and

6     sounds, to wit, a short sale of approximately 7,310,000 shares

7     of Bank of China stock, which cleared electronically through

8     Tiger Asia Fund, L.P.'s account at Morgan Stanley.

9          All right.  Now, do you understand the charges that

10    are presented in this case, sir?

11          THE DEFENDANT:  Yes, Your Honor.

12          THE COURT:  Okay.  Now, the maximum sentence which

13    can be imposed in this matter is, first of all, a special

14    assessment of $400;

15          Secondly, to pay restitution, which is to pay back

16    any money which was lost as a result of your conduct;

17          Three, to give notice to any victims of your conduct;

18    and

19          Four, to require the company to serve a term of

20    probation of not less than one year but not more than

21    five years.

22          In addition, under the plea agreement, Tiger Asia

23    Management, LLC, has agreed to forfeit to the United States an

24    amount -- the amount of $16,257,918 in U.S. currency.

25          Now, that is the possible -- those are the possible

*United States District Court*
*District of New Jersey*

SDNY_P015_0000000006

1    sentences that can be imposed in this case.

2         Do you understand that, sir?

3         THE DEFENDANT:  Yes, Your Honor.

4         THE COURT:  Okay.  Now, I mentioned that it's my

5    understanding that you wish to agree to have the Tiger Asia

6    Management plead guilty to an information.

7         Normally, a defendant, when facing charges in federal

8    court, has a right to have the matter presented to a federal

9    grand jury before there are any further proceedings and, in

10   particular, before a defendant is called upon to enter a

11   guilty plea or not guilty plea to criminal charges.

12        A grand jury consists of a group of between 16 and

13   23 citizens.  Their job is to hear evidence presented by the

14   U.S. Attorney and, after hearing the evidence presented by the

15   U.S. Attorney, to decide whether, based upon that evidence,

16   they have heard evidence which demonstrates probable cause to

17   believe that the defendants committed the crime that the

18   Government proposes to charge.

19        They hear the evidence and they vote.  If a majority

20   of the grand jurors find that there is indeed probable cause

21   to believe a defendant committed the crime that the Government

22   seeks to charge the defendant with, then they direct the U.S.

23   Attorney to file an indictment.

24        If a majority does not find that there's probable

25   cause, they direct the U.S. Attorney to dismiss all charges.

*United States District Court*
*District of New Jersey*

SDNY_P015_0000000007

```
 1              Under the federal system, no defendant can be brought
 2    to trial or be required to enter a guilty or not guilty plea
 3    to a serious federal charge unless a grand jury has in fact
 4    heard the evidence and returned an indictment.
 5              My understanding is that as a part of your plea
 6    agreement in this case, Tiger Asia Management has agreed to
 7    give up their right to have this matter presented to a grand
 8    jury and instead consented to have the U.S. Attorney file what
 9    I've referred to as an information.
10              An information is a charge which is signed only by
11    the United States Attorney.  It does not require any grand
12    jury consideration or action.
13              But if you agree to the filing of that information
14    and I accept it for filing, then that information will have
15    the same effect as if a grand jury had indicted Tiger Asia
16    Management on those charges and the case will proceed as if
17    they had been indicted.
18              Do you understand that, sir?
19              THE DEFENDANT:  Yes, sir, Your Honor.
20              THE COURT:  And have you discussed your decision and
21    Tiger Asia Management's decision to agree to waive indictment
22    with Mr. Lustberg?
23              THE DEFENDANT:  Yes, Your Honor.
24              THE COURT:  And I assume that he has recommended that
25    as a part of this overall plea agreement that Tiger Asia
```

*United States District Court*
*District of New Jersey*

SDNY_P015_0000000008

1      Management agree to waive indictment in this case.

2              Is that correct?

3              THE DEFENDANT:  Yes, Your Honor.

4              THE COURT:  Has he also explained why he made that

5      recommendation?

6              THE DEFENDANT:  Yes, Your Honor.

7              THE COURT:  Are you satisfied with the explanation

8      which he has given you and Tiger Asia Management?

9              THE DEFENDANT:  Yes, Your Honor.

10             THE COURT:  And based upon that, do you in fact agree

11     to waive indictment in this case?

12             THE DEFENDANT:  Yes, Your Honor.

13             THE COURT:  Okay.  You should have a waiver of

14     indictment form in front of you.

15             Do you have that there?

16             THE DEFENDANT:  Yes, Your Honor.

17             THE COURT:  And is that your signature as a

18     representative of Tiger Asia Management, LLC?

19             THE DEFENDANT:  Yes, Your Honor.

20             THE COURT:  Have you read that entire waiver form?

21             THE DEFENDANT:  Yes, Your Honor.

22             THE COURT:  Have you discussed it with Mr. Lustberg?

23             THE DEFENDANT:  Yes, Your Honor.

24             THE COURT:  And did you sign that in court earlier

25     today?

*United States District Court*
*District of New Jersey*

1          MR. LUSTBERG:  Judge, he signed it in my office,

2     actually.

3          THE COURT:  Okay.  Do me a favor.  Just sign it again

4     right now.  The statute has interesting wording which says

5     that it has to be signed in open court, so we will comply with

6     the statute.

7          (Witness complies.)

8          THE COURT:  And, Mr. Lustberg, you can sign as a

9     witness now.

10         MR. LUSTBERG:  Done.

11         THE COURT:  All right.  The Court is satisfied.

12         MR. LUSTBERG:  Your Honor, do you wish me to hand

13    this up?

14         THE COURT:  Yes, please.

15         The Court is satisfied that Tiger Asia Management's

16    decision to waive indictment in this matter is a knowing,

17    intelligent and voluntary one, and the information will be

18    accepted for filing.

19         Now, sir, I've already asked you if you understand

20    the charges and possible penalties in this case and you've

21    indicated that you do, correct?

22         THE DEFENDANT:  Yes, Your Honor.

23         THE COURT:  Okay.  Now, apart from the rights which

24    Tiger Asia Management gives up by agreeing to waive indictment

25    in this case, it also gives up a number of rights which it

*United States District Court*
*District of New Jersey*

SDNY_P015_0000000010

1   would otherwise have by pleading guilty in this case.

2          If, instead of pleading guilty, Tiger Asia Management

3   entered a not guilty plea, it would have a right to a trial by

4   jury.

5          At that trial it would have the right to confront and

6   cross examine any witnesses who testified against you --

7   against it.  It would also have the right to rely upon the

8   Fifth Amendment -- I'm sorry.

9          It would have the right to rely upon the presumption

10  of innocence, and Tiger Asia Management would be presumed

11  innocent unless and until the Government proved its guilt

12  beyond a reasonable doubt.

13         In fact, it could not be convicted unless and until

14  the Government proved its guilt beyond a reasonable doubt and

15  a jury unanimously found that the Government had met that

16  burden.

17         Additionally, Tiger Asia Management would have the

18  right to present the witnesses on its own behalf if it chose

19  to present a defense and it would have the right to the

20  assistance of the Court in helping produce those witnesses,

21  and the Court would do that by issuing subpoenas to compel the

22  appearances of those witnesses in court.

23         By pleading guilty, it gives up all those rights.  It

24  is as if a jury heard all the evidence and, after hearing all

25  the evidence, unanimously found that the Tiger Asia

*United States District Court*
*District of New Jersey*

SDNY_P015_0000000011

1   Management's guilt had been established beyond a reasonable

2   doubt.

3          So if I accept the guilty plea, there will be no

4   trial in this case.  The next stage of these proceedings will

5   simply be sentencing.

6          Do you understand that, sir?

7          THE DEFENDANT:  Yes, Your Honor.

8          THE COURT:  Okay.  And understanding that, is it

9   still Tiger Asia Management's desire to enter a guilty plea in

10  this case?

11         THE DEFENDANT:  Yes, Your Honor.

12         THE COURT:  Okay.  Now, you should have a plea

13  agreement in front of you.

14         THE DEFENDANT:  Yes.

15         THE COURT:  It is a letter addressed to Mr. Lustberg.

16  It is dated August 27, 2012.  It's signed on page 4 by

17  Mr. Kelly, the Assistant U.S. Attorney.

18         And if you'll please take a look on page 5, the

19  signature page, is that your signature there?

20         THE DEFENDANT:  Yes, Your Honor.

21         THE COURT:  Okay.  And you've signed it as general

22  manager for and on behalf of Tiger Asia Management, LLC,

23  correct?

24         THE DEFENDANT:  Yes, Your Honor.

25         THE COURT:  Okay.  Have you read that entire plea

*United States District Court*
*District of New Jersey*

SDNY_P015_0000000012

1  agreement?

2          THE DEFENDANT:  Yes, Your Honor.

3          THE COURT:  Have you discussed it with Mr. Lustberg?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  Have you discussed it with the management

6  of the LLC?

7          THE DEFENDANT:  Uh.

8          MR. LUSTBERG:  Is there any other -- are there any

9  other management --

10          THE COURT:  Are there any other management besides

11  you?

12          THE DEFENDANT:  My wife owns 1 percent.

13          THE COURT:  Okay.

14          THE DEFENDANT:  I have discussed it with her.

15          THE COURT:  Fine.

16          Do you understand what's contained in this plea

17  agreement?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  Okay.  Now, it contains some promises

20  about what the U.S. Attorney's Office is prepared to do in

21  exchange for Tiger Asia Management's pleading guilty in this

22  case.

23          The first thing I want to know is whether or not any

24  promises have been made to Tiger Asia Management in order to

25  try to get it to plead guilty in this case which are not

*United States District Court*
*District of New Jersey*

1   contained in this plea agreement.

2          THE DEFENDANT:  No.

3          THE COURT:  Has anybody threatened you or anyone

4   associated with Tiger Asia Management in order to try to get

5   it to plead guilty?

6          THE DEFENDANT:  No one.

7          THE COURT:  Okay.  Now, I -- looking at this plea

8   agreement, it is apparent to me that the parties have agreed

9   upon what sentence they're going to be asking the Court to

10  impose in this case.  All right?

11         Apart from that and the promises made in this plea

12  agreement, have any other promises been made to you --

13         THE DEFENDANT:  No, sir.

14         THE COURT:  -- to induce a plea?  Okay.

15         Now, as I've said, it appears that indeed you folks

16  have agreed on what the sentence should be in this case,

17  correct?

18         THE DEFENDANT:  Yes, Your Honor.

19         THE COURT:  And do you, sir, agree --

20         THE DEFENDANT:  Yes, sir.

21         THE COURT:  -- with that?  Okay.

22         I'd like you to take a look at Schedule A.  All

23  right.  Schedule A is essentially your agreement about the

24  sentence in this case.

25         Correct?

SDNY_P015_0000000014

```
 1              THE DEFENDANT:  Yes, Your Honor.
 2              THE COURT:  Okay.  And do you agree to all the
 3    provisions that are contained in the Schedule A?
 4              THE DEFENDANT:  Yes, Your Honor.
 5              THE COURT:  Okay.  Now, Schedule A also says in
 6    paragraph 6 that if I sentence you in accordance with the
 7    agreements contained on the Schedule A, Tiger Asia Management
 8    will not appeal or make any other type of postconviction
 9    attack or challenge to the sentence or the conviction in this
10    case.
11              Do you see that, sir?
12              THE DEFENDANT:  Yes, Your Honor.
13              THE COURT:  Have you discussed that with
14    Mr. Lustberg?
15              THE DEFENDANT:  Yes, Your Honor.
16              THE COURT:  All right.  And I assume he has
17    recommended that you agree to that provision.
18              THE DEFENDANT:  Yes, Your Honor.
19              THE COURT:  I also assume he's explained to you why
20    he made that recommendation.
21              Has he?
22              THE DEFENDANT:  Yes.
23              THE COURT:  Are you satisfied with the explanation
24    which he has given you?
25              THE DEFENDANT:  Yes.
```

*United States District Court*
*District of New Jersey*

```
 1            THE COURT:  Okay.  Do you understand that if indeed I
 2   give you a sentence which is in accordance with your agreement
 3   with the U.S. Attorney's Office, that you will never again,
 4   and, in particular, Tiger Asia Management will never again, in
 5   any way, shape or form, be able to challenge or appeal the
 6   conviction and the sentence in this case?
 7            Do you understand that?
 8            THE DEFENDANT:  Yes, Your Honor.
 9            THE COURT:  Do you agree to that, sir?
10            THE DEFENDANT:  Yes, Your Honor.
11            THE COURT:  Okay.  Let me just see counsel at side
12   bar for one moment.
13            (There is a discussion off the record.)
14            THE COURT:  Okay.  Now, with regard to possible
15   penalties, I want to make sure you understand exactly what the
16   possible penalties are.  I've gone over some of them, but I
17   want to go over the issue of probation and possible fines a
18   bit more thoroughly.
19            Tiger Asia Management can be sentenced to a fine of
20   up to either $500,000 or twice the amount of money that was
21   gained as a result of the criminal conduct or twice the loss
22   to any victims as a result of the criminal conduct, whichever
23   of the three is larger.
24            Do you understand that?
25            THE DEFENDANT:  Yes, sir.
```

*United States District Court*
*District of New Jersey*

```
 1            THE COURT:  Additionally, you can be placed on -- the
 2   company can be placed on probation for a minimum of one year
 3   and up to five years of probation.
 4            Do you understand that?
 5            THE DEFENDANT:  Yes, Your Honor.
 6            THE COURT:  Now, I -- when I was reviewing
 7   Schedule A, I indicated to you that you and the U.S. Attorney
 8   have appeared to have agreed upon the sentence that will be
 9   recommended to me in this case.
10            What I do want to make sure you understand is that
11   while you and the U.S. Attorney have agreed in the Schedule A
12   as to what the recommended sentence will be, the Court is not
13   bound by your agreement.
14            The Court, if it accepts your guilty plea or Tiger
15   Asia Management's guilty plea in this case, has the right to
16   impose any sentence up to the maximum that I explained to you
17   earlier as long as in conformity with the guidelines, which
18   are -- sentencing guidelines, which are recommendations only,
19   but the Court does have to consider them, and as long as it is
20   no tougher than the maximum sentence which I've explained to
21   you a few moments ago.
22            Do you understand that?
23            THE DEFENDANT:  Yes, Your Honor.
24            THE COURT:  Okay.  Now, understanding that, is it
25   still the desire of Tiger Asia Management to enter a guilty
```

*United States District Court*
*District of New Jersey*

1   plea in this case?

2           THE DEFENDANT:  Yes, Your Honor.

3           THE COURT:  Okay.  Now, there are only two other

4   questions which I do want to ask you, all right, before we go

5   into what conduct Tiger Asia Management engaged in.

6           But, sir, have you had any drugs or alcohol within

7   the last 72 hours?  And that includes medication.

8           THE DEFENDANT:  No, sir.

9           THE COURT:  Okay.  Have you ever been treated for any

10  mental disease or disorder?

11          THE DEFENDANT:  No, sir.

12          THE COURT:  All right.  At this point, I'm going to

13  ask you some questions about what happened in this case.

14          I would like to direct your attention to the period

15  from in or about December of 2008 through in or about January

16  of 2009.

17          During that time, was Tiger Asia Management, LLC, a

18  limited liability company with headquarters in New York, New

19  York?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  During that period, did Tiger Asia

22  Management serve as the investment manager of the Tiger Asia

23  Overseas Fund, Limited, and as the management company for the

24  Tiger Asia Fund, L.P., which were hedge funds that specialized

25  in Asian traded equities?

*United States District Court*
*District of New Jersey*

1            THE DEFENDANT:  Yes.

2            THE COURT:  Between in or about December of 2008 and

3    in or about January of 2009, did Raymond Park serve as Tiger

4    Asia Management's head of trading?

5            THE DEFENDANT:  Yes, sir.

6            THE COURT:  In that position, was Raymond Park

7    responsible for placing securities trades on behalf of the

8    Tiger Asia Overseas Fund, Limited, and the Tiger Asia Fund,

9    L.P., collectively, the Tiger Asia Funds?

10           THE DEFENDANT:  Yes, Your Honor.

11           THE COURT:  On three separate occasions between

12   December 2008 and January of 2009, was Raymond Park approached

13   by investment bankers who sought to gauge Tiger Asia's

14   interest in participating in a block sale of stock?

15           THE DEFENDANT:  Yes, Your Honor.

16           THE COURT:  On each of these occasions, did Raymond

17   Park agree on behalf of Tiger Asia Management to be "brought

18   over the wall"?

19           THE DEFENDANT:  Yes, Your Honor.

20           THE COURT:  By agreeing to be brought over the wall,

21   did Raymond Park agree that Tiger Asia Management would keep

22   information disclosed to Mr. Park confidential and not buy or

23   sell securities on the basis of that information?

24           THE DEFENDANT:  Yes, Your Honor.

25           THE COURT:  On each of these occasions, did Tiger

*United States District Court*
*District of New Jersey*

SDNY_P015_0000000019

1   Asia Management violate the agreement and in fact unlawfully

2   use information disclosed in confidence -- in confidence to

3   Raymond Park to make profitable securities trades?

4        THE DEFENDANT:  Yes, Your Honor.

5        THE COURT:  For example, on or about December 18th of

6   2008, did a representative of UBS AG contact Raymond Park and

7   ask Mr. Park whether Tiger Asia Management wanted to be

8   wall-crossed with respect to the sale of a large block of

9   stock in which UBS was acting as a placement agent?

10       THE DEFENDANT:  Yes, Your Honor.

11       THE COURT:  And did the UBS representative tell

12   Raymond Park that if Tiger Asia Management agreed to be

13   wall-crossed, it would have to keep the information that would

14   be disclosed confidential and could not trade in the

15   securities that were the subject of that information?

16       THE DEFENDANT:  Yes, Your Honor.

17       THE COURT:  Did Raymond Park agree on behalf of Tiger

18   Asia Management to these restrictions?

19       THE DEFENDANT:  Yes, Your Honor.

20       THE COURT:  Once Raymond Park agreed to these

21   restrictions, did the UBS representative tell him that UBS

22   intended to sell approximately 3.3 billion shares of Bank of

23   China Limited stock at a discount of between approximately

24   8 and approximately 10 percent of the market price and that

25   the deal would close on or about December 31st of 2008?

*United States District Court*
*District of New Jersey*

SDNY_P015_0000000020

```
1              THE DEFENDANT:  Yes, sir.

2              THE COURT:  On or about December 22nd of 2008, did

3    the UBS representative send an email to Raymond Park

4    confirming their prior conversation in which Mr. Park had

5    agreed to be brought over the wall?

6              THE DEFENDANT:  Yes, Your Honor.

7              THE COURT:  And did Raymond Park confirm his receipt

8    of this December 22nd email?

9              THE DEFENDANT:  Yes, Your Honor.

10             THE COURT:  Did Tiger Asia Management violate Raymond

11   Park's agreement with UBS to keep the information concerning

12   Bank of China stock confidential and not to trade on it?

13             THE DEFENDANT:  Yes, Your Honor.

14             THE COURT:  Specifically, between on or about

15   December 22nd of 2008 and on or about December 30th of 2008,

16   did Tiger Asia Management cause the Tiger Asia Funds to short

17   sale a total of approximately 87 million shares of Bank of

18   China stock?

19             THE DEFENDANT:  Yes, sir.

20             THE COURT:  By covering the approximately 87 million

21   shares of Bank of China stock that Tiger Asia Funds short sold

22   between on or about December 22nd of 2008 and on or about

23   December 30th of 2008 with the shares acquired from UBS at a

24   discount in the block sale, did the Tiger Asia Funds profit by

25   more than approximately $3,200,000?
```

*United States District Court*
*District of New Jersey*

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  On or about January 5th of 2009, did a

3    representative of UBS contact Raymond Park and tell him that

4    he had price-sensitive information regarding a block sale in

5    which Tiger Asia Management might be interested and asked

6    Mr. Park whether he wanted to be wall-crossed?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  Did Raymond Park agree on behalf of Tiger

9    Asia Management to be wall-crossed?

10         THE DEFENDANT:  Yes, Your Honor.

11         THE COURT:  And did the UBS representative then tell

12   Raymond Park that Bank of America intended to sell

13   approximately 5.6 billion shares of China Construction Bank

14   Corporation stock at a discount of approximately 15 percent of

15   market price and that the deal would close within

16   approximately 48 hours?

17         THE DEFENDANT:  Yes, Your Honor.

18         THE COURT:  Did Tiger Asia Management violate Raymond

19   Park's agreement with UBS to keep the information concerning

20   China Construction Bank stock confidential and not to trade on

21   it?

22         THE DEFENDANT:  Yes, Your Honor.

23         THE COURT:  Specifically, on or about January 6th of

24   2009, did Tiger Asia Management cause the Tiger Asia Funds to

25   short sell approximately 93 million shares of China

*United States District Court*
*District of New Jersey*

1    Construction Bank stock?

2           THE DEFENDANT:  Yes, sir.

3           THE COURT:  By covering the approximately 93 million

4    shares of China Construction Bank stock that the Tiger Asia

5    Funds sold -- short sold on or about January 6th of 2009 with

6    the shares purchased from Bank of America in the block sale on

7    or about January 7th of 2009, did the Tiger Asia funds profit

8    by more than approximately $7 million?

9           THE DEFENDANT:  Yes, Your Honor.

10          THE COURT:  On or about January 11th of 2009, did

11   representatives of Morgan Stanley H.K. contact Raymond Park at

12   Tiger Asia Management and tell him that Morgan Stanley H.K.

13   had confidential material and nonpublic information regarding

14   a potential block sale of stock that Tiger Asia Management

15   might be interested in and then ask whether Mr. Park wanted to

16   be wall-crossed?

17          THE DEFENDANT:  Yes, Your Honor.

18          THE COURT:  Did Raymond Park agree on behalf of Tiger

19   Asia Management to be wall-crossed?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  Did a Morgan Stanley H. K. representative

22   then tell Raymond Park that Royal Bank of Scotland intended to

23   sell approximately 10.8 billion shares of Bank of China stock

24   at a discount of approximately 7 percent and approximately --

25   between approximately 7 percent and approximately 11 percent

*United States District Court*
*District of New Jersey*

SDNY_P015_0000000023

1    of market price and that the deal would close within

2    approximately 24 to 48 hours?

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  Did Tiger Asia Management violate Raymond

5    Park's agreement with Morgan Stanley H. K. to keep the

6    information concerning Bank of China stock confidential and

7    not to trade on it?

8              THE DEFENDANT:  Yes, Your Honor.

9              THE COURT:  Specifically, on or about January 12th

10   and January 13th of 2009, did Tiger Asia Management cause the

11   Tiger Asia Funds to short sell approximately 282,000 --

12   282 million shares of Bank of China stock?

13             THE DEFENDANT:  Yes, Your Honor.

14             THE COURT:  By covering the approximately 282 million

15   shares of Bank of China stock that they short sold on or about

16   January 12th and January 13th of 2009 with the shares

17   purchased from Royal Bank of Scotland at a discount from the

18   block sale on or about January 13th of 2009, did Tiger Asia

19   Funds profit by more than approximately $5,700,000?

20             THE DEFENDANT:  Yes, Your Honor.

21             THE COURT:  On or about December 22nd of 2008, did

22   Tiger Asia Management cause an interstate wire to be

23   transmitted, namely, a short sale of approximately 7,310,000

24   shares of Bank of China stock, which cleared electronically

25   through Tiger Asia Fund, L.P.'s account at Morgan Stanley?

*United States District Court*
*District of New Jersey*

SDNY_P015_0000000024

```
 1              THE DEFENDANT:  Yes, Your Honor.

 2              THE COURT:  In committing the actions described in

 3    the information, did Tiger Asia Management act knowingly,

 4    willfully and intentionally?

 5              THE DEFENDANT:  Yes, Your Honor.

 6              THE COURT:  And is Tiger Asia Management guilty of

 7    the offense set forth in the information?

 8              THE DEFENDANT:  Yes, Your Honor.

 9              THE COURT:  And I gather that the United States

10    represents that they would be able to prove all the elements

11    of the wire fraud in this matter if the case were brought to

12    trial.

13              Is that correct?

14              MR. KELLY:  Yes, Your Honor.

15              THE COURT:  All right.  The Court is satisfied that

16    Tiger Asia Management's decision to enter a guilty plea in

17    this case is a knowing, intelligent and voluntary one and,

18    furthermore, that there's an adequate factual bases to support

19    the entry of a guilty plea in this case.

20              Mr. Wong, how does Tiger Asia Management plead with

21    regard to this information, guilty or not guilty?

22              THE DEFENDANT:  Guilty.

23              THE COURT:  A guilty plea will be entered on the

24    docket.

25              It's the Court's understanding that the parties wish
```

*United States District Court*
*District of New Jersey*

SDNY_P015_0000000025

 1   to immediately proceed to sentencing.

 2          Is that correct?

 3          MR. LUSTBERG:  That is correct, Your Honor.

 4          MR. KELLY:  Yes, Your Honor.

 5          THE COURT:  All right.  At this point, I will hear

 6   anything which the Government wishes to spread on the record

 7   and then anything which Mr. Lustberg wishes to spread on the

 8   record.

 9          MR. KELLY:  Your Honor, as Your Honor mentioned, the

10   parties have made certain recommendations in the plea

11   agreement as to what sentence they -- we recommend that the

12   Court impose.

13          And those recommendations include the $400 special

14   assessment, that the Court waive any petitions of fine in

15   light of the forfeiture, that Tiger Asia Management be subject

16   to a period of probation of one year.

17          Your Honor, we recommended a -- such a limited term

18   of probation in this matter at least in part because Tiger

19   Asia Management is in the process or has recently completed

20   winding down and will no longer manage funds for outside

21   investors.

22          As Your Honor put on the record, the parties have

23   agreed to a criminal forfeiture in the amount of $16,257,918,

24   which is to be paid today.

25          And pursuant to that forfeiture agreement, the

*United States District Court*
*District of New Jersey*

SDNY_P015_0000000026

```
 1   parties have entered into a consent judgment and order of
 2   forfeiture for Your Honor's consideration and signature.
 3            THE COURT:  Okay.  Thank you.
 4            Mr. Lustberg.
 5            MR. LUSTBERG:  That's correct, Your Honor.
 6            I would note that this is a matter that was
 7   negotiated at length and in a lengthy and constructive process
 8   between the parties.
 9            It reflects a just resolution of this matter, and we
10   would request that the Court impose the sentence in accordance
11   with the plea agreement and in accordance with the agreement
12   between the parties.
13            THE COURT:  Thank you.
14            All right.  The Court understands that in this
15   particular case, since the defendant is a corporation, the
16   guidelines would actually only be involved in calculating what
17   the amount of restitution might be.
18            Is that correct?
19            MR. LUSTBERG:  No, Judge.  Just the fine.
20            THE COURT:  Just the fine.
21            MR. LUSTBERG:  Right.
22            THE COURT:  All right.  And my understanding is that
23   the agreed fine would be within the guidelines that would be
24   calculated.
25            Is that correct?
```

*United States District Court*
*District of New Jersey*

SDNY_P015_0000000027

```
 1          MR. LUSTBERG:  Well, Your Honor, the agreed fine
 2  here, the agreed-upon fine is zero.  And the reason --
 3          THE COURT:  I'm sorry.  The forfeiture.
 4          MR. LUSTBERG:  Right.  Well, the forfeiture -- I'm
 5  not a hundred percent sure of that.  But the forfeiture
 6  reflects the total loss that's at issue here --
 7          THE COURT:  Okay.
 8          MR. LUSTBERG:  -- and is, as the Court can tell, a
 9  very significant amount of money.  And it was the parties'
10  agreement that that would take care --
11          THE COURT:  Fine.
12          MR. LUSTBERG:  -- of all of the financial
13  considerations that ought to be part of the sentencing.
14          THE COURT:  Okay.  Thank you.
15          MR. KELLY:  Yes, Your Honor.
16          THE COURT:  And would that be the Government's
17  position also?
18          MR. KELLY:  Yes, Your Honor.
19          THE COURT:  All right.  And I gather that both
20  parties are essentially saying that, in fact, doing a
21  guideline calculation on this would, in effect, not have any
22  real impact on what the Court's sentence should be in this
23  case.
24          Is that correct?
25          MR. KELLY:  Correct, Your Honor.  It would only apply
```

*United States District Court*
*District of New Jersey*

SDNY_P015_0000000028

1   to the imposition of the fine, and the parties agreed to

2   recommend that no fine be imposed.

3           THE COURT:  Very good.  All right.

4           The Court is satisfied that the interests of justice

5   are indeed appropriately served by the agreed sentence that

6   the parties have reached.

7           They have agreed to a forfeiture to the United States

8   Government of $16,257,918, which appears to be the entire loss

9   that was suffered.

10          It further appears that this company is in the

11  process of winding down, and it has been represented to the

12  Court that that is indeed the case.

13          Therefore, under those circumstances, the Court does

14  conclude that the imposition of a monetary fine is not in the

15  interest of either the parties or the victims or the U.S.

16  Government since that total amount of money that has been

17  improperly gained will be forfeited to the Government.

18          The Court does conclude, then, that a probationary

19  sentence with the corporation being placed on probation for a

20  term of one year, in conjunction with the agreed forfeiture

21  order -- and I understand that there is a proposed forfeiture

22  order that will be submitted to the Court.

23          MR. KELLY:  Yes, Your Honor, which I can hand up now.

24          THE COURT:  -- is -- thank you.

25          MR. LUSTBERG:  And again, for the record, that entire

*United States District Court*
*District of New Jersey*

1    amount of the forfeiture was paid earlier to the Government

2    earlier this morning.

3            THE COURT:  Thank you.

4            The defendant will be placed on probation subject to

5    the standard conditions of the probation that have been

6    promulgated the probation department for the U.S. District

7    Court for the District of New Jersey.  Additionally, the

8    defendant shall pay a special assessment of $400 which shall

9    be due immediately.

10           The Court advised defendant that it does have the

11   right to appeal the sentence and conviction in this matter to

12   the extent permitted by its appeal waiver and that it may

13   proceed to, if it wishes to, file such a notice of appeal.

14           If it can't afford to pay for the filing of notice of

15   appeal, it may request the Clerk of the Court to file a notice

16   of appeal on its behalf.

17           And that constitutes the sentence and judgment of the

18   Court.

19           Anything further?

20           MR. LUSTBERG:  No.  Thank you very much.

21           MR. KELLY:  No, Your Honor.  Thank you.

22           THE COURT:  Thank you very much.

23

24

25

SDNY_P015_0000000030

1         FEDERAL OFFICIAL COURT REPORTER'S CERTIFICATE

2

3      I certify that the foregoing is a true and correct

4   transcript, to the best of my ability, of the above pages, of

5   the stenographic notes provided to me by the United States

6   District Court, of the proceedings taken on the date and time

7   previously stated in the above matter.

8

9      I further certify that I am neither counsel for,

10  related to, nor employed by any of the parties to the action

11  in which this hearing was taken, and further that I am not

12  financially nor otherwise interested in the outcome of the

13  action.

14

15  /S/ Joanne Sekella, CCR, CRCR, RDR          September 25, 2023

16

17

18

19

20

21

22

23

24

25

*United States District Court*
*District of New Jersey*