# Exhibit A



*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 19, 2022

**VIA EMAIL**

Lawrence S. Lustberg, Esq.
Thomas R. Valen, Esq.
Gibbons, P.C.
One Gateway Center
Newark, NJ 07102

Mary E. Mulligan, Esq.
Timothy Haggerty, Esq.
Friedman Kaplan Seiler & Adelman LLP
7 Times Square
New York, NY 10036

Re:   *United States v. Sung Kook (Bill) Hwang, et al.*,
         22 Cr. 240 (AKH)

Dear Counsel:

The government writes in response to the letters from Lawrence S. Lustberg, Esq., dated July 19, 2022, and August 24, 2022 (the "Hwang *Brady* Letters"), and the letter from Mary E. Mulligan, Esq., dated August 29, 2022 (the "Halligan *Brady* Letter").

Mindful of our obligations, including ongoing discovery obligations and those under *Brady v. Maryland*, 373 U.S. 83 (1963), and of the defendants' various requests for the voluntary production of certain material, the government by this letter and an accompanying document production makes various disclosures to assist the defense. Please note that the government designates this letter and the material included in the accompanying document production as Sensitive Material subject to the applicable protective order. The government further recognizes its ongoing discovery and disclosure obligations and will continue to supplement its productions, as appropriate, to continue to comply with its obligations.

The government notes that the prosecution team on this matter consists of particular AUSAs and support staff from the United States Attorney's Office for the Southern District of New York and particular Special Agents and support staff from the Federal Bureau of Investigation's New York C-43 squad. In phone conversations and in certain correspondence, defense counsel have made assertions that could be understood to suggest that, among others, the Department of Justice Antitrust Division, committees of the United States Congress, the enforcement staffs of the United States Securities & Exchange Commission and the Commodities Futures Trading Commission, and various counsel to Archegos's counterparties are members of the prosecution team; they are not. *See, e.g.*, *United States v. Velissaris*, No. 22 Cr. 105 (DLC), 2022 WL 2392360, at *2 (S.D.N.Y. July 3, 2022); *United States v. Middendorf*, No. 18 Cr. 36

| | |
|---|---|
| ▇ | ▇ |
| ▇ | ▇ |
| ▇ | ▇ |
| ▇ | ▇ |
| ▇ | ▇ |
| ▇ | ▇ |
| ▇ | ▇ |

### *Substance of Witness Statements*

According to notes and reports of witness interviews and calls with counsel, the following individuals and/or entities or their counsel provided, in substance and in relevant part, the information reflected below. While the government does not concede that the information set forth below is in fact exculpatory under *Brady v. Maryland* and its progeny, in an abundance of caution and as courtesy to assist you in preparing for trial, the government is producing these materials now. Additionally, the information set forth below is derived from FBI reports or attorney proffer or other notes and does not constitute verbatim transcriptions of witness statements. Accordingly, in making this disclosure, the government is not conceding that these materials—especially including, but not limited to, attorney proffer notes—constitute substantially verbatim recitals of witness statements that could be used for impeachment at trial. These excerpts also do not reflect the entirety of notes and/or reports, which will be produced prior to trial as part of the government's Jencks Act material.

1. Scott Becker
    a. Interview on August 3, 2021
        - BECKER was not aware of any instances in which anyone at ACM lied to the firm's auditors.
        - 

8