

MARY E. MULLIGAN
mmulligan@fklaw.com
212.833.1123

May 6, 2024

BY ECF

Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007

Re:   *United States v. Hwang et ano.*, No. 22-cr-240 (AKH)

Dear Judge Hellerstein:

This firm represents defendant Patrick Halligan in the above-referenced matter. We write in response to the government's May 1, 2024 letter describing the evidence it intends to offer regarding Tiger Asia. [ECF No. 185, the "May 1 letter."] None of this evidence is admissible as against Mr. Halligan, and all of it should be excluded.

The government seeks to introduce two categories of Tiger Asia-era evidence. The first relates to allegedly manipulative trading conduct that resulted in regulatory and criminal actions in the United States and abroad. Mr. Halligan is not alleged to have participated in that trading conduct, and the introduction of this evidence would cause Mr. Halligan unfair prejudice. *See* Pt. A.

The second category of Tiger Asia evidence is entirely distinct from the trading conduct that gave rise to the prior actions. It consists of anticipated testimony from former Archegos (and Tiger Asia) employee Scott Becker regarding three professional interactions, only two of which involve Mr. Halligan, at Tiger Asia. None of these interactions involves unlawful, improper, or deceptive conduct, and all of them are irrelevant to any issue in this trial. They should be excluded. *See* Pt. B.

**A.  Evidence Regarding the Tiger Asia Trading Conduct Should Be Excluded**

We join in Mr. Hwang's opposition to the May 1 letter, and request that the Court exclude all evidence regarding the Tiger Asia trading conduct and the prior regulatory and criminal matters. For those reasons and the reasons set forth in our briefing *in limine* and incorporated here, all evidence relating to the Tiger Asia matters is inadmissible as direct evidence, under Rule 404(b), and under Rule 403 because the extreme and unfair prejudice to Mr. Halligan of this evidence vastly outweighs any negligible probative value it may have. [*See* ECF No. 166 at 51-74 (opening brief); ECF No. 174 at 15-21 (reply brief).]

Hon. Alvin K. Hellerstein - 2 - May 6, 2024

### B. Evidence Regarding Mr. Halligan's Alleged Conduct at Tiger Asia Should Be Excluded

The prosecution's May 1 letter describes anticipated testimony from former Archegos employee Scott Becker about three professional interactions, two of which involve Mr. Halligan, that are unrelated to the trading conduct discussed above. Specifically, the government states that Mr. Becker will testify about: (1) Mr. Hwang's implementation of a "clean desk" policy within the office space that Tiger Asia shared with other hedge funds; (2) Mr. Halligan's alleged instruction to Mr. Becker to reset Tiger Asia's swap contracts before the close of the fiscal year; and (3) Mr. Halligan's alleged instruction to Mr. Becker to refrain from discussing Tiger Asia's performance at a Notre Dame University football game. The anticipated testimony is irrelevant, serves no proper purpose, and would only confuse and mislead the jury.

This testimony would be irrelevant to any issue that the jury needs to decide. The government argues that it proves "how the illegal relationship between participants in the crime developed" and "explain[s] the mutual trust" developed among the alleged co-conspirators, but this argument fails because there is nothing illegal about any of it. [*See* ECF No. 185, at 7.] A workplace policy designed to keep highly sensitive information out of public view in a shared office space is common sense. So, too, is exercising discretion not to discuss confidential information at a college football game at a stadium that holds over 75,000 people.[1] Nor is there anything unlawful, or alleged to be unlawful, about resetting swaps. The government's further argument that these episodes demonstrate how "Halligan deliberately trained Becker to engage in deceptive conduct" fails for exactly the same reason: there is nothing deceptive about any of this. [*See* ECF No. 185 at 8.]

Mr. Becker's proposed testimony should also be excluded under Rule 403 because it will serve only to mislead and confuse the jury and unfairly prejudice Mr. Halligan. As the Court aptly noted, evidence of the Tiger Asia matters "is not relevant to Mr. Halligan," [Apr. 11, 2024 Tr. at 72:6-7], and introduction of Mr. Halligan's alleged conduct described in the May 1 Letter will only confuse the jury about what role, if any, Mr. Halligan is alleged to have played in the Tiger Asia matters.

We look forward to discussing these matters further at today's conference.

Respectfully submitted,

*[signature]*

Mary E. Mulligan

cc: All Counsel (by ECF)

---

[1] *See* https://fightingirish.com/facilities-3/notre-dame-stadium/.