

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

<i>The Jacob K. Javits Building<br/>26 Federal Plaza, 37th Floor<br/>New York, New York 10278</i>

May 28, 2024

**VIA ECF**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Hwang and Halligan*,
              S1 22 Cr. 240 (AKH)

Dear Judge Hellerstein:

      The Government respectfully writes to request that the Court permit the Government to ask witnesses "what-if-you-had-known" questions of the sort blessed by the Second Circuit in *United States v. Cuti*, 720 F.3d 453 (2d Cir. 2013), and its progeny. Under Second Circuit precedent, such questions are appropriate to elicit admissible testimony relevant to the element of materiality in a fraud case, such as this one. The Government anticipates asking "what-if-you-had-known" questions of credit/risk officers at Archegos's counterparties who received misrepresentations from Archegos representatives, and who are situated to offer evidence on the element of materiality. The next such witness that the Government intends to call is Joseph Boccuzzi, a credit/risk officer at Bank of Montreal ("BMO"), whom the Government intends to call on Wednesday, May 29, 2024.

      Under Second Circuit precedent, "a witness may testify to the fact of what he did not know and how, if he had known that independently established fact, it would have affected his conduct or behavior." *Cuti*, 720 F.3d at 459. "'[W]hat-if-you-had-known' questions that present withheld facts to a witness are especially useful to elicit testimony about the impact of fraud." *Id.* Nor is the rule in the Second Circuit an outlier: "other circuits have permitted the use of hypothetical questions to inquire into the effect of a fraud." *Id.* (collecting cases). The Second Circuit has repeatedly approved of the admission of testimony responding to hypotheticals based on other trial evidence. *See United States v. Block*, 797 F. App'x 668 (2d Cir. 2020) (affirming admission of what-if-you-had-known evidence elicited from auditor witnesses at trial concerning inflation of non-GAAP earnings metric); *United States v. Gramins*, 939 F.3d 429, 446 (2d Cir. 2019) (responses to hypothetical questions about "the truth" "can constitute sufficient evidence of materiality to support a conviction for securities fraud"); *Cuti*, 720 F.3d at 456 (affirming admission of testimony from two accountants "as to how they had accounted for the proceeds from the fraudulent transactions; how they would have accounted for the transactions had they been aware of the full facts; and how the material information that was withheld from them led to misstatements in the company's financial statements").

In *Cuti*, for example, two accountants testified, in a case involving accounting fraud, "as to how they had accounted for the proceeds from the fraudulent transactions; how they would have accounted for the transactions had they been aware of the full facts; and how the material information that was withheld from them led to misstatements in the company's financial statements." 720 F.3d at 456. The Second Circuit observed that "the inference that [the accountants] were asked to make in answering the hypothetical questions was limited by the factual foundation laid in earlier admitted testimony and exhibits, the factual nature of the hypotheticals, and the witnesses' reasoning, which was based on undisputed accounting rules." As the Second Circuit reasoned:

> Each [witness] was a certified and experienced accountant personally familiar with the accounting of the transactions at issue. The hypothetical questions utilized facts that had been independently established in the record. If the facts as the witnesses had understood them were A and the true facts were B, it was not inappropriate to ascertain, from the very witnesses responsible for their accounting, whether B would have affected that accounting under the same, undisputed accounting rules. And, since the applicable accounting rules were explained in detail, the reasoning process that the witnesses employed in answering the hypotheticals was straightforward and transparent to the jurors, who could readily discern whether the responses given were reliable.

*Id.* at 458.

Here, the Government anticipates that Mr. Boccuzzi will testify about representations that he received from Scott Becker of Archegos about, among other things, the composition, concentration, and liquidity of Archegos's portfolio, as well as the role of compliance at Archegos. The Government further anticipates that Mr. Boccuzzi will testify about the significance of those representations to his credit/risk analysis for BMO. Such testimony is directly relevant to the issue of materiality.

Consistent with Second Circuit precedent, the Government anticipates asking Mr. Boccuzzi "what-if-you-had-known" questions, such as, "What if you had known that Archegos's largest position was more than 30% of its capital?," and "What if you had known that Archegos internally computed that it would take months to liquidate its portfolio?" The record already contains independent evidence that Archegos's positions were, in fact, larger than 30% of capital and were, in fact, computed to take months to unwind. Accordingly, Mr. Boccuzzi's answers to those questions are permissible materiality evidence under Second Circuit precedent.

For the foregoing reasons, the Government respectfully requests that the Court permit the Government to ask "what-if-you-had-known" questions in order to meet its burden to establish the materiality of misrepresentations at issue in this case.

                                                                 Respectfully submitted,

                                                                 DAMIAN WILLIAMS
                                                                 United States Attorney

                                        By: s/_____
                                             Matthew Podolsky
                                             Alexandra Rothman
                                             Samuel P. Rothschild
                                             Andrew Thomas
                                             Assistant United States Attorneys
                                             Tel.: (212) 637-1947/-2580/-2504/-2106

Cc: Counsel of Record (via ECF)