

**MARY E. MULLIGAN**
mmulligan@fklaw.com
212.833.1123

**TIMOTHY M. HAGGERTY**
thaggerty@fklaw.com
212.833.1251

May 29, 2024

BY ECF

Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007

    Re:    *United States v. Hwang et ano.*, No. 22-cr-240 (AKH)

Dear Judge Hellerstein:

On behalf of defendant Patrick Halligan, we write in opposition to the government's request for permission to elicit speculative opinions from its fact witnesses about what they might have done in various hypothetical situations. [ECF No. 203, "Gov't Ltr."] In particular, the government seeks permission to pose counterparty employees "what if" questions about how they would have reacted if they had known that certain of Mr. Becker's statements were false. *See* Gov't Ltr. at 2. Such testimony is improper, irrelevant, and risks misleading the jury, and we respectfully request that the Court maintain its prior rulings and continue to preclude this speculative testimony.

The government relies principally on *United States v. Cuti*, but that decision only highlights why hypothetical testimony is improper here. 720 F.3d 453 (2d Cir. 2013). In *Cuti*, the Second Circuit held that two accountants were properly permitted to testify about how, if at all, the accounting of relevant transactions would have been different if they had known additional facts. Critically, this testimony was based on the application of GAAP rules, which the Second Circuit explained "were explained in detail," such that "the reasoning process that the witnesses employed in answering the hypotheticals was straightforward and transparent to the jurors, who could readily discern whether the responses given were reliable." *Id.* at 458. The Court went on to explain that since the witnesses' testimony was "based on undisputed accounting rules," there was "little room for the witnesses to engage in speculation and . . . that their testimony fell near the fact end of the fact-opinion spectrum." *Id.*

Here, in contrast to the GAAP rules that the accountant-witnesses applied in *Cuti*, the government has elicited no evidence of "straightforward and transparent" rules that

Hon. Alvin K. Hellerstein — - 2 - — May 29, 2024

Archegos's counterparties' employees applied to assess risk and make relevant decisions. Thus, unlike the jury in *Cuti*, the jury here will have no basis to discern the reliability of witnesses' responses to the prosecution's hypotheticals. Similarly, the absence of "undisputed" rules leaves the risk that witnesses will engage in self-serving conjecture about what they would have done in a different world. Accordingly, permitting this testimony would not only risk misleading the jury, but it would require additional cross examination regarding the biases and motivations that could shape witnesses' responses to the prosecutions' hypotheticals.[1]

Finally, allowing the government to make its requested inquiries would unduly risk leading the jury to consider subjective, idiosyncratic testimony about reliance when assessing the objective element of materiality. As the Court is aware, "the materiality standard is an objective one and centers on the views of a hypothetical, reasonable investor in the market at issue." *United States v. Litvak*, 889 F.3d 56, 68 (2d Cir. 2018). In the present circumstances, the speculative testimony the government seeks would not assist the jury, but rather would risk confusing it.

The Court has permitted the government to elicit testimony from counterparty witnesses about the due diligence they actually conducted, the questions they actually asked Mr. Becker, and the statements that Mr. Becker actually made. We respectfully submit that it would be error to allow the government to present speculative testimony about things that never happened. The government's request should be denied.

We thank the Court for its attention to this matter.

Respectfully submitted,

*Mary Mulligan*

Mary E. Mulligan

cc:   All Counsel (by ECF)

---

[1] The government's proposed questions also suffer from a false premise: that the counterparty employees were themselves decisionmakers who could have changed the trajectory of a different world. Yesterday's witness, Laxmi Kambhampati, made clear that relevant decisions were made "elsewhere" at MUFG. *See* Tr. 1701:3-12 ("[THE WITNESS] . . . those decisions were made.; THE COURT: Elsewhere?; THE WITNESS: Yes.; THE COURT: Not at your desk?; THE WITNESS: Correct."). Similarly, today's witness, Joseph Boccuzzi, did not have final decision-making approval authority at BMO, and described himself as "one piece of a larger puzzle at BMO on the onboarding team." 3508-002 at 2; GX-1004A, at 2.