

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 3, 2024

**VIA ECF**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Hwang and Halligan*,
             S1 22 Cr. 240 (AKH)

Dear Judge Hellerstein:

      The Government respectfully writes in opposition to defendant Bill Hwang's request for a limiting instruction with regard to Dr. Carmen Taveras's testimony about the patterns she observed in the intraday price movements of the Select Securities. The defendant's request is but an improper attempt to put a thumb on the scale in favor of the defense and insert defense-friendly argument into the Government's case-in-chief. The request should be denied.

      On Thursday, May 30, 2024, the Government called Dr. Carmen Taveras, an economist at the SEC, to provide summary and opinion testimony regarding Archegos's portfolio holdings primarily between 2019 and 2021. As part of her testimony, Dr. Taveras began to present several intraday price charts for the Select Securities. Those charts depict a trend that Dr. Taveras observed during her review of Archegos's trade orders. Specifically, Dr. Taveras observed that Archegos would set increasing limit orders, often toward the end of the trading day, and that the market prices for the Select Securities would rise to meet the limit prices. (Tr. 2123-25). At no point did Dr. Taveras opine on causation.[1] Nor did she offer an opinion as to the defendant's intent in trading in this manner. Instead, and entirely consistent with the Court's directives at the beginning of her testimony, Dr. Taveras talked about her "observations" and the "pattern" she saw in the trade data. (Tr. 2025 (THE COURT: "If you see a pattern you can talk about it.")). Dr. Taveras's testimony was proper, in no way misleading, and poses no risk whatsoever of juror confusion on the elements on market manipulation—as to which the Court will provide full instructions prior to deliberation. In light of this, there is no basis for the Court to deliver a limiting instruction.

      The defense, however, asks the Court to instruct the jury that "they heard testimony from Dr. Taveras about the potential effect that Archegos's trading had on the price of certain securities," and that "the purchase or sale of any security, or securities-based swap, may be engaged in for investment reasons, and the mere fact that a transaction affected market prices does

---

[1] The Government plans to call another expert witness, Robert Battalio, to testify to causation.

not render it improper." (Dkt. 221, at 1). In other words, the defendant asks the Court to make his arguments for him in the middle of trial. But this one-sided instruction about the "investment reasons" for trades, or the fact that having an effect on price is not necessarily improper, is unwarranted. Among other things, this proposed language fails to give a full picture of the relevant law on market manipulation (which the jury will receive following closing arguments), and improperly suggests to the jury that it should discount the evidence being presented and that the defendant's trading was entirely proper.

What is more, the defendant's arguments are a rehashing of arguments the defendant advanced *in limine* in trying to preclude this type of testimony in the first place. (Dkt. 156 at 11-14). There, the defendant sought to prevent the Government from arguing at trial that price impact could be evidence of market manipulation because price impact is not, standing alone, market manipulation. But the law in the Second Circuit is clear that proof of price impact may be evidence from which a juror can infer criminal intent. (Dkt. 173 at 11-14 (citing *Set Capital LLC v. Credit Suisse Grp. AG*, 996 F.3d 64, 77 (2d Cir. 2021) ("Open-market transactions that are not inherently manipulative may constitute manipulative activity when accompanied by manipulative intent."); *SEC v. Vali Mgmt. Partners*, No. 21-453, 2022 WL 2155094, at *1 (2d Cir. June 15, 2022) ("'[i]n some cases, a defendant's 'scienter,' that is, a defendant's intent to manipulate the securities market, is all that distinguishes legitimate trading from manipulative trading'"))). The defendant again relies on *Colson v. Cupp*, 449 F.2d 730 (9th Cir. 1971), and *United States v. Silver*, 864 F.3d 102 (2d Cir. 2017), but those cases are no more helpful now than they were when the defendant cited them in his motion *in limine* several months ago. (Dkt. 173 at 14 n.2). As the Government previously explained, these cases offer only a few cherry-picked lines that are taken out of context and that have no application to the facts of this case.

Perhaps most importantly, as the cases relied upon by the defendant in his letter make clear, price impact is indeed evidence from which a jury may make reasoned inferences about what happened and why, and the Government is permitted to offer such evidence at trial. There is no basis to caution the jury against fairly evaluating and relying upon such evidence by inserting a defense theory-of-the-case instruction in the midst of the Government's presentation of evidence.

\* \* \*

The Government respectfully opposes the defendant's request for a limiting instruction in connection with the testimony of Dr. Carmen Taveras.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: s/_____
Matthew Podolsky
Alexandra Rothman
Samuel P. Rothschild
Andrew Thomas
Assistant United States Attorneys
Tel.: (212) 637-1947/-2580/-2504/-2106

Cc: Counsel of Record (via ECF)