# Kramer Levin



**Barry H. Berke**
Partner
T  212.715.7560
F  212.715.7660
bberke@KRAMERLEVIN.com

1177 Avenue of the Americas
New York, NY 10036
T  212.715.9100
F  212.715.8000

**June 3, 2024**

**BY ECF**
Hon. Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>United States v. Sung Kook (Bill) Hwang, et al.</u>, No. 22 Cr. 240 (AKH)

Dear Judge Hellerstein:

On behalf of defendant Bill Hwang, we respectfully move to preclude certain anticipated testimony of prosecution witness, Steven Cahall. Mr. Cahall, a Wells Fargo sell-side analyst who is offered as a lay witness, is expected to testify about his valuations of Viacom and Discovery shares in 2020 and 2021, and the reasons for price movements in those stocks. But Mr. Cahall never interacted with Mr. Hwang and can offer no relevant testimony regarding Mr. Hwang's purpose in trading. He is also not offered as an expert. Therefore, his analysis of the at-issue securities, which is based on specialized knowledge, must be excluded.

## I.     Background

At the May 6, 2024 conference, the prosecution represented that it intended to call Mr. Cahall as a "percipient witness" who "will describe the impact that trading had on his recommendations to the market," something that the prosecution believes "is necessary to prove up an element of the market manipulation charge" under Section 9(a)(2) of the Securities Exchange Act, 15 U.S.C. § 78(i)(a)(2). Transcript of May 6, 2024 Conference ("Conf. Tr.") at 34:22-25. The Court observed that this sounded like "expert" testimony, and warned the prosecution that, as a lay witness, Mr. Cahall only "can testify what he did. He can't testify what he thought." *Id.* at 35:15-20.

Jencks Act material produced by the prosecution, however, reveals that it *does* intend to elicit what Mr. Cahall thought about the values of Viacom and Discovery during the relevant period, the reasons for upward movement in the prices of those securities, and the idiosyncrasies of the stock market in 2020 and 2021, generally. *See* Cahall 3606-003 at 1-2. Specifically, Mr. Cahall opines that "Viacom and Discovery kept going up"; that "the movement can't be explained by th[e] fundamentals"; and that "press reports about Archegos being behind

ownership stakes in Viac[om] and Disc[overy]" published in "late March or early April 2021" confirmed that upward price movement "had been a momentum trade."  Cahall 3606-003 at 1-2.

Such testimony is improper and must be excluded for two reasons.  First, Section 9(a)(2) requires the prosecution to prove that Mr. Hwang acted with the *purpose* of inducing others to buy or sell the at-issue securities.  In other words, it is a question of intent.  Because Mr. Cahall had no dealings with Mr. Hwang, his testimony does not tend to prove Mr. Hwang's intent and is therefore irrelevant.  Second, Mr. Cahall's opinions on the values of the at-issue securities and analysis of market conditions involve specialized knowledge based on extensive training and experience outside the ken of the average person, and therefore constitute improper lay witness testimony.

## II.   Mr. Cahall Does Not Have Relevant Testimony Relating to Mr. Hwang's Intent

The prosecution intends to call Mr. Cahall to "describe the impact that trading had on his recommendations to the market," and claims his testimony "is necessary to prove up an element of the market manipulation charge."  Conf. Tr. at 34:22-25 (May 6, 2024).  But what the prosecution must prove is that Mr. Hwang traded "for the *purpose* of inducing the purchase or sale of such security by others."  15 U.S.C. § 78(i)(a)(2) (emphasis added).  Mr. Cahall's proffered testimony is irrelevant to Mr. Hwang's purpose or intent.

Although certain of Mr. Cahall's reports could potentially be admissible for their effect on Mr. Hwang if the prosecution can show that Mr. Hwang read them or communicated with others about their contents, Mr. Cahall's post-hoc commentary on those reports is not.  "Information that was never conveyed to [the defendant] and communications that he never saw are irrelevant [where] the trial is about his state of mind."  *United States v. Avenatti*, No. (S1) 19 Cr. 373 (PGG), 2021 WL 2809919 at *25 (S.D.N.Y. July 6, 2021) (denying post-conviction relief), *aff'd* 81 F.4th 171 (2d Cir. 2023); *see also Condit v. Dunne*, 225 F.R.D. 100, 111 (S.D.N.Y. 2004) ("[r]elevant to [the defendant]'s state of mind is only what he was aware of at the time").  "The prerequisite for admission of such information [and] communications is proof that the information in communications was shared with him; in other words, that the information and communications could have influenced his thinking and state of mind during the relevant time period."  *Avenatti*, 2021 WL 2809919 at *25.

The testimony the prosecution seeks to elicit from Mr. Cahall—context for and elaborations on the opinions expressed in his reports—is irrelevant to Mr. Hwang's intent because Mr. Hwang was not privy to that information at the time of the charged acts.  *See id.*  Mr. Cahall never had *any* interactions with Mr. Hwang or, indeed, anyone at Archegos.  In fact, Mr. Cahall was not even *aware* of Archegos until after its collapse.  *See* Cahall 3603-002 at 6.  Because information outside of Mr. Cahall's reports was never relayed to Mr. Hwang and could not have influenced his decisions during the relevant time period, it should be excluded.

### III. Mr. Cahall's Proffered Testimony is Improper Lay Witness Testimony

Jencks Act material related to the prosecution's preparation of Mr. Cahall indicates that the prosecution intends to elicit Mr. Cahall's valuations of Viacom and Discovery shares, opinions on the reasons for price increases in those securities, and characterizations of market conditions during the relevant period. This attempt to back-door expert testimony through Mr. Cahall must be denied.

Federal Rule of Evidence 701 requires that lay witness opinions be "rationally based on the witness's perception." Fed. R. Evid 701(a); *see also Bank of China, New York Branch v. NBM LLC*, 359 F.3d 171, 182 (2d Cir. 2004) (district court abused its discretion by allowing lay witness to offer testimony reflecting "specialized knowledge he ha[d] because of his extensive experience in international banking"). Opinions that are based on "specialized knowledge" fall outside Rule 701's ambit. "If the opinion rests 'in any way' upon scientific, technical, or otherwise specialized knowledge, its admissibility must be determined by reference to Rule 702, not Rule 701." *United States v. Garcia*, 413 F.3d 201, 215 (2d Cir. 2005) (quoting 4 Weinstein Fed. Evid. § 701.03[1]); *see also* Fed. R. Evid. 701(c) (the form of a lay opinion is limited to one that is "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702"). This requirement prevents a party from "conferring an aura of expertise on a witness without satisfying the reliability standard for expert testimony set forth in Rule 702 and the pre-trial disclosure requirements set forth in Fed. R. Crim. P. 16." *Garcia*, 413 F.3d at 215.

Mr. Cahall cannot offer his analysis of price movements in the at-issue securities because this reasoning "depends, in whole or in part, on his specialized training and experience." *Garcia*, 413 F.3d at 216. Specifically, Mr. Cahall's opinion that the upward price movements in Viacom and Discovery were due to "momentum trade[s]" that "came from something not to do with the fundamental value of the company," (Cahall 3603-001 at 5), is not the "product of reasoning processes familiar to the average person in everyday life" as Rule 701 requires. *Garcia*, 413 F.3d at 215. As the Court noted with respect to similar opinions that the prosecution offered for a different lay witness, "It is not an observation of the fact of what he sees or what he hears or what he does. It is a conclusion based on [] complicated comparisons, which may be second nature to him, of different stock performances . . . and he is testifying in that sense as an expert." Pre-Trial Conf. Tr. at 101:18-23 (April 11, 2024).

* * *

For the foregoing reasons, Mr. Hwang respectfully requests that the Court preclude the prosecution from eliciting Mr. Cahall's opinions on the values of Viacom and Discovery securities, reasons for price movements, and the 2020 to 2021 period in the stock market.

Respectfully submitted,

*/s/ Barry H. Berke*

Barry H. Berke
Dani R. James
Jordan Estes
Michael Martinez

cc:   Counsel of record