

MARY E. MULLIGAN
mmulligan@fklaw.com
212.833.1123

TIMOTHY M. HAGGERTY
thaggerty@fklaw.com
212.833.1251

June 10, 2024

BY ECF

Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007

      Re:      *United States v. Hwang et ano.*, No. 22-cr-240 (AKH)

Dear Judge Hellerstein:

      On behalf of defendant Patrick Halligan, we write in opposition to the government's letter of June 2, 2024, setting forth its intent to introduce evidence about Tiger Asia through cooperating witness William Tomita. (ECF No. 210). The admission of this evidence would cause extreme and unfair prejudice to Mr. Halligan, who, as the government has previously conceded, "is not implicated in any wrongdoing in 2008 or 2009" at Tiger Asia. (ECF No. 173, at 62). Accordingly, this evidence should be excluded altogether. However, if Mr. Tomita is permitted to testify regarding the alleged Tiger Asia trading conduct, the jury should be specifically instructed at the time of that testimony that Mr. Halligan was not involved in the Tiger Asia trading conduct described by Mr. Tomita; that Mr. Halligan did not commit misconduct with respect to the alleged Tiger Asia trading conduct; and that the jury must disregard any evidence regarding the alleged Tiger Asia trading conduct during its deliberations as to Mr. Halligan. A proposed instruction is attached hereto as Exhibit A.

      The government's letter does not mention Mr. Halligan, and for good reason: the prosecution has previously conceded that Mr. Halligan "is not implicated in any wrongdoing in 2008 or 2009[.]" (ECF No. 173, at 62). Indeed, Mr. Halligan was not charged with or accused of wrongdoing in any of the proceedings arising from the Tiger Asia trading conduct. The government has further conceded that it "is not seeking to introduce any evidence that Halligan committed misconduct in 2008 or 2009 or to argue to the jury that Halligan committed misconduct in 2008 or 2009." (*Id.*). These concessions alone demonstrate why the Tiger Asia evidence has no probative value as against Mr. Halligan and would be plainly inadmissible if he were tried separately from Mr. Hwang. Cf. *United States v. Salameh*, 152 F.3d 88, 115 (2d Cir. 1998) (spillover prejudice "occurs in joint trials when

Hon. Alvin K. Hellerstein - 2 - June 10, 2024

proof inadmissible against a defendant becomes a part of his trial solely due to the presence of co-defendants . . .").

While the Tiger Asia evidence has absolutely no probative value as against Mr. Halligan, its admission would be extraordinarily prejudicial to him. The only inference that this evidence supports is a forbidden one: that Mr. Halligan's guilt should be inferred not from his own conduct, but rather based on his long professional association with Mr. Hwang. Such an inference would be patently improper. *United States v. DiCicco,* 435 F.2d 478, 483 (2d Cir. 1970) ("[P]rior similar acts of misconduct performed by one person cannot be used to infer guilty intent of another person who is not shown to be in any way involved in the prior misconduct, unless it be under a 'birds of a feather' theory of justice.").

For these reasons, we oppose the introduction of the Tiger Asia evidence described in the government's June 2 letter. The introduction of this evidence would impair Mr. Halligan's right to a fair trial.[1]

Without prejudice to our position that the Tiger Asia evidence should be excluded altogether, if the Court nonetheless declines to exclude this evidence in its entirety, a limiting instruction is required.

The government has conceded that if evidence of Tiger Asia matters is admitted at trial, a limiting instruction is appropriate as to Mr. Halligan. (ECF No. 173 at 73: "The Court here can easily protect Halligan's rights with appropriate limiting instructions."). At the April 11 preliminary conference where the Court heard argument on the parties' motions *in limine*, Your Honor stated:

> ***If I allow this testimony in, there will be a limiting instruction***. I have no reason to believe that the jury won't follow the limiting instruction.
>
> One other point could be that it need not be mentioned that Mr. Halligan had been CFO of Tiger Asia. Unless there's some relevance to that particular point.

Apr. 11, 2024 Tr. at 71:17-22 (emphasis added). The Court went on to note, "No witness is coming in against Mr. Halligan in this context because ***the evidence is not relevant to Mr. Halligan, and the jury will so be informed***." *Id.* at 72:5-7 (emphasis added).

Accordingly, if the government is allowed to introduce through Mr. Tomita ***any*** evidence regarding Tiger Asia: (1) the government should be precluded from mentioning or eliciting any testimony or introducing any documentary evidence that Mr. Halligan was Tiger Asia's CFO, and (2) the jury should be instructed that Mr. Halligan was not involved in

---

[1] We also join in Mr. Hwang's opposition to the government's June 2 letter.

Hon. Alvin K. Hellerstein  - 3 -  June 10, 2024

any of the alleged Tiger Asia trading conduct described by Mr. Tomita; that Mr. Halligan committed no misconduct with respect to trading at Tiger Asia; and that the jury must disregard any evidence regarding the trading at Tiger Asia when considering the charges against Mr. Halligan. Attached hereto as Exhibit A is the proposed instruction that we would request the Court provide to the jury at the time of Mr. Tomita's testimony regarding these matters.

    We thank the Court for its attention to this matter.

Respectfully submitted,

*Mary Mulligan*

Mary E. Mulligan

cc:   All Counsel (by ECF)

**Exhibit A**

Mr. Tomita has just testified regarding certain alleged trading conduct at Tiger Asia in 2008 and 2009. I am instructing you that Mr. Halligan was not involved in that alleged conduct. I am further instructing you that Mr. Halligan committed no misconduct whatsoever with respect to any alleged trading at Tiger Asia. You must therefore disregard any evidence regarding trading at Tiger Asia when you consider the charges against Mr. Halligan.