

MARY E. MULLIGAN
mmulligan@fklaw.com
212.833.1123

TIMOTHY M. HAGGERTY
thaggerty@fklaw.com
212.833.1251

June 13, 2024

BY ECF

Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007

  Re: *United States v. Hwang et ano.*, No. 22-cr-240 (AKH)

Dear Judge Hellerstein:

  On behalf of defendant Patrick Halligan, we write in opposition to the prosecution's eleventh-hour request for permission to introduce evidence regarding a supposed misrepresentation that was neither alleged in the Indictment nor disclosed in *any* of the pretrial notices that the Court directed the government to provide to the defense. *See* ECF No. 223 ("Gov't Ltr."). Mr. Halligan has prepared his defense – and now *presented* his defense during opening statements and five weeks of trial – based on the evidence and allegations that the government disclosed in its prior notices. Permitting this undisclosed allegation at this late stage would be so fundamentally unfair that it would violate Mr. Halligan's due process rights.

  Specifically, the prosecution seeks to introduce evidence regarding a March 16, 2021 phone call among Mr. Halligan, cooperating witness Scott Becker, and representatives of Bank of America, during which the prosecution alleges that misrepresentations were made. The prosecution concedes that it has possessed the evidence it now seeks to introduce since at least 2022, but that it "first noticed" the supposed misrepresentation on the evening of Wednesday, June 12, 2024. Gov't Ltr. at 2.

  Introducing a new allegation mid-trial violates the Court's prior orders and Mr. Halligan's right to a fair trial. To begin, the prosecution's failure to disclose any alleged misrepresentation involving Bank of America before jury selection infected the jury selection process, and the testimony they seek to admit would be grounds for a mistrial. *See* Tr. 253:24-254:15.

Judge Alvin K. Hellerstein  - 2 -  June 13, 2024

Additionally, and among other things:

(1) Bank of America is not identified in the Superseding Indictment at all, far less any alleged misrepresentation to Bank of America (Archegos, in fact, never completed its onboarding of Bank of America and thus did not trade with Bank of America during the relevant period);

(2) the prosecution failed to give the defense notice of *any* alleged misrepresentation to Bank of America in *any* of the disclosures that it served pursuant to the Court's multiple pretrial directives, starting with its June 2022 order and more recently reiterated at the pretrial conference on April 11, 2024 (discussed further below);

(3) until *today*, no witness from Bank of America has been identified on any of the prosecution's many iterations of its witness list;

(4) until *today*, none of the documents that the prosecution now seeks to introduce regarding this March 16, 2021 call were on any of the prosecution's many iterations of exhibit list;

(5) there does not appear to be any reference to this alleged misrepresentation in Mr. Becker's voluminous 3500 material, reflecting over 30 meetings with the prosecutors; and

(6) the prosecution did not present any evidence regarding this March 16, 2021 call during Mr. Becker's trial testimony, which concluded three weeks ago. In fact, Mr. Becker referred briefly during his testimony to Archegos's progress in onboarding Bank of America, and at no point even mentioned Mr. Halligan having any role in that process. Tr. 959-960, 1052-1053. (In fact, Mr. Becker testified that Andy Mills conveyed to Bank of America that the onboarding process, which was ultimately never completed, was "no rush." Tr. 1052.)

The extent of the "notice" that the defense received was a letter from the prosecution delivered earlier today by email *two minutes* before the government filed this application with the Court.[1] Due process and fundamental fairness require meaningful notice, not the perfunctory formalities that the government has observed here.

The prosecution's effort to interject this new allegation at this late stage also violates the Court's prior directives that the government provide to the defense notice of *all* alleged misrepresentations that it intends to introduce at trial. On June 1, 2022, the Court directed the prosecution to identify "each and all" of the alleged misrepresentations that it intended to present at trial. *See* June 1, 2022 Tr. at 15:21-17:11 (THE COURT: "You can anticipate my ruling by making sure that there is identification of **each and all** the alleged

---

[1] The prosecution sent the notice by email to defense counsel at 3:04 PM. We received an ECF notification of the prosecution's filing with the Court at 3:06 PM.

Judge Alvin K. Hellerstein   - 3 -   June 13, 2024

misrepresentations, by persons who make it, by their nature, persons you received it, date, time, place.") (emphasis added). The prosecution did not include any alleged misstatement to Bank of America in the August 18, 2022 letter that it served in response to the Court's June 1, 2022 directive.

Most recently, at the pre-trial conference on April 11, 2024, Mr. Halligan's counsel expressed objections to the sufficiency of the prosecution's disclosures regarding alleged prior misrepresentations, and the Court *again* unequivocally directed the prosecution to clearly provide notice of *all* alleged misrepresentations:

> THE COURT: **This is not hide-the-ball game.** When are you asked to make a specific disclosure, make a specific disclosure. Why do you want to get yourself in trouble? Why don't you do what I asked you to do. You better do a better job, Mr. Podolsky. You better do a better job . . . I don't want this . . . **[M]y clear intent was to make this complicated trial a little fairer**, and that was to **require you to give a place and date and time and person** so we can do this. *If you are saying that Becker made misstatements or Halligan made misstatements, tell them what the misstatements were and to whom he said it and when.* If you don't know, then say you don't know . . . **Put it in a letter** and **make it specific** so there is no argument on this and so you don't explicate the trial by motions during trial.

April 11, 2024 Tr. at 115:17-118:10. None of the prosecution's notices following this directive included any reference to any alleged misrepresentation to Bank of America.

Allowing this evidence at this juncture would cause extreme prejudice to Mr. Halligan. Mr. Halligan selected a jury, formulated his defense, and presented his opening statement, without any notice that a statement allegedly made to Bank of America would be at issue in this case. He cross examined the central witness against him, Mr. Becker, without knowing that this alleged misrepresentation (which the government now contends was made by "Becker *and/or* Halligan") would be at issue.

Five weeks into the prosecution's six week case-in-chief, the government should not be allowed to amend its case. Allowing the government's belated introduction of this new allegation would undermine the efficacy of the Court's orders, cause unfair prejudice to Mr. Halligan, and, unfortunately, cause reversible error.

We respectfully request that the Court deny the prosecution's application and order that no evidence regarding any alleged misrepresentation to Bank of America may be introduced at trial.

Judge Alvin K. Hellerstein — - 4 - — June 13, 2024

    We thank the Court for its attention to this matter.

Respectfully submitted,

*Mary Mulligan*

Mary E. Mulligan

cc:  All Counsel (by ECF)