

**MARY E. MULLIGAN**
mmulligan@fklaw.com
212.833.1123

**TIMOTHY M. HAGGERTY**
thaggerty@fklaw.com
212.833.1251

June 16, 2024

BY ECF

Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007

      Re:     *United States v. Hwang et ano.*, No. 22-cr-240 (AKH)

Dear Judge Hellerstein:

      On behalf of defendant Patrick Halligan, we seek an Order precluding the prosecution from introducing evidence of any alleged misstatements to Bank of America. This evidence would constitute a constructive amendment to the Indictment, and its admission would be reversible error.[1]

      A constructive amendment occurs "[w]hen the trial evidence or the jury charge operates to broaden the possible bases for conviction from that which appeared in the indictment." *See U.S. v. Milstein*, 401 F.3d 53, 65 (2d Cir. 2005) (cleaned up). "Constructive amendment is a *per se* violation of the Fifth Amendment." *Id.* Under these principles, admission of the Bank of America evidence proffered by the prosecution would violate Mr. Halligan's Fifth Amendment rights. *See United States v. Roshko*, 969 F.2d 1, 6 (2d Cir. 1992) (finding constructive amendment and explaining that the "substantial right implicated here is

---

[1] References to the "Indictment" and "Ind." refer to the Superseding Indictment (ECF No. 134).

We have previously explained why the prosecution's failure to provide notice of this evidence has violated this Court's prior Orders requiring identification of "each and all" of the alleged misrepresentations to be presented at trial. *See* ECF No. 225 (citing June 1, 2022 Tr. at 15:21-17:11 and April 11, 2024 Tr. at 115:17-118:10); June 14, 2024 Trial Tr. at 3240-3246. We have also explained that this belated disclosure incurably infected the jury selection process. *See* ECF No. 225; June 14, 2024 Trial Tr. at 3241, 3243-3246. We incorporate all of those prior arguments here.

Hon. Alvin K. Hellerstein              - 2 -                         June 16, 2024

not notice; it is the right to be tried only on charges presented in an indictment returned by a grand jury, and violation of this right requires reversal of the conviction"; rejecting government's argument that the existence of the Fifth Amendment violation turned on whether defense counsel was "surprised" by the new evidence) (cleaned up).

In this case, the government charged, and has sought to prove through five weeks of trial, that Mr. Halligan participated in the making of misrepresentations to Archegos's "Counterparties," which it specifically identified as the financial institutions that "facilitated trading and provided Archegos with access to credit to enable Archegos to trade using leverage." See Ind. ¶¶ 13, 41. Bank of America, however, was **not** a "Counterparty" of Archegos. It did not trade with Archegos, it did not "facilitate[] trading" with Archegos, nor did it "provide[] Archegos access to credit to trade" during the relevant period. Evidence of alleged misrepresentations to Bank of America, i.e., a non-Counterparty bank, would thus "broaden [] the possible bases for conviction from that which appeared in the indictment," and therefore constitute an impermissible constructive amendment. See Milstein, 401 F.3d at 65.

In fact, a Bank of America employee recently told the prosecution that the bank's March 16, 2021 call with Messrs. Becker and Halligan – the very call in which the government alleges a misstatement was made – led him to conclude that Bank of America should not proceed with onboarding Archegos. That decision not to trade with Archegos represents a direct repudiation of the prosecution's theory that alleged misrepresentations induced banks to extend favorable margin rates or trading capacity to Archegos. See Ex. A.

The prosecution has made clear through the Indictment and throughout all subsequent proceedings that the "Counterparties" at issue here were Archegos's *actual trading counterparties*. The Indictment alleges, for example, that "Archegos's trading occurred through prime brokers and swap Counterparties," and that "if the Counterparties learned the truth about the concentration of Archegos's positions and their liquidity, the Counterparties might require Archegos to reduce its positions, to lower the associated risk, or even to cease trading altogether." *Id.* ¶ 42. Similarly, the prosecution's pretrial submissions to the Court have repeatedly affirmed that the allegations here arise from statements to Archegos's trading counterparties. For example, in its opposition to the defendants' omnibus motions, the prosecution summarized the case as follows: "The defendants' frauds rested on two interrelated criminal schemes, involving manipulative trading in the marketplace and false and misleading statements ***to Archegos's trading counterparties, including numerous leading global investment banks and brokerages (collectively, the "Counterparties")***." ECF No. 53, at 3-4 (emphasis added).

Counts Ten and Eleven, which the government captioned "Securities Fraud – *Counterparties*" and "Wire Fraud – *Counterparties*," respectively, illustrate the issue. *See* Ind. ¶¶ 79 – 82 (emphases added). As the prosecution's proposed jury instructions concede, securities fraud as alleged in Count Ten requires proof of fraudulent conduct *"in connection*

Hon. Alvin K. Hellerstein						- 3 -						June 16, 2024

with" the purchase or sale of securities. ECF No. 127, at 14.[2] Without any trading relationship, there could be no "purchase or sale of securities," and thus any misrepresentation to Bank of America could not be considered as to Count Ten. The government's proposed instruction as to Count Eleven (wire fraud) is equally conclusive: it states, "You have heard evidence that Archegos's counterparties provided Archegos with margin loans and financing for its trades." ECF No. 30-31. Bank of America, however, did no such thing.

Consistent with the allegations of the Indictment, the Court instructed the jury before opening statements, "A counterparty is a party on the other side of the deal." Tr. May 13, 2024, at 29:12-13. The prosecution did not suggest then, nor has it ever suggested, that the term "counterparty" would also include an entity such as Bank of America, which was never a party to any deal.

Against this backdrop, introducing evidence of alleged misrepresentations to a non-Counterparty would constitute a constructive amendment of the Indictment and thus a violation of Mr. Halligan's Fifth Amendment rights. *See Milstein*, 401 F.3d at 65 (finding constructive amendment and vacating conviction of distributing misbranded drugs, where indictment charged misbranding due to repackaging, but trial proof showed misbranding due to contamination); *United States v. Wozniak*, 126 F.3d 105, 111 (2d Cir. 1997) (finding constructive amendment and vacating conviction where indictment charged defendant with narcotics conspiracy relating to cocaine and methamphetamine distribution, but evidence at trial related to marijuana distribution); *U.S. v. Zingaro*, 858 F.2d 94, 95 (2d Cir. 1988) ("the trial court's admission of evidence concerning a loan not specified in the indictment allowed the jury to find predicate acts of loansharking and unlawful debt collection that were not embraced by the specific charges of the indictment, thus constituting a constructive amendment of the indictment," and thus "fatal error"); *U.S. v. Davis*, No. 13-CR-923 (LAP), 2017 WL 3328240, at **29-34 (S.D.N.Y. Aug. 3, 2017) (finding constructive amendment where indictment alleged defendants made material misrepresentations in connection with construction project, inducing payment of fraudulent invoices, but at trial, government presented evidence in support of different theories of economic harm, including cost overruns and "potential harm").[3]

---

[2] We do not concede the sufficiency of *any* of the government's proposed instructions.

[3] *See also United States v. Davidoff*, 845 F.2d 1151, 1154-55 (2d Cir. 1988) (reversing conviction where trial court denied bill of particulars in RICO prosecution for extortionate schemes directed at one company, after which government presented evidence at trial of extortionate schemes directed at a different companies). In *Davidoff*, the Second Circuit rejected the government's argument that the pretrial production of wiretap applications and transcripts was sufficient notice to allow defendant to prepare for trial. In fact, the Second Circuit observed that "[s]ome of the transcripts of tapes that the Government now asserts provided notice … were not included on a list furnished the defense identifying tapes to be used at trial. *If anything, this omission gave [defendant] some reason to believe that the*

Hon. Alvin K. Hellerstein  - 4 -  June 16, 2024

We respectfully request that the Court preclude the government from introducing evidence regarding any alleged misrepresentation to Bank of America.

Finally, if the prosecution is permitted over our objections to introduce this new evidence and interject this new issue in the trial, we are evaluating what additional evidence we may be required to introduce to respond, which may include calling or recalling credit officers and introducing documentary evidence, and reserve all rights in that regard.

We thank the Court for its attention to this matter.

Respectfully submitted,

*Mary Mulligan* (signature)

Mary E. Mulligan

Attachment (Ex. A)

cc: All Counsel (by ECF)

---

*prosecution would not seek to prove the [other] extortion.*" *Id.* (emphasis added). The defense was similarly misled here by the prosecution's failure to include any evidence related to alleged misstatements to Bank of America in, among other things, its pretrial exhibit lists and witness lists.

Friedman Kaplan Seiler Adelman & Robbins LLP