

**MARY E. MULLIGAN**
mmulligan@fklaw.com
212.833.1123

**TIMOTHY M. HAGGERTY**
thaggerty@fklaw.com
212.833.1251

June 28, 2024

BY ECF

Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007

   Re:  *United States v. Hwang et ano.*, No. 22-cr-240 (AKH)

Dear Judge Hellerstein:

  On behalf of defendant Patrick Halligan, we write to seek the admission of certain grand jury testimony of FBI Special Agent Thomas McDonald as a statement of a party opponent under Rule 801(d)(2).[1] The prosecution has advised us that it intends to advance a position to the jury that is inconsistent with SA McDonald's grand jury testimony, the Indictment, and positions that it advanced throughout the pretrial proceedings in this matter. The government should not be allowed to change its theory of the case mid-trial. But if this new theory is permitted, then under binding Second Circuit law, SA McDonald's testimony is admissible under Rule 801(d)(2).

## Mr. Becker's Trial Testimony

  The testimony at issue relates to the supposed "instruction" that Mr. Becker claims to have received from Mr. Halligan regarding how he should communicate with Archegos's counterparties about the concentration of Archegos's largest position.

  At trial, Mr. Becker testified that Mr. Halligan "stated that when we have these calls [with Archegos's counterparties] . . . we shouldn't say that the largest position was any larger than 35 percent, even if it was higher." (Tr. 893-94). Under questioning from the

---

[1] The testimony that we seek to admit is attached as Exhibit A (DX 7989). "Indictment" or "Ind." refers to the Superseding Indictment (ECF No. 134). The government has challenged certain other documents that Mr. Halligan seeks to introduce (ECF No. 241), and we will address those objections in Court.

Hon. Alvin K. Hellerstein                     - 2 -                          June 28, 2024

Court, Mr. Becker clarified his testimony, explaining that the supposed instruction was to say answer "35 percent. . . in all instances":

> THE COURT: And was that instruction to carry forward to **all responses** to inquiries that were above 35 percent?
>
> **THE WITNESS: Yes.**
>
> THE COURT: In other words, whenever the concentration in the portfolio exceeded 35 percent and the bank asked, was it your instruction to answer 35 percent?
>
> THE WITNESS: Yes, it was.
>
> **THE COURT: In all instances?**
>
> **THE WITNESS: Yes, your Honor.**

Tr. 906-907 (emphases added).

### The Trial Evidence Contradicts Mr. Becker's Testimony

Throughout the trial, the defense (and in some instances the prosecution) has elicited many examples of instances in which Mr. Becker provided counterparties with concentration figures *other than* 35 percent. *E.g.*, Tr.. 1677; 1693-94, 1707-09 (Kambhampati; Archegos's "top three or five positions or so were about 30 percent."). This evidence proves that there was no "instruction" at all, and it shows that Mr. Becker's testimony in this trial was false.

### The Prosecution's New Theory

Despite Mr. Becker's clear testimony, we now understand that the government intends to argue that the alleged instruction was not to say that Archegos's largest position was 35 percent of capital "in all instances" as Mr. Becker testified, but rather was to "never" give a number larger than 35 percent. *See* Gov't June 26, 2024 Ltr. (Ex. B).

This late-stage change of theory is enormously prejudicial to Mr. Halligan, who prepared for trial and has presented his defense in this case based on the allegation – as set forth in the Indictment and presented to the grand jury – that the supposed "instruction" was that Mr. Becker should "always" respond that Archegos's largest position was 35 percent.

### SA McDonald's Testimony and the Prosecution's Prior Statements

The government's new theory is not only at odds with Mr. Becker's trial testimony, it is at odds with the government's own statements before the grand jury, in the Indictment, and in various pretrial submissions.

Hon. Alvin K. Hellerstein	- 3 -	June 28, 2024

Before the grand jury, SA McDonald testified that "Mr. Becker remembered Mr. Halligan telling him at some point when Mr. Becker was taking over those responsibilities that he should *always* just say that the fund's largest position was 35 percent of capital, even if that was not actually the truth." Ex. A (DX 7989) (emphasis added).

Likewise, the Indictment alleges that "HALLIGAN and Becker maintained a practice of consistently representing that Archegos's largest position represented 35% of its capital, even when that figure was inaccurate and misleading . . . ." Ind. ¶ 52.

The prosecution's pretrial papers in this case have repeatedly characterized the supposed "instruction" as a direction that Mr. Becker should *always* respond that the concentration of Archegos's largest position was 35%, even if it was not. *See* Gov't Mtn. in Limine, ECF No. 164, at 7 ("[I]n or about 2017, when Becker took over the role of liaising with the credit teams at the counterparties, Halligan instructed Becker, in substance, to tell the counterparties that Archegos's largest position was 35% of Archegos's capital, even if that was not the truth."); Gov't 404(b) Notice, at 5-6 ("In addition, in or about 2018, when Becker took over the role of liaising with the credit teams at the counterparties, Halligan instructed Becker, in substance, to tell the counterparties that Archegos's largest position was 35% of Archegos's capital, even if that was not the truth."); Gov't Ltr. Apr. 19, 2024, at 2 ("Becker is expected to testify, in substance and in part, that, beginning in or about 2018, Becker began leading the telephone calls with counterparties and, in advance of doing so, Halligan directed Becker to tell counterparties that Archegos's largest position was approximately 35% of Archegos's capital, even when that information was inaccurate.").

**SA McDonald's Grand Jury Testimony Is Admissible**

If the prosecution is allowed to amend the indictment mid-trial – and it should not be, *U.S. v. Zingaro*, 858 F.2d 94, 95 (2d Cir. 1988) (permitting constructive amendment is "fatal error") – then Mr. Halligan must be allowed to introduce SA McDonald's testimony as a statement of a party opponent.

It is plain law in this Circuit that statements by the prosecution or its agents in the course of their official functions are admissible against the government by criminal defendants. *See, e.g.*, *United States v. GAF Corp.*, 928 F.2d 1253, 1258–59 (2d Cir. 1991) (trial court's denial of defendants' motion to introduce original bill of particulars, which attributed wrongful conduct for which defendants were convicted to a different individual, was admissible as a party admission under FRE 801(d)(2)(B)); *United States v. Paloscio*, No. 99 CR. 1199 (LMM), 2002 WL 1585835, at *1–2 (S.D.N.Y. July 17, 2002) (granting defendant's motion for an order admitting, as prior inconsistent statement and/or a party admission, "various statements of the Government made in the course of their prosecution of the instant case," including statements made on the record during a pretrial detention hearing); see also *Harris v. United States*, 834 A.2d 106, 111–12 (D.C. 2003) (holding that agent's sworn affidavit in support of search warrant that U.S. Attorney approved, which contradicted prosecution's theory and supported defendant's self-defense theory, "was an adoptive admission by a party that was admissible against the government," reversing

Hon. Alvin K. Hellerstein             - 4 -             June 28, 2024

convictions and remanding for new trial); *United States v. Kattar*, 840 F.2d 118, 131 (1st Cir.1988) (holding that brief filed by United States in separate litigation that was inconsistent with its position in instant prosecution should have been admitted).

      SA McDonald's statement is being offered against the government; the government plainly "manifested that it adopted or believed [the statement] to be true," Rule 801(d)(2)(B); the statement "was made by a person whom the [government] authorized to make [the statement," Rule 801(d)(2)(C); and was made by the government's "agent or employee on a matter with the scope of that relationship and while it existed;," Rule 801(d)(2)(D). It is thus admissible against the prosecution.

      For these reasons, we request that the Court allow Mr. Halligan to introduce SA McDonald's grand jury testimony (DX 7989).

      We thank the Court for its attention to this matter.

                          Respectfully submitted,

                          Mary E. Mulligan

cc: All Counsel (by ECF)