O59sHWA1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA,

            v.                              22 CR 240(AKH)

SUNG KOOK HWANG and PATRICK HALLIGAN,

              Defendants.
------------------------------x
                                        New York, N.Y.
                                        May 9, 2024
                                        5:15 p.m.
Before:

              HON. ALVIN K. HELLERSTEIN,

                                        District Judge
                                        -and a jury-

                    APPEARANCES

DAMIAN WILLIAMS,
     United States Attorney for the
     Southern District of New York
BY:  MATTHEW D. PODOLSKY
     ANDREW M. THOMAS
     ALEXANDRA ROTHMAN
     SAMUEL ROTHSCHILD
     Assistant United States Attorneys

FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP
     Attorneys for Defendant Halligan
BY:  MARY MULLIGAN
     TIMOTHY HAGGERTY

KRAMER LEVIN NAFTALIS & FRANKEL LLP
     Attorneys for Defendant Hwang
BY:  BARRY H. BERKE
     DANI R. JAMES
     JORDAN L. ESTES

1                       APPEARANCES (Continued)

2
    ALSO PRESENT:
3   Anna Gamboa, USAO Paralegal
    Arjun Ahuja, USAO Paralegal
4   Madeline Sonderby, USAO Paralegal
    Raymond McLeod, Defense Trial Consultant
5   Conor O'Shea, FBI Special Agent

1             (Trial resumed)
2             THE COURT:  Swear the jury, Brigitte.
3             Members of the jury, you'll now be sworn to function
4    as a jury.
5             Ms. Jones will take over.
6             THE DEPUTY CLERK:  Please rise.
7             (A jury of twelve and six alternates was impaneled and
8    sworn)
9             I have just a few remarks, and then we'll recess until
10   Monday morning at ten o'clock.  So what's important to say is
11   this.
12            As a jury, you're going to be focusing on the witness
13   and on the documents.  It would be wrong to talk to one another
14   or anyone else about this case.  You have to keep an open mind
15   until the end.  Evidence comes in bit by bit.  Sometimes it's
16   not understandable in its particulars.  You need a full story,
17   and the full story does not come in until all the evidence is
18   in, the lawyers will give you the summation, I'll give you the
19   charge, and then it will be time to deliberate.  Not before.
20   So, rule number one, do not discuss anything about the case.
21            Rule number two.  Do not research this case.  Now, we
22   all have a habit with access to the internet.  You could look
23   up anything in the world that you want to know, and if you
24   don't know that, you could ask Google for anything more.  Do
25   not do it.  Please do not do it.  It would be wrong to do it.

1    It would be wrong because the evidence has to come in, in
2    court.  It would be wrong because you'll get a piece of
3    evidence and no one will have an opportunity to explain it or
4    to challenge it.  And it would be wrong because you give up a
5    certain specialty to yourself, and then how are you going to
6    use it for the rest of the jury?  They haven't heard it.  They
7    haven't seen it.  It's not common to everybody.  Do not
8    research the case.
9             Do not use media to tell anyone else about the case.
10   Why do you want someone else to know you're a juror in this
11   case?  It would only attract comments, which would be improper,
12   or questions, which would be improper.  Do not give social
13   media about the case.  There will be time enough after it's
14   over to talk about it.
15            Lawyers and parties do not address the jury.  Not even
16   to say hello.  Not even to say how are you.  And, members of
17   the jury, do not address the lawyers or their counsel.  I know
18   it's impolite.  I know it's the nice thing to say, how are you.
19   After all, we're going to have a common experience here.  Do
20   not do it.  We also have to be absolutely fair and impartial.
21   We also have to be appearing to be fair and impartial.  So
22   there will be no words spoken between you.
23            Now, you'll come back Monday at 10:00 a.m.
24            And, Brigitte, they will assemble where?
25            THE DEPUTY CLERK:  In the jury room, in here.

1        THE COURT: They know where the jury room is?
2        THE DEPUTY CLERK: We'll discuss all of it.
3        THE COURT: You'll take care of it and get the
4   telephone numbers of the jurors.
5        THE DEPUTY CLERK: I'll do that now.
6        THE COURT: Now, we're going to start at ten o'clock
7   promptly on Monday. We cannot start unless everyone is here.
8   That means if one juror is late, everyone has to wait, so it's
9   very important to be on time.
10       Some of you are coming from distances. Please plan
11  ahead. Please allow time. When you come here, you'll assemble
12  in the jury room. Ms. Jones will explain. We'll have, I
13  suppose, coffee, even under the stringent budgets that we get.
14       Yes, Brigitte?
15       THE DEPUTY CLERK: Yes.
16       THE COURT: And whatever, maybe some goodies, I guess,
17  as well.
18       I'll have some more to talk to you about Monday
19  morning before the lawyers open. What you'll expect on Monday
20  is a few more remarks, I'm going to read the summary of the
21  indictment again so you'll have the charges in mind, and then
22  the government will open and give you a picture of the case, so
23  you'll have context. And it will present the case as a whole
24  and you'll be able to fit the parts of it into the whole as you
25  go along.

1               And the defense will give you their opening, if they
2    wish to do so.  Remember, the defendant is presumed innocent.
3    They don't have to do a thing.  Not a thing.  And if the
4    government doesn't prove the case beyond a reasonable doubt,
5    the verdict must be not guilty.  It's entirely a government
6    burden, but the defense may have things to say.  They will say
7    it on the opening.  What the lawyers say is not evidence.  It's
8    a picture.  It could be wrong.  It's a picture of what will
9    come.  And after the openings, we'll have the first witness and
10   proceed.
11              I promise you efficiency to the best I can.  I promise
12   the lawyers and parties fairness.  That's my job.  To the best
13   I can, I will answer your questions.
14              You'll each get a notebook and a pen to take notes if
15   you wish to do so.  Some people are good at taking notes.
16   Others are not.  Note-taking is an art.  You take such notes as
17   you want to take.  Your notes are yours only.  They are not to
18   be shared with anyone else.  If we enter the case, you want to
19   remember, we have procedures by way of bringing back the
20   evidence that you don't remember.  But take notes to the extent
21   you want to take notes for your own benefit.
22              We'll collect the notebooks at the lunch break and at
23   the evening break, and we'll give them back to you at the next
24   session.  At the end of the case, we'll pick up your notes and
25   destroy them.  We do that because everything you do is private.

1   When you enter your deliberations, you are confiding in one
2   another, you're giving your thoughts, your sincere thoughts,
3   and you should not have any fear or concern that someone will
4   quote you or someone will say something detrimental to you.
5   What goes in the jury remains in the jury.  You needn't talk to
6   anyone else about it.  To assist that, we pick up the notes and
7   destroy them, and they have no longer any purpose.
8            I think that's it.  Anything more I need to say?
9            Have a wonderful weekend.
10            THE DEPUTY CLERK:  They are going in the back with me.
11            THE COURT:  Ms. Jones will give you some more
12  instructions of a procedural nature.  I will see you Monday
13  morning at ten o'clock.
14            Thank you so much for your patience.
15            (Adjourned to Monday, May 13, 2024, at 10:00 a.m.)