O7ARHWA1

```
1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x
    UNITED STATES OF AMERICA,
3
                v.                          22 CR 240(AKH)
4
    SUNG KOOK HWANG and PATRICK
5   HALLIGAN,
                    Defendants.
6   ------------------------------x
                                            New York, N.Y.
7                                           July 10, 2024
                                            9:30 a.m.
8   Before:

9                   HON. ALVIN K. HELLERSTEIN,

10                                          District Judge
                                            -and a jury-
11                              APPEARANCES

12  DAMIAN WILLIAMS,
         United States Attorney for the
13       Southern District of New York
    BY:  MATTHEW D. PODOLSKY
14       ANDREW M. THOMAS
         ALEXANDRA ROTHMAN
15       SAMUEL ROTHSCHILD
         Assistant United States Attorneys
16
    FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP
17       Attorneys for Defendant Halligan
    BY:  MARY MULLIGAN
18       TIMOTHY HAGGERTY
         BONNIE BAKER
19       ANIL VASSANJI
         RUPITA CHAKRABORTY
20
    KRAMER LEVIN NAFTALIS & FRANKEL LLP
21       Attorneys for Defendant Hwang
    BY:  BARRY H. BERKE
22       DANI R. JAMES
         JORDAN L. ESTES
23       MICHAEL MARTINEZ
         MICHELLE BEN-DAVID
24       SHAKED SIVAN
         DAYNA CHIKAMOTO
25
```

O7ARHWA1

1                          APPEARANCES (Continued)

2

ALSO PRESENT:
3   Anna Gamboa, USAO Paralegal
    Arjun Ahuja, USAO Paralegal
4   Madeline Sonderby, USAO Paralegal
    Raymond McLeod, Defense Trial Consultant
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

O7ARHWA1

                    (Trial resumed; jury not present)

                    THE COURT:  Good morning, everybody.  You can sit.

We'll bring the jury in.

                    MR. BERKE:  Can I raise one small issue?

                    THE COURT:  Yes, Mr. Berke.

                    MR. BERKE:  Thank you.  Related to the jurors' request

about evidence and the exhibits, I just wanted to -- when the

jury came out, Juror No. 2 -- I confirmed this by looking at

the transcript -- said, But you said we could have the

evidence, and looked over at me.  I thought I saw that.  I

looked at the transcript and I realized that when I went

through quite quickly, as the court reporters will certainly

remember, the slides and charts we had about the companies, I

said, If there's evidence, exhibits, testimony you want related

to these companies, you can ask for it.  I think that at least

that juror, maybe other jurors, thought I meant the charge, but

obviously, I was talking about the underlying evidence.

                    I would ask your Honor to consider just telling the

jurors that if there are any of the exhibits or evidence

related to anything they heard in summations or otherwise

related to the topic that they would like, we can identify

those exhibits for them, exhibits and testimony.  Because I do

think there is a lot of exhibits, a lot of issues, and just ask

them if there are topics, we'll work together to identify the

exhibits and testimony related to that.

O7ARHWA1

1        THE COURT:  I don't think we need to say anymore.

2   They know what they have to do.  The instructions gave them

3   whatever they need to know.  They are not embarrassed to ask

4   for things.  They want the list.

5        MR. BERKE:  OK.  Thank you, Judge.

6        MS. ROTHMAN:  One other note, I don't know if your

7   Honor is aware, but I believe we gave a cable to the law clerk,

8   which Brigitte took back.  I think we're all set.

9        THE COURT:  Did you provide a cable?

10       MS. ROTHMAN:  We provided it to the law clerk, your

11  Honor, and --

12       THE COURT:  We'll give it to the foreperson.

13       MS. ROTHMAN:  I think Brigitte took the cable back

14  already.

15       THE COURT:  OK.

16       MR. BERKE:  We're having a bet about which juror was

17  able to set up the screen in the jury room so they can look at

18  the exhibits.

19       THE COURT:  If there's a problem, we asked our AV

20  department to go and do it.  The fella who is assigned to do it

21  hasn't shown up.  We don't know where he is in the building.

22  He got lost.

23       MS. MULLIGAN:  He could be in the elevator, trapped in

24  the elevator.

25       MS. ROTHMAN:  Thank you, your Honor, for helping with

O7ARHWA1

1      that.

2              THE COURT:  If you have a copy of the page we agreed

3      upon last night, I'm making two small changes.  In the first

4      sentence, in the second line, I'm adding "Title 18."  And in

5      the paragraph that opens with "a pattern," in the third line, I

6      will say:  "That is, two or more acts" and I'm adding "within a

7      ten-year period in the following categories."

8              MS. ROTHMAN:  That's fine with the government.  Could

9      I offer one very small proposed change?

10             THE COURT:  No.  No more.

11             MS. MULLIGAN:  Your Honor, with respect to the

12     ten-year period, I think that becomes confusing if we don't put

13     the date of the indictment because that suggests that this

14     alleged conspiracy --

15             THE COURT:  I'm taking it out.

16             MS. MULLIGAN:  Thank you, your Honor.

17             THE COURT:  I'm not going to say anything about that.

18             We have another note.  Is the screen set up?

19             THE DEPUTY CLERK:  Yes, but it's not dark enough in

20     there.

21             THE COURT:  The note is at 9:53 this morning:

22             May we have a large monitor so we can all see the

23     computer screen together?

24             Can't we use a projector, Brigitte?  We'll try to work

25     it out.  OK.  Brigitte, did you give the jurors an index of all

O7ARHWA1

1    the exhibits?

2              THE DEPUTY CLERK:  No, I don't have that.

3              THE COURT:  Do you have the index of all the exhibits?

4              MR. THOMAS:  No, your Honor.  The defense opposed the

5    use of an index so we haven't been able to.

6              THE COURT:  I can't hear you.  You have to speak into

7    the microphone.

8              MR. THOMAS:  The parties aren't able to agree on an

9    index.  Our understanding is the defense doesn't wish to

10   provide that.

11             THE COURT:  We'll speak to them afterwards.  Bring in

12   the jury.

13             He's AV?  Let's wait for the AV to set up.  Sit.

14             Ms. Rothman, what couldn't you agree to, the titles?

15             MS. ROTHMAN:  Sorry, your Honor?

16             THE COURT:  What couldn't you agree to, the titles?

17             MS. ROTHMAN:  My understanding is the defense does not

18   want to --

19             THE COURT:  Don't label government or defense.  What

20   are the problems generically?

21             MS. ROTHMAN:  We would like to give an index, the

22   government.

23             THE COURT:  Don't say "we" or "what."  What is the

24   problem?

25             MS. ROTHMAN:  That not all parties are in agreement on

O7ARHWA1

 1    providing an index, your Honor.  That is the problem.

 2             THE COURT:  Oh, it's not the content then --

 3             MS. ROTHMAN:  Correct.

 4             THE COURT:  -- it's the idea?

 5             MS. ROTHMAN:  Correct, your Honor.

 6             THE COURT:  What's the harm in giving it in principle,

 7    a list, Mr. Berke?

 8             MR. BERKE:  Your Honor, I can speak to it, and we've

 9    dealt with these issues in other cases.  Our concern is, first,

10    the index would be too long.  There's so many exhibits.

11             THE COURT:  How many there are just out of curiosity?

12             MR. BERKE:  Many hundreds.  We can get you the exact

13    number.

14             THE COURT:  Around 800?

15             MR. BERKE:  No, many hundreds.  I can get you the

16    exact number.

17             (Jury present)

18             THE COURT:  Be seated, everyone.  Good morning,

19    members of the jury.

20             JUROR:  Good morning.

21             THE COURT:  So an answer to your question asking about

22    a summary of the conspiracy count, here it is, one page:

23             Count One charges the defendants with participating in

24    a conspiracy to violate the federal racketeering statute,

25    Section 1962(c), Title 18, United States Code.

O7ARHWA1

1          To prove a conspiracy, the government must prove the

2  following three things beyond a reasonable doubt:

3          (1) the existence of the conspiracy charged in the

4  indictment; in other words, that there was an agreement or

5  understanding to violate the RICO statute; and

6          (2) that the defendant you are considering

7  intentionally, knowingly, and willfully became a member of the

8  conspiracy; that is, he knowingly joined and participated in

9  the conspiracy;

10          (3) that the object of the conspiracy was to conduct

11  the affairs of an enterprise, that is, Archegos, through a

12  pattern of racketeering activity.

13          The enterprise intended by the alleged conspirators

14  must satisfy the following criteria:

15          (1) that the defendants knowingly and willfully

16  intended the enterprise to exist;

17          (2) that the racketeering activities affected or would

18  have affected interstate commerce;

19          (3) that the defendants intended that each would be

20  employed by or associated with the enterprise;

21          (4) that each defendant knowingly and willfully

22  conspired to participate in the conduct of the affairs of the

23  enterprise through a pattern of racketeering activity, that is,

24  through two or more acts in the following categories:

25          First, intending securities fraud under Section 10b of

O7ARHWA1

1    Title 15, United States Code;

2             Second, intending securities fraud under Section 1348

3    of Title 18, United States Code;

4             Third, intending wire fraud under Section 1343 of

5    Title 18, United States Code.

6             The jury must be unanimous as to which alleged

7    predicate acts the defendants carried out or agreed to carry

8    out and in which category or categories.

9             That is the summary.  The next letter, which came out

10   this morning.  What number did we give it, Alyssa?  Do you

11   know?  Nicole, do you know?

12             THE LAW CLERK:  Four.

13             THE COURT:  Four?

14             MR. BERKE:  Your Honor, I think it would be Court

15   Exhibit 14.

16             THE COURT:  OK.  Court Exhibit 14.

17             May we have a large monitor so we can all see the

18   computer screen together?  Thank you, Virginia Pope, 9:53 a.m.,

19   this morning.

20             We're working on it folks.  We'll get it.  Is that

21   all?  Anything else come up?  Go deliberate.

22             THE COURT:  Thank you, folks.  I think I'm tending to

23   agree with Mr. Berke that there's so much in the index that

24   it's not worthwhile, so come and ask.  If they want it, we'll

25   prepare it.  We'll deal with the problem then.

O7ARHWA2

1              MR. THOMAS:  Judge, on the screen, it occurs to me

2     that that might be on wheels, the screen here.  I don't know if

3     that could be relocated to the jury room.

4              THE COURT:  We will leave that to AV.

5              MR. THOMAS:  Yes, your Honor.

6              THE COURT:  I don't know that any of us are

7     specialists in screens.

8              (Recess pending verdict)

9              (Jury not present)

10              THE COURT:  Be seated.  I'll read the jury question

11     into the record, and my law clerk is giving you a proposed

12     answer.  The jury question, which is marked Court Exhibit 15,

13     reads as follows:

14              Must there be an explicit conversation by the

15     defendants deciding to conspire as it pertains to the RICO

16     count?

17              And there's an asterisk which says, "meeting of the

18     minds."  And I think that pertains to "explicit conversation."

19     So to reread:

20              Must there be an explicit conversation, that is, a

21     meeting of the minds, by the defendants deciding to conspire as

22     it pertains to the RICO count?

23              And the answer is no, but you'll see the proposed

24     answer we give.

25              Second, please define "good faith" as it pertains to

O7ARHWA2

1    RICO.

2              And again there's an asterisk on "good faith," if

3    intention was legitimate, and we propose to repeat the

4    definition on pages 36 and 37 of the original charge.  Not of

5    the original charge, the charge that was given.  And this was

6    at 10:47 a.m. today, July 10.  And Ms. Pope, the foreperson

7    adds:

8              Also, can we see statute 1962(c)?

9              I'll reread it to them slowly.  So I wait for your

10   comments with regard to our proposal.

11             MR. THOMAS:  Your Honor, the government is ready with

12   comments whenever the Court is ready to hear them.

13             THE COURT:  Why don't you exchange your comments with

14   the defendants and see if we have a consensus?

15             MR. THOMAS:  Yes, your Honor.

16             (Off-the-record discussion occurred)

17             THE COURT:  What seems to be the problem, folks?

18   We're just reading a copy-and-paste job from the original

19   charge.

20             MR. BERKE:  Judge, could we just maybe raise a couple

21   issues?  I think we're close, but there are some disputes.

22             THE COURT:  Get to a microphone, please.

23             MR. BERKE:  Yes, they are discussions.  OK.  Judge, so

24   beginning on the first question.

25             THE COURT:  Yes.

1          MR. BERKE:  We would like to say, because the question

2     is, you know, Does there need to be a meeting of the minds, and

3     it goes on, we would like to say, at the beginning, there does

4     need to be a meeting of the minds.  And we would also ask, your

5     Honor, to take out the last sentence.  It is rare that a

6     conspiracy can be proven by direct evidence of an explicit

7     agreement.  We think in the context of giving this charge to

8     that answer, that could have undue weight.  But otherwise we're

9     fine with your Honor's proposed answer.

10          THE COURT:  What do you want me to do?

11          MR. BERKE:  Add at the beginning:  There does not need

12     to be a meeting of the minds.

13          THE COURT:  There does have to --

14          MS. MULLIGAN:  There does.

15          MR. BERKE:  Yes, thank you.  There does need to be a

16     meeting of the minds.  Sorry, Judge.  There does need to be a

17     meeting of the minds period.

18          THE COURT:  But it does not have to be an explicit

19     conversation.

20          MR. BERKE:  Yes.

21          THE COURT:  Then I'll say, I'll repeat what I

22     instructed before and follow with everything I wrote.

23          MR. BERKE:  Yes, and Judge, the other request on

24     question one is if your Honor would take out the sentence it is

25     rare that a conspiracy could be proven by direct evidence.

1              THE COURT:  That's so often repeated in the case law.

2       Unless the government consents, I decline.

3              MR. THOMAS:  We do not consent, your Honor.

4              THE COURT:  I decline to change that.  So I will add

5       before we read these two paragraphs, There has to be a meeting

6       of the minds, but it does not have to be an explicit

7       conversation.  I'll repeat what I instructed before.

8              MR. BERKE:  OK.  Thank you, Judge.

9              MR. THOMAS:  Your Honor, since we're on point one, can

10      I make one suggestion?

11             THE COURT:  Yes.

12             MR. THOMAS:  Just before you -- while we're

13      comfortable with Mr. Berke's addition that the Court just

14      noted, we would suggest to start the response by simply saying

15      no, so the jury understands the Court is just directly

16      responding to the question.

17             THE COURT:  No.  Their question is too complicated for

18      that.

19             MS. MULLIGAN:  We concur, your Honor.

20             THE COURT:  It would be accurate just to say no if

21      there had not been a parentheses at the end.  So I can't do

22      that.

23             MR. BERKE:  Your Honor --

24             THE COURT:  Ms. Mulligan had a comment.

25             MS. MULLIGAN:  Your Honor, we concur with the Court's

O7ARHWA2

1    ruling with respect to it's a complicated question, so thank

2    you.

3                 THE COURT:  Question two.

4                 MR. BERKE:  Your Honor, on the second one, the

5    prosecution has asked that we change in the first sentence

6    "knowledge" to "intent," and the defense is comfortable with

7    that.

8                 THE COURT:  So change knowledge to intent, and that's

9    consensus?

10                MR. BERKE:  Yes.

11                THE COURT:  Done.

12                MR. BERKE:  Great.  Your Honor says in the second

13   sentence, two of the three predicate acts require good faith.

14   I think both sides agree that all three of the predicate acts

15   require good faith.

16                THE COURT:  All right.  So strike two of.

17                MR. BERKE:  I'm sorry.  All three --

18                THE COURT:  We will say all three predicate acts in

19   Count One, all three.  OK.

20                MR. BERKE:  Related to that, your Honor --

21                THE COURT:  I can't say that.  Wait a minute.  I can't

22   say all three predicate acts alleged in Count One of the

23   indictment.

24                MR. BERKE:  They all involve fraud or securities

25   fraud.

O7ARHWA2

1          THE COURT:  Instead of constitute, we would say

2    involve.  So the separate sentence would read:  All three

3    predicate acts alleged in Count One of the indictment involve

4    securities fraud, and that's not true because the third

5    predicate act is wire fraud.

6          MR. BERKE:  Right, but it involves fraud though, fraud

7    or securities fraud.

8          THE COURT:  Let me rewrite this a little bit.  All we

9    need is the first sentence of the first paragraph:  The concept

10   of good faith comes into play in connection with the

11   requirement of intent to defraud.  And then I go right down to

12   the next paragraph.  A person acts with the specific intent to

13   defraud if he or she intends, et cetera.

14         MR. BERKE:  Your Honor, we would ask that your Honor

15   include, either in the first paragraph or the third, the

16   language from your charge that says, Because an essential

17   element of the crime charged is intent to defraud, good faith

18   on the part of the defendant is a complete defense.  And that's

19   at the bottom of page 30 of your Honor's charge.

20         MS. MULLIGAN:  Your Honor, and we would request an

21   additional line from the charge, which is on page 31, which is:

22   An honest belief in the truth of a representation made by the

23   defendant is also --

24         THE COURT:  Isn't that also in the text of what I

25   propose to say?

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

O7ARHWA2

1          MS. MULLIGAN:  We've reached agreement on that.

2          MR. BERKE:  I spoke to Ms. Mulligan.  I think if your

3    Honor were to add:  Because an essential element of the crime

4    charged is intent to defraud, good faith on the part of the

5    defendant is a complete defense.

6          MS. MULLIGAN:  We agree with that, your Honor.  Thank

7    you.

8          THE COURT:  I'm going to stick with the language we

9    had before in the bottom part of the paragraph I gave to you,

10   the bottom part of the page 1:

11         The defendant must know that his or her -- we have no

12   her here -- that his words and actions were untrue and

13   deceptive, and were used for the specific purpose of obtaining

14   money or property through those untruths and deceptions.  If

15   the defendant had a good faith belief that his words and

16   actions were truthful and honest, you must acquit that

17   defendant.

18         Defendants do not have the burden to show good faith

19   belief, that their words and actions were untrue.  The

20   government has the burden to prove, et cetera.  I think those

21   are adequate, and I'm going to stick with that.

22         MR. BERKE:  Your Honor --

23         MS. MULLIGAN:  Your Honor, with all respect -- if I

24   may, Mr. Berke?  With respect, the language is required from

25   the original charge to balance out this section, which is

 1   focused on intent.

 2             THE COURT:  What page are you looking at,

 3   Ms. Mulligan?

 4             MS. MULLIGAN:  Your Honor, we're looking at the

 5   sentence, which was at the bottom of page 30, your Honor.

 6             THE COURT:  Thirty?

 7             MS. MULLIGAN:  Thirty, yes, sir.  Of the --

 8             THE COURT:  Let me find it.

 9             MS. MULLIGAN:  And it begins --

10             THE COURT:  I'll find it.

11             MS. MULLIGAN:  Thank you, your Honor.

12             THE COURT:  You want me to take that section also?

13   OK.  Folks, here is the suggestion:

14             The first sentence is the question:  Do we keep except

15   that we change knowledge to intent.  I will leave two of the

16   three predicate acts alleged in Count One of the indictment.

17   Instead of constitute, I would say involve securities fraud, as

18   do other counts of the indictment.  The defendant you are

19   considering must have participated in the scheme intentionally

20   and willfully, knowing that the scheme would have the effect of

21   defrauding the victim.  I added, intent to defraud also is the

22   requirement for wire fraud, the third predicate act of the RICO

23   violation and the subject of Count Eleven.  And then, I keep

24   this paragraph intact.

25             Let me stop there for comments, and I'll go on to

O7ARHWA2

1    other suggestions.  I've incorporated Ms. Mulligan's comment.

2              MR. BERKE:  Your Honor, just one minor request.  Where

3    your Honor says, all that is important, would your Honor mind

4    changing that to what is important, just so that it's not

5    minimizing it in any way?  That's the last sentence of the last

6    paragraph.

7              THE COURT:  What do you want to do?

8              MR. BERKE:  Just say what is important as opposed to

9    all that is.

10             THE COURT:  I accept that.  Next paragraph.

11             MR. THOMAS:  Your Honor, the government has a comment

12   on that paragraph.  In what is now the second to last sentence,

13   I believe, it would end with would have the effect of

14   defrauding the victim.

15             THE COURT:  Which paragraph?

16             MR. THOMAS:  In the first paragraph of the second

17   section, which, what I think is now the second to last

18   sentence.

19             THE COURT:  I have it.

20             MR. THOMAS:  We would propose to add or manipulating

21   securities to the end of that sentence, so that the jury

22   understands --

23             THE COURT:  OK.  I adopt that.  We're down to the

24   bottom of the page.  After the first sentence at the end of the

25   line 2, I would add a sentence from page 30 of the original

1    charge, as follows:  Because an essential element of the crimes

2    charged is intent to defraud, good faith on the part of a

3    defendant is a complete defense.  And it follows as original.

4            MR. BERKE:  Your Honor, that's --

5            THE COURT:  Ms. Mulligan, does that take your point

6    into account?

7            MS. MULLIGAN:  Your Honor, thank you.  We asked for

8    that, and we appreciate it.  Thank you.

9            MR. BERKE:  And, your Honor, we have one slight

10   further request that I attribute to Ms. James, because she, as

11   always, is a better reader than me.  She, in reading the note,

12   she notes that the jurors asked:  Please define good faith as

13   it pertains to RICO.  There's an asterisk on good faith, and it

14   says if intention was legitimate.  So we would just ask, just

15   to be responsive to that request about intention being

16   legitimate, if in the paragraph your Honor just read, after you

17   say good faith belief that his words and actions were truthful

18   and honest, if you just add or motivated by a legitimate

19   purpose.

20           THE COURT:  No.  That's too broad.  The motivation for

21   good and the act can be bad.

22           MR. BERKE:  OK.  How about a good faith belief --

23           THE COURT:  The jury has got it right.  We just say

24   good faith means a legitimate intention.

25           MR. BERKE:  Yeah.  That his words and actions were

O7ARHWA2

1    truthful and honest or a legitimate intention.

2             THE COURT:  Ms. Rothman is shaking her head.

3             MR. THOMAS:  Well, your Honor, we don't think that

4    actually captures the concept of good faith, and it also risks

5    confusion on a related matter, which is the enterprise itself

6    can be legitimate.  So we worry that this instruction is going

7    to tell the jury that if it finds that Archegos was set up for

8    a lawful purpose, that it cannot convict on Count One, which

9    would be legally wrong.

10            MR. BERKE:  But your Honor is very clear in the

11   instruction.  You are talking about intent.  I think if your

12   Honor simply adds the proposed language of --

13            THE COURT:  How about I do this:  Good faith means

14   that defendant acted with honest intent.

15            MR. BERKE:  Thank you, your Honor.  We're good with

16   that.

17            MS. MULLIGAN:  We agree.  Thank you.

18            THE COURT:  Mr. Thomas?

19            MR. THOMAS:  That's acceptable to the government, your

20   Honor.

21            THE COURT:  Super-duper.

22            MR. THOMAS:  We do have a couple other comments.

23            THE COURT:  And it will go after the first four words

24   in the second sentence at the top of page 2.  We'll be marking

25   this entire markup as Court Exhibit 19.  Is that right?

O7ARHWA2

1        THE DEPUTY CLERK:  Sixteen.

2        THE COURT:  Sixteen.  Yes.

3        MR. THOMAS:  So there are a couple of places in this

4  proposed write-up including first in, I think, paragraph 2

5  towards the end the final sentence beginning, all that is

6  important is that the defendant specifically intended.

7        THE COURT:  We're going to say what is important.

8        MR. THOMAS:  Right.  It says to obtain money or

9  property.

10        THE COURT:  What page are you on?

11        MR. THOMAS:  The first page, your Honor, end of the

12  second paragraph of the second section.

13        THE COURT:  Yes.  It's going to be what is important.

14  And what else do you want to add?

15        MR. THOMAS:  Well, your Honor, the phrase money or

16  property is only accurate with respect to wire fraud.

17  Obtaining money or property is not necessary for the

18  manipulation or securities fraud generally, so we would propose

19  that it read:  The defendant specifically intended to defraud,

20  deceive, or manipulate, and then continue, and the government

21  must prove that as to each defendant beyond a reasonable doubt.

22        MR. BERKE:  We're fine with that, your Honor.

23        MS. MULLIGAN:  We concur.

24        THE COURT:  The sentence shall read:  What is

25  important is that the defendant specifically intended to

O7ARHWA2

1    defraud, deceive, or manipulate another, and the government

2    must prove that.  I don't need another.  What is important that

3    the defendant specifically intended to defraud, deceive, or

4    manipulate, and the government must prove that beyond a

5    reasonable doubt.  OK.  We are done.

6              MR. THOMAS:  So, your Honor, that same concept recurs

7    in the next paragraph in the first sentence.  It says, the

8    actions were untrue and deceptive and were used for the

9    specific purpose of obtaining money or property.

10             THE COURT:  We will put a period after deceptive.

11             MR. THOMAS:  Thank you, your Honor.

12             THE COURT:  We'll get this retyped, and show it to you

13   again.

14             MR. THOMAS:  Your Honor, our last question is to have

15   a sentence at the end that tells the jury that the enterprise

16   itself may be lawful.

17             THE COURT:  I'm not going to do that because they

18   didn't ask for that.

19             MR. THOMAS:  Yes, your Honor.

20             THE COURT:  Is that what you wanted to tell me,

21   Mr. Berke?

22             MR. BERKE:  Your Honor, I just wanted to say I defer

23   to your Honor's good judgment on that question and know when to

24   sit down.

25             MR. PODOLSKY:  Your Honor, may we just get a -- maybe

O7ARHWA2

1      take a photograph of a clean copy so we can follow along?

2              THE COURT:  I'm going to give it to you.

3              MR. PODOLSKY:  OK.  Great.

4              THE COURT:  I have a couple changes I want to make.

5              MS. ROTHMAN:  As do we, your Honor.

6              THE COURT:  Let me give you the suggestion I want to

7      make.  May I?

8              MS. ROTHMAN:  Yes, your Honor.

9              THE COURT:  Mr. Berke?

10             MR. BERKE:  I apologize.

11             THE COURT:  At the bottom of page 1, I would stop the

12     paragraph at the end of the second sentence.  On the next page,

13     I would take --

14             MS. MULLIGAN:  Your Honor, if I might just have a

15     minute to catch up?  Sorry.  Thank you, your Honor.

16             THE COURT:  At the bottom of page 1, I suggest that I

17     stop the paragraph at the end of the second sentence, deleting

18     the balance of the paragraph.  As to the next paragraph, the

19     top paragraph on page 2, I would lead off with the sentence:

20     Good faith means that the defendant acted with honest intent,

21     and then go on with the rest of the paragraph.

22             MR. BERKE:  Your Honor, that would be acceptable to

23     the defense for certain.  We had also raised with the

24     prosecution --

25             THE COURT:  Let's see if that change will go along

O7ARHWA2

1    with the prosecution.

2              MS. ROTHMAN:  Just to clarify, on the second change,

3    are you proposing to eliminate the first two sentences on --

4              THE COURT:  No, because they would follow.

5              MS. ROTHMAN:  Because I think the --

6              THE COURT:  It would say, good faith means that the

7    defendant acted with honest intent.  The defendant must know

8    that his words and actions were untrue and deceptive.  If the

9    defendant had a good faith belief that his words and actions

10   were truthful and honest, you must acquit that defendant.  If

11   defendant did not have the burden to show good faith belief, et

12   cetera --

13             MS. ROTHMAN:  So I understand the change.  I think the

14   government's objection to that proposal and the sentence that

15   you propose ending page 1 with, which is that good faith is a

16   complete defense, is that in the context of the RICO charge, I

17   don't think that's an accurate statement of law.  Because --

18             THE COURT:  Excuse me.  I'm not following,

19   Ms. Rothman.  What paragraph are you on?

20             MS. ROTHMAN:  On page 1.

21             THE COURT:  Yes.

22             MS. ROTHMAN:  The final paragraph.

23             THE COURT:  Yes.

24             MS. ROTHMAN:  The Court has proposed to end that

25   paragraph with:  Good faith on the part of the defendant is a

O7ARHWA2

1    complete defense.

2              THE COURT:  Yes.

3              MS. ROTHMAN:  I don't think that's an accurate

4    statement of law with respect to the RICO charge, because what

5    the Court has done is told the jury correctly that good faith

6    applies in the context of the predicates.  But if the jury

7    finds there's no good faith for one or two acts, one securities

8    fraud and one wire fraud, the fact that there may be good faith

9    somewhere else does not provide a defense to RICO conspiracy.

10   And that is what's misleading about the language as drafted.

11             MR. BERKE:  Your Honor?

12             THE COURT:  So what would you want to change?

13             MR. THOMAS:  Your Honor, I think what we'd propose in

14   that first part is to say, because an essential element of the

15   predicate crimes charged is intent to defraud, and then we

16   would add deceive and manipulate there, comma, good faith on

17   the part of the defendant is a complete defense as to that

18   predicate at the end of the sentence.

19             MR. BERKE:  Your Honor, that would be OK.

20             THE COURT:  Sorry?

21             MR. BERKE:  That would be OK with the defense.

22             THE COURT:  Write it out, please, and give it to me.

23             MR. BERKE:  Yes, Judge.  Your Honor, if I may?  This

24   is in Mr. Thomas' and Ms. James' writing, which is why it's so

25   neat.

O7ARHWA2

| | |
|---|---|
| 1 | THE COURT:  The top paragraph on page 2 is full of |
| 2 | redundancies, which I'll be glad to overlook if it's consensus. |
| 3 | MS. ROTHMAN:  Your Honor, we have proposed changes to |
| 4 | the top paragraph on page 2.  We think it suffers from the same |
| 5 | problem that we flagged. |
| 6 | THE COURT:  Work it out. |
| 7 | MS. ROTHMAN:  Well, I can pass a proposal to the |
| 8 | defense. |
| 9 | THE COURT:  Work it out. |
| 10 | MS. MULLIGAN:  Could we just have the revised?  Sorry. |
| 11 | Maybe we should just have it. |
| 12 | MS. JAMES:  I honestly don't know. |
| 13 | MS. JAMES:  One moment, your Honor. |
| 14 | THE COURT:  I'll guess you agreed.  Give me back the |
| 15 | document. |
| 16 | MS. JAMES:  I can't fix it if you're in my ear. |
| 17 | MS. ROTHMAN:  I get it. |
| 18 | THE COURT:  Are you folks, finished? |
| 19 | MS. ROTHMAN:  I think we're very, very close, your |
| 20 | Honor. |
| 21 | MR. PODOLSKY:  We're going to write it into one |
| 22 | suggestion. |
| 23 | MS. JAMES:  It's agreed upon. |
| 24 | THE COURT:  It's agreed. |
| 25 | Finished folks? |

O7ARHWA2

1          MR. BERKE:  We've got it, Judge.

2          THE COURT:  Give it to Alyssa.

3          I thought you were finished.  We'll be back at 2:15.

4          MR. BERKE:  We're ready, Judge.  We have it.  Here it

5    is.  Thank you, Judge, for your patience.  Here it is.

6          THE COURT:  Don't read it anymore, Mr. Podolsky.  Just

7    give it to me.

8          MR. PODOLSKY:  Yes.

9          THE COURT:  Well done, folks.

10         MR. BERKE:  Thank you, Judge.  We just followed your

11   lead.  Thank you.

12         THE COURT:  We'll mark that revised and improved

13   version of the response to the jury as Court Exhibit 16 in

14   replacement of the other one I gave as a draft.

15         (Jury present)

16         THE COURT:  Be seated, all.  So I have your note of

17   10:47 a.m. this morning.  There are three issues, and I'll

18   respond one by one.  The first one:

19         Must there be an explicit conversation or meeting of

20   the minds by the defendants deciding to conspire as it pertains

21   to the RICO count?

22         The answer:  There has to be a meeting of the minds,

23   but it does not have to be an explicit conversation.  I'll

24   repeat what I've instructed you before.  The government does

25   not have to prove a formal agreement or that two or more people

O7ARHWA2

1    sat around a table and entered into a solemn pact orally or in

2    writing.  If people agree to enter into a criminal conspiracy,

3    much is left to unexpressed understanding.

4         It is rare that a conspiracy can be proven by direct

5    evidence of an explicit agreement.  In order to show that a

6    conspiracy existed, the evidence must show that two or more

7    persons, in some way or manner, either explicitly or

8    implicitly, came to an understanding to violate the law and to

9    accomplish an unlawful plan.

10         Does that answer your questions, members of the jury?

11         JUROR:  Yes.

12         THE COURT:  Thank you.

13         Next one:  Please define good faith, if intention was

14    legitimate, as it pertains to RICO.

15         The answer:  The concept of good faith comes into play

16    in connection with the intent requirement of a scheme, device,

17    or artifice to defraud, which is an element of securities fraud

18    violations.

19         Two of the three predicate acts alleged in Count One

20    of the indictment involve securities fraud, as do other counts

21    of the indictment.  The defendant you are considering must have

22    participated in the scheme intentionally and willfully, knowing

23    that the scheme would have the effect of defrauding the victim

24    or manipulating securities.  Intent to defraud is also a

25    requirement for wire fraud, the third predicate act of the RICO

1  charge and the subject also of Count Eleven.

2        Now, because an essential element of each of the

3  predicate crimes is intent to deceive, defraud, or manipulate,

4  good faith on the part of the defendant as to any predicate is

5  a complete defense to that predicate.  Good faith means that

6  the defendant acted with honest intent.  The defendant must

7  know that his words and actions were untrue and deceptive or

8  manipulative.  If the defendant had a good faith belief that

9  his words and actions were truthful and honest, he did not act

10 with the requisite intent for that predicate act.

11       Defendants do not have a burden to show a good faith

12 belief that their words and actions were untrue.  The

13 government has the burden to prove beyond a reasonable doubt

14 that the defendant lacked a good faith belief that his words

15 and actions were truthful.  And if the government proves that

16 beyond a reasonable doubt, that the defendant knew that his

17 words and actions were untrue and intended to deceive or

18 intended to manipulate, you should find that he had the

19 requisite intent with respect to that predicate act.

20       Knowledge and intent are states of mind.  Since we

21 cannot peer into another's mind, proof must be circumstantial,

22 from all of the surrounding circumstances, using rational and

23 logical inferences, to find what a person knew and intended.

24       The government must prove all the circumstances beyond

25 a reasonable doubt as to each defendant, that each defendant

1    knew that his words and actions were specifically intended to

2    defraud, deceive, and manipulate.

3              You have that.  Questions?  Great.

4              Finally:  Also, can we see statute 1962(c)?

5              I shall read it to you slowly:

6              It shall be unlawful for any person employed by or

7    associated with any enterprise, engaged in or the activities of

8    which affect interstate or foreign commerce, to conduct or

9    participate, directly or indirectly, in the conduct of such

10   enterprise's affairs, through a pattern of racketeering

11   activity.  There's something more, but that's the end of what

12   is relevant.  Again?

13             It shall be unlawful for any person employed by or

14   associated with any enterprise engaged in, or the activities of

15   which affect interstate or foreign commerce, to conduct or

16   participate, directly or indirectly, in the conduct of such

17   enterprise's affairs, through a pattern of racketeering

18   activity.  Stop.  Through a pattern of racketeering activity.

19   OK?  Continue to deliberate.  Thank you.

20             JUROR:  Thank you.

21             (Jury not present)

22             THE COURT:  Be seated.  We have some juror issues.

23   Tomorrow Juror No. 13, Harry Nourijainan has to leave by 2:30.

24             THE DEPUTY CLERK:  No.  He has to leave by 12:30.

25             THE COURT:  Has to leave by 12:30.  And Juror No. 14

O7ARHWA2

| | |
|---|---|
| 1 | can't start before 10:00, but that's not a problem.  Juror |
| 2 | No. 13 says he has got to be somewhere.  I can order him not to |
| 3 | be anywhere.  He has got a job to do.  What do you want me to |
| 4 | do? |
| 5 | MR. BERKE:  Your Honor, would it be possible to learn |
| 6 | a little more, like if it's an important medical appointment or |
| 7 | something with family or something.  I would not want the juror |
| 8 | to feel undue pressure if he has a good reason if that's |
| 9 | possible. |
| 10 | THE COURT:  I think we've got to be tough.  I wouldn't |
| 11 | want to substitute an alternate because it means going back to |
| 12 | ground zero again.  There's an option to go with 11.  I've done |
| 13 | that before. |
| 14 | MR. PODOLSKY:  I'm not sure if we can do it when we do |
| 15 | have alternates, and then if we have a scenario later where |
| 16 | someone has to leave.  I agree with your Honor that losing -- |
| 17 | making them start all over doesn't seem worth losing a couple |
| 18 | hours. |
| 19 | THE COURT:  We can go by 11, or we miss the day. |
| 20 | MR. PODOLSKY:  Let's see what information we can get. |
| 21 | I think our preference would be, if it's something he really |
| 22 | can't miss, we would rather sacrifice the afternoon. |
| 23 | MR. BERKE:  And your Honor, we agree. |
| 24 | THE DEPUTY CLERK:  He said, Don't worry about it. |
| 25 | THE COURT:  Don't worry about it? |

O7ARHWA3

1    THE DEPUTY CLERK:  He said if he can't make it, he
2    can't make it.
3    THE COURT:  We're OK.  Have a good lunch.
4    (Recess pending verdict)
5    (Jury not present)
6    THE COURT:  Be seated, please.  We have a note, marked
7    as Court Exhibit 17.  It reads:
8    The jury has reached a verdict.
9    Please bring out the jury.
10    (Jury present)
11    THE COURT:  Be seated, everyone.  Ms. Jones, if you
12    would take the attendance of the jury, please.
13    THE DEPUTY CLERK:  Ladies and gentlemen of the jury,
14    please answer present when your name is called.  Dominique
15    Phinn.
16    JUROR:  Present.
17    THE DEPUTY CLERK:  John Figuera.
18    JUROR:  Present.
19    THE DEPUTY CLERK:  Leila Fahmy.
20    JUROR:  Present.
21    THE DEPUTY CLERK:  Virginia Pope.
22    JUROR:  Present.
23    THE DEPUTY CLERK:  Went the wrong way.  Jordan Dalton.
24    JUROR:  Present.
25    THE DEPUTY CLERK:  Scott Erler.

O7ARHWA3

```
1              JUROR:  Present.

2              THE DEPUTY CLERK:  Zoe Fenton.

3              JUROR:  Present.

4              THE DEPUTY CLERK:  Lloyd Fricker.

5              JUROR:  Present.

6              THE DEPUTY CLERK:  Ye Tan He.

7              JUROR:  Present.

8              THE DEPUTY CLERK:  Harry Nourijainan.

9              JUROR:  Here.

10             THE DEPUTY CLERK:  Roxanna Ledesma.

11             JUROR:  Here.

12             THE DEPUTY CLERK:  Himani Sharma.

13             JUROR:  Present.

14             THE COURT:  All twelve jurors are here.  I have a note
```

15  which reads as follows, marked Court Exhibit 17, 4:01 p.m.:

16             The jury has reached a verdict.  Signed by Virginia

17  Pope, foreperson.

18             Ms. Jones, would you take the verdict from Ms. Pope

19  for my inspection?

20             Ms. Jones, can you return it to Ms. Pope?  Ask her to

21  sign as foreperson, and please date it.  Today is the 10th, and

22  the time, which would be 4:34.

23             THE DEPUTY CLERK:  You keep that.

24             THE COURT:  Ms. Jones, can you take the verdict,

25  please.

O7ARHWA3

1          THE DEPUTY CLERK:  Ms. Pope, please stand.  As to

2    Count One, how do you find Sung Kook Hwang?

3          JUROR:  Guilty.

4          THE DEPUTY CLERK:  As to Count One, RICO conspiracy,

5    how do you find Patrick Halligan?

6          JUROR:  Guilty.

7          THE DEPUTY CLERK:  Count Two, securities fraud.  As to

8    Count Two, how do you find Sung Kook Hwang?

9          JUROR:  Guilty.

10         THE DEPUTY CLERK:  Count Three, market manipulation.

11   As to Count Three, how do you find Sung Kook Hwang?

12         JUROR:  Guilty.

13         THE DEPUTY CLERK:  Count Four, market manipulation.

14   As to Count Four, how do you find Sung Kook Hwang?

15         JUROR:  Guilty.

16         THE DEPUTY CLERK:  Count Five, market manipulation.

17   As to Count Five, how do you find Sung Kook Hwang?

18         JUROR:  Guilty.

19         THE DEPUTY CLERK:  Count Six, market manipulation.

20         THE COURT:  Read the stock.  GSX Techedu.

21         THE DEPUTY CLERK:  As to Count Six, how do you find

22   Sung Kook Hwang?

23         JUROR:  Guilty.

24         THE DEPUTY CLERK:  Count Seven, market manipulation,

25   iQIYI, Inc.  As to Count Seven, how do you find Sung Kook

O7ARHWA3

1    Hwang?

2              JUROR:  Not guilty.

3              THE DEPUTY CLERK:  Count Eight, market manipulation,

4    Tencent Music Group.  As to Count Eight, how do you find Sung

5    Kook Hwang?

6              JUROR:  Guilty.

7              THE DEPUTY CLERK:  Count nine, market manipulation,

8    VIPshop Holdings.  As to Count Nine, how do you find Sung Kook

9    Hwang?

10             JUROR:  Guilty.

11             THE DEPUTY CLERK:  Count Ten, securities frauds,

12   counterparties.  As to Count Ten, how do you find Sung Kook

13   Hwang?

14             JUROR:  Guilty.

15             THE DEPUTY CLERK:  As to Count Ten, how do you find

16   Patrick Halligan?

17             JUROR:  Guilty.

18             THE DEPUTY CLERK:  Count Eleven, wire fraud,

19   counterparties.  As to Count Eleven, how do you find Sung Kook

20   Hwang?

21             JUROR:  Guilty.

22             THE DEPUTY CLERK:  As to Count Eleven, how do you find

23   Patrick Halligan?

24             JUROR:  Guilty.

25             THE COURT:  Ms. Jones, if you could ask Ms. Pope for

O7ARHWA3

1    the verdict form and show it to counsel.

2              Mr. Berke, would you like the jury polled?

3              MR. BERKE:  Yes, please, your Honor.  Thank you.

4              THE COURT:  Ms. Mulligan, as well?

5              MS. MULLIGAN:  Yes, your Honor.  Thank you.

6              THE COURT:  Please poll the jury.  Start with

7    Ms. Pope.

8              THE DEPUTY CLERK:  Count One, RICO conspiracy.  As to

9    Count One, how do you find Sung Kook Hwang?  Guilty.

10             Juror No. 1, is that your verdict?

11             JUROR:  Yes.

12             THE DEPUTY CLERK:  Juror No. 2, is that your verdict?

13             JUROR:  Yes.

14             THE DEPUTY CLERK:  Juror No. 3, is that your verdict?

15             JUROR:  Yes.

16             THE DEPUTY CLERK:  Juror No. 6, is that your verdict?

17             JUROR:  Yes.

18             THE DEPUTY CLERK:  Juror No. 7, is that your verdict?

19             JUROR:  Yes.

20             THE DEPUTY CLERK:  Juror No. 8, is that your verdict?

21             JUROR:  Yes.

22             THE DEPUTY CLERK:  Juror No. 10, is that your verdict?

23             JUROR:  Yes.

24             THE DEPUTY CLERK:  Juror No. 11, is that your verdict?

25             JUROR:  Yes.

O7ARHWA3

```
1              THE DEPUTY CLERK:  Juror No. 12, is that your verdict?

2              JUROR:  Yes.

3              THE DEPUTY CLERK:  Juror No. 13, is that your verdict?

4              JUROR:  Yes.

5              THE DEPUTY CLERK:  Juror No. 14, is that your verdict?

6              JUROR:  Yes.

7              THE DEPUTY CLERK:  Juror No. 15, is that your verdict?

8              JUROR:  Yes.

9              THE DEPUTY CLERK:  Count Two, securities fraud --

10             THE COURT:  Count One, Mr. Halligan.

11             THE DEPUTY CLERK:  I'm sorry.  Count One RICO
```

12  conspiracy.  As to Count One, how do you find Patrick Halligan?

13  Guilty.

```
14             Juror No. 1, is that your verdict?

15             JUROR:  Yes.

16             THE DEPUTY CLERK:  Juror No. 2, is that your verdict?

17             JUROR:  Yes.

18             THE DEPUTY CLERK:  Juror No. 3, is that your verdict?

19             JUROR:  Yes.

20             THE DEPUTY CLERK:  Juror No. 6, is that your verdict?

21             JUROR:  Yes.

22             THE DEPUTY CLERK:  Juror No. 7, is that your verdict?

23             JUROR:  Yes.

24             THE DEPUTY CLERK:  Juror No. 8, is that your verdict?

25             JUROR:  Yes.
```

O7ARHWA3

1          THE DEPUTY CLERK:  Juror No. 10, is that your verdict?

2          JUROR:  Yes.

3          THE DEPUTY CLERK:  Juror No. 11, is that your verdict?

4          JUROR:  Yes.

5          THE DEPUTY CLERK:  Juror No. 12, is that your verdict?

6          JUROR:  Yes.

7          THE DEPUTY CLERK:  Juror No. 13, is that your verdict?

8          JUROR:  Yes.

9          THE DEPUTY CLERK:  Juror No. 14, is that your verdict?

10         JUROR:  Yes.

11         THE DEPUTY CLERK:  Juror No. 15, is that your verdict?

12         JUROR:  Yes.

13         THE DEPUTY CLERK:  Count Two, securities fraud.  As to

14   Count Two, how do you find Sung Kook Hwang?  Guilty.

15         Juror No. 1, is that your verdict?

16         JUROR:  Yes.

17         THE DEPUTY CLERK:  Juror No. 2, is that your verdict?

18         JUROR:  Yes.

19         THE DEPUTY CLERK:  Juror No. 3, is that your verdict?

20         JUROR:  Yes.

21         THE DEPUTY CLERK:  Juror No. 6, is that your verdict?

22         JUROR:  Yes.

23         THE DEPUTY CLERK:  Juror No. 7, is that your verdict?

24         JUROR:  Yes.

25         THE DEPUTY CLERK:  Juror No. 8, is that your verdict?

O7ARHWA3

```
 1              JUROR:  Yes.
 2              THE DEPUTY CLERK:  Juror No. 10, is that your verdict?
 3              JUROR:  Yes.
 4              THE DEPUTY CLERK:  Juror No. 11, is that your verdict?
 5              JUROR:  Yes.
 6              THE DEPUTY CLERK:  Juror No. 12, is that your verdict?
 7              JUROR:  Yes.
 8              THE DEPUTY CLERK:  Juror No. 13, is that your verdict?
 9              JUROR:  Yes.
10              THE DEPUTY CLERK:  Juror No. 14, is that your verdict?
11              JUROR:  Yes.
12              THE DEPUTY CLERK:  Juror No. 15, is that your verdict?
13              JUROR:  Yes.
14              THE DEPUTY CLERK:  Count Three, market manipulation,
15      ViacomCBS.  As to Count Three, how do you find Sung Kook Hwang?
16      Guilty.
17              Juror No. 1, is that your verdict?
18              JUROR:  Yes.
19              THE DEPUTY CLERK:  Juror No. 2, is that your verdict?
20              JUROR:  Yes.
21              THE DEPUTY CLERK:  Juror No. 3, is that your verdict?
22              JUROR:  Yes.
23              THE DEPUTY CLERK:  Juror No. 6, is that your verdict?
24              JUROR:  Yes.
25              THE DEPUTY CLERK:  Juror No. 7, is that your verdict?
```

O7ARHWA3

```
 1              JUROR:  Yes.

 2              THE DEPUTY CLERK:  Juror No. 8, is that your verdict?

 3              JUROR:  Yes.

 4              THE DEPUTY CLERK:  Juror No. 10, is that your verdict?

 5              JUROR:  Yes.

 6              THE DEPUTY CLERK:  Juror No. 11, is that your verdict?

 7              JUROR:  Yes.

 8              THE DEPUTY CLERK:  Juror No. 12, is that your verdict?

 9              JUROR:  Yes.

10              THE DEPUTY CLERK:  Juror No. 13, is that your verdict?

11              JUROR:  Yes.

12              THE DEPUTY CLERK:  Juror No. 14, is that your verdict?

13              JUROR:  Yes.

14              THE DEPUTY CLERK:  Juror No. 15, is that your verdict?

15              JUROR:  Yes.

16              THE DEPUTY CLERK:  Count Four, market manipulation,

17     Discovery Communications, Inc.  As to Count Four, how do you

18     find Sung Kook Hwang?  Guilty.

19              Juror No. 1, is that your verdict?

20              JUROR:  Yes.

21              THE DEPUTY CLERK:  Juror No. 2, is that your verdict?

22              JUROR:  Yes.

23              THE DEPUTY CLERK:  Juror No. 3, is that your verdict?

24              JUROR:  Yes.

25              THE DEPUTY CLERK:  Juror No. 6, is that your verdict?
```

O7ARHWA3

| 1 | JUROR:  Yes. |

1        JUROR:  Yes.

2        THE DEPUTY CLERK:  Juror No. 7, is that your verdict?

3        JUROR:  Yes.

4        THE DEPUTY CLERK:  Juror No. 8, is that your verdict?

5        JUROR:  Yes.

6        THE DEPUTY CLERK:  Juror No. 10, is that your verdict?

7        JUROR:  Yes.

8        THE DEPUTY CLERK:  Juror No. 11, is that your verdict?

9        JUROR:  Yes.

10       THE DEPUTY CLERK:  Juror No. 12, is that your verdict?

11       JUROR:  Yes.

12       THE DEPUTY CLERK:  Juror No. 13, is that your verdict?

13       JUROR:  Yes.

14       THE DEPUTY CLERK:  Juror No. 14, is that your verdict?

15       JUROR:  Yes.

16       THE DEPUTY CLERK:  Juror No. 15, is that your verdict?

17       JUROR:  Yes.

18       THE DEPUTY CLERK:  Count Five, market manipulation,

19  Discovery Communications, Inc.  As to Count Five, how do you

20  find Sung Kook Hwang?  Guilty.

21       Juror No. 1, is that your verdict?

22       JUROR:  Yes.

23       THE DEPUTY CLERK:  Juror No. 2, is that your verdict?

24       JUROR:  Yes.

25       THE DEPUTY CLERK:  Juror No. 3, is that your verdict?

O7ARHWA3

1           JUROR:  Yes.

2           THE DEPUTY CLERK:  Juror No. 6, is that your verdict?

3           JUROR:  Yes.

4           THE DEPUTY CLERK:  Juror No. 7, is that your verdict?

5           JUROR:  Yes.

6           THE DEPUTY CLERK:  Juror No. 8, is that your verdict?

7           JUROR:  Yes.

8           THE DEPUTY CLERK:  Juror No. 10, is that your verdict?

9           JUROR:  Yes.

10          THE DEPUTY CLERK:  Juror No. 11, is that your verdict?

11          JUROR:  Yes.

12          THE DEPUTY CLERK:  Juror No. 12, is that your verdict?

13          JUROR:  Yes.

14          THE DEPUTY CLERK:  Juror No. 13, is that your verdict?

15          JUROR:  Yes.

16          THE DEPUTY CLERK:  Juror No. 14, is that your verdict?

17          JUROR:  Yes.

18          THE DEPUTY CLERK:  Juror No. 15, is that your verdict?

19          JUROR:  Yes.

20          THE DEPUTY CLERK:  Count Six, market manipulation,

21   GSX, Techedu, Inc.  As to Count Six, how do you find Sung Kook

22   Hwang?  Guilty.

23          Juror No. 1, is that your verdict?

24          JUROR:  Yes.

25          THE DEPUTY CLERK:  Juror No. 2, is that your verdict?

O7ARHWA3

1            JUROR:  Yes.

2            THE DEPUTY CLERK:  Juror No. 3, is that your verdict?

3            JUROR:  Yes.

4            THE DEPUTY CLERK:  Juror No. 6, is that your verdict?

5            JUROR:  Yes.

6            THE DEPUTY CLERK:  Juror No. 7, is that your verdict?

7            JUROR:  Yes.

8            THE DEPUTY CLERK:  Juror No. 8, is that your verdict?

9            JUROR:  Yes.

10           THE DEPUTY CLERK:  Juror No. 10, is that your verdict?

11           JUROR:  Yes.

12           THE DEPUTY CLERK:  Juror No. 11, is that your verdict?

13           JUROR:  Yes.

14           THE DEPUTY CLERK:  Juror No. 12, is that your verdict?

15           JUROR:  Yes.

16           THE DEPUTY CLERK:  Juror No. 13, is that your verdict?

17           JUROR:  Yes.

18           THE DEPUTY CLERK:  Juror No. 14, is that your verdict?

19           JUROR:  Yes.

20           THE DEPUTY CLERK:  Juror No. 15, is that your verdict?

21           JUROR:  Yes.

22           THE DEPUTY CLERK:  Count Seven, market manipulation,

23   iQIYI, Inc.  As to Count Seven, how do you find Sung Kook

24   Hwang?  Not guilty.

25           Juror No. 1, is that your verdict?

O7ARHWA3

1          JUROR:  Yes.

2          THE DEPUTY CLERK:  Juror No. 2, is that your verdict?

3          JUROR:  Yes.

4          THE DEPUTY CLERK:  Juror No. 3, is that your verdict?

5          JUROR:  Yes.

6          THE DEPUTY CLERK:  Juror No. 6, is that your verdict?

7          JUROR:  Yes.

8          THE DEPUTY CLERK:  Juror No. 7, is that your verdict?

9          JUROR:  Yes.

10          THE DEPUTY CLERK:  Juror No. 8, is that your verdict?

11          JUROR:  Yes.

12          THE DEPUTY CLERK:  Juror No. 10, is that your verdict?

13          JUROR:  Yes

14          THE DEPUTY CLERK:  Juror No. 11, is that your verdict?

15          JUROR:  Yes.

16          THE DEPUTY CLERK:  Juror No. 12, is that your verdict?

17          JUROR:  Yes.

18          THE DEPUTY CLERK:  Juror No. 13, is that your verdict?

19          JUROR:  Yes.

20          THE DEPUTY CLERK:  Juror No. 14, is that your verdict?

21          JUROR:  Yes.

22          THE DEPUTY CLERK:  Juror No. 15, is that your verdict?

23          JUROR:  Yes.

24          THE DEPUTY CLERK:  Count Eight, market manipulation,

25     Tencent Music Group.  As to Count Eight, how do you find Sung

O7ARHWA3

1   Kook Hwang?  Guilty.

2           Juror No. 1, is that your verdict?

3           JUROR:  Yes.

4           THE DEPUTY CLERK:  Juror No. 2, is that your verdict?

5           JUROR:  Yes.

6           THE DEPUTY CLERK:  Juror No. 3, is that your verdict?

7           JUROR:  Yes.

8           THE DEPUTY CLERK:  Juror No. 6, is that your verdict?

9           JUROR:  Yes.

10          THE DEPUTY CLERK:  Juror No. 7, is that your verdict?

11          JUROR:  Yes.

12          THE DEPUTY CLERK:  Juror No. 8, is that your verdict?

13          JUROR:  Yes.

14          THE DEPUTY CLERK:  Juror No. 10, is that your verdict?

15          JUROR:  Yes

16          THE DEPUTY CLERK:  Juror No. 11, is that your verdict?

17          JUROR:  Yes.

18          THE DEPUTY CLERK:  Juror No. 12, is that your verdict?

19          JUROR:  Yes.

20          THE DEPUTY CLERK:  Juror No. 13, is that your verdict?

21          JUROR:  Yes.

22          THE DEPUTY CLERK:  Juror No. 14, is that your verdict?

23          JUROR:  Yes.

24          THE DEPUTY CLERK:  Juror No. 15, is that your verdict?

25          JUROR:  Yes.

O7ARHWA3

1          THE DEPUTY CLERK:  Count Nine, market manipulation,

2    VIPshop Holdings LTD.  As to Count Nine, how do you find Sung

3    Kook Hwang?  Guilty.

4          Juror No. 1, is that your verdict?

5          JUROR:  Yes.

6          THE DEPUTY CLERK:  Juror No. 2, is that your verdict?

7          JUROR:  Yes.

8          THE DEPUTY CLERK:  Juror No. 3, is that your verdict?

9          JUROR:  Yes.

10          THE DEPUTY CLERK:  Juror No. 6, is that your verdict?

11          JUROR:  Yes.

12          THE DEPUTY CLERK:  Juror No. 7, is that your verdict?

13          JUROR:  Yes.

14          THE DEPUTY CLERK:  Juror No. 8, is that your verdict?

15          JUROR:  Yes.

16          THE DEPUTY CLERK:  Juror No. 10, is that your verdict?

17          JUROR:  Yes

18          THE DEPUTY CLERK:  Juror No. 11, is that your verdict?

19          JUROR:  Yes.

20          THE DEPUTY CLERK:  Juror No. 12, is that your verdict?

21          JUROR:  Yes.

22          THE DEPUTY CLERK:  Juror No. 13, is that your verdict?

23          JUROR:  Yes.

24          THE DEPUTY CLERK:  Juror No. 14, is that your verdict?

25          JUROR:  Yes.

O7ARHWA3

1           THE DEPUTY CLERK:  Juror No. 15, is that your verdict?

2           JUROR:  Yes.

3           THE DEPUTY CLERK:  Count Ten, securities fraud,

4   counterparties.  As to Count Ten, how do you find Sung Kook

5   Hwang?  Guilty.

6           Juror No. 1, is that your verdict?

7           JUROR:  Yes.

8           THE DEPUTY CLERK:  Juror No. 2, is that your verdict?

9           JUROR:  Yes.

10           THE DEPUTY CLERK:  Juror No. 3, is that your verdict?

11           JUROR:  Yes.

12           THE DEPUTY CLERK:  Juror No. 6, is that your verdict?

13           JUROR:  Yes.

14           THE DEPUTY CLERK:  Juror No. 7, is that your verdict?

15           JUROR:  Yes.

16           THE DEPUTY CLERK:  Juror No. 8, is that your verdict?

17           JUROR:  Yes.

18           THE DEPUTY CLERK:  Juror No. 10, is that your verdict?

19           JUROR:  Yes.

20           THE DEPUTY CLERK:  Juror No. 11, is that your verdict?

21           JUROR:  Yes.

22           THE DEPUTY CLERK:  Juror No. 12, is that your verdict?

23           JUROR:  Yes.

24           THE DEPUTY CLERK:  Juror No. 13, is that your verdict?

25           JUROR:  Yes.

O7ARHWA3

1           THE DEPUTY CLERK:  Juror No. 14, is that your verdict?

2           JUROR:  Yes.

3           THE DEPUTY CLERK:  Juror No. 15, is that your verdict?

4           JUROR:  Yes.

5           THE DEPUTY CLERK:  As to Count Ten, how do you find

6    Patrick Halligan?  Guilty.

7           Juror No. 1, is that your verdict?

8           JUROR:  Yes.

9           THE DEPUTY CLERK:  Juror No. 2, is that your verdict?

10          JUROR:  Yes.

11          THE DEPUTY CLERK:  Juror No. 3, is that your verdict?

12          JUROR:  Yes.

13          THE DEPUTY CLERK:  Juror No. 6, is that your verdict?

14          JUROR:  Yes.

15          THE DEPUTY CLERK:  Juror No. 7, is that your verdict?

16          JUROR:  Yes.

17          THE DEPUTY CLERK:  Juror No. 8, is that your verdict?

18          JUROR:  Yes.

19          THE DEPUTY CLERK:  Juror No. 10, is that your verdict?

20          JUROR:  Yes.

21          THE DEPUTY CLERK:  Juror No. 11, is that your verdict?

22          JUROR:  Yes.

23          THE DEPUTY CLERK:  Juror No. 12, is that your verdict?

24          JUROR:  Yes.

25          THE DEPUTY CLERK:  Juror No. 13, is that your verdict?

O7ARHWA3

1              JUROR:  Yes.

2              THE DEPUTY CLERK:  Juror No. 14, is that your verdict?

3              JUROR:  Yes.

4              THE DEPUTY CLERK:  Juror No. 15, is that your verdict?

5              JUROR:  Yes.

6              THE DEPUTY CLERK:  Count Eleven, wire fraud,

7    counterparties.  As to Count Eleven, how do you find Sung Kook

8    Hwang?  Guilty.

9              Juror No. 1, is that your verdict?

10             JUROR:  Yes.

11             THE DEPUTY CLERK:  Juror No. 2, is that your verdict?

12             JUROR:  Yes.

13             THE DEPUTY CLERK:  Juror No. 3, is that your verdict?

14             JUROR:  Yes.

15             THE DEPUTY CLERK:  Juror No. 6, is that your verdict?

16             JUROR:  Yes.

17             THE DEPUTY CLERK:  Juror No. 7, is that your verdict?

18             JUROR:  Yes.

19             THE DEPUTY CLERK:  Juror No. 8, is that your verdict?

20             JUROR:  Yes.

21             THE DEPUTY CLERK:  Juror No. 10, is that your verdict?

22             JUROR:  Yes.

23             THE DEPUTY CLERK:  Juror No. 11, is that your verdict?

24             JUROR:  Yes.

25             THE DEPUTY CLERK:  Juror No. 12, is that your verdict?

O7ARHWA3

1           JUROR:  Yes.

2           THE DEPUTY CLERK:  Juror No. 13, is that your verdict?

3           JUROR:  Yes.

4           THE DEPUTY CLERK:  Juror No. 14, is that your verdict?

5           JUROR:  Yes.

6           THE DEPUTY CLERK:  Juror No. 15, is that your verdict?

7           JUROR:  Yes.

8           THE DEPUTY CLERK:  As to Count Eleven, how do you find

9     Patrick Halligan?  Guilty.

10          Juror No. 1, is that your verdict?

11          JUROR:  Yes.

12          THE DEPUTY CLERK:  Juror No. 2, is that your verdict?

13          JUROR:  Yes.

14          THE DEPUTY CLERK:  Juror No. 3, is that your verdict?

15          JUROR:  Yes.

16          THE DEPUTY CLERK:  Juror No. 6, is that your verdict?

17          JUROR:  Yes.

18          THE DEPUTY CLERK:  Juror No. 7, is that your verdict?

19          JUROR:  Yes.

20          THE DEPUTY CLERK:  Juror No. 8, is that your verdict?

21          JUROR:  Yes.

22          THE DEPUTY CLERK:  Juror No. 10, is that your verdict?

23          JUROR:  Yes.

24          THE DEPUTY CLERK:  Juror No. 11, is that your verdict?

25          JUROR:  Yes.

O7ARHWA3

1          THE DEPUTY CLERK:  Juror No. 12, is that your verdict?

2          JUROR:  Yes.

3          THE DEPUTY CLERK:  Juror No. 13, is that your verdict?

4          JUROR:  Yes.

5          THE DEPUTY CLERK:  Juror No. 14, is that your verdict?

6          JUROR:  Yes.

7          THE DEPUTY CLERK:  Juror No. 15, is that your verdict?

8          JUROR:  Yes.

9          THE COURT:  Ms. Jones, would you kindly file the

10   verdict sheet on ECF?  It's now time to discharge the jury.  Is

11   there any reason not to discharge the jury?

12          MR. THOMAS:  No, your Honor.

13          MR. BERKE:  No, your Honor.

14          MS. MULLIGAN:  No, your Honor.

15          THE COURT:  Ms. Pope and fellow jurors, it's been a

16   pleasure to serve with you.  I like to tell this to all the

17   juries.  There was a noted judge on this court who didn't

18   believe in thanking jurors because they were simply doing their

19   civic duties.  I think it's when you do your civic duty and do

20   it well, that you should be congratulated for doing that.  And

21   you've done your job well.

22          It's the 29th day of trial.  You sat through it.

23   You've been interested.  You even fought to keep your place on

24   the jury.  I've never had a jury so much involved in any case,

25   following it along the way through all its technical morasses

O7ARHWA3

and being on top of it.  You've done a wonderful job, and I
thank you.  You've done a job of equal justice, and I thank
you.

You have all committed yourself to a privilege amongst
you.  You have talked to each other.  You have confided with
each other.  You've argued with one another in secrecy.  No one
but you knows what has been said.  You are now free to do
anything you want, but it might appeal to you as a sense of
loyalty to your fellow jurors not to talk about this case.
Keep it to yourself.  It's not something you have to do, but
it's something you might want to do.  It's to preserve the
confidentiality and the bond among you.  But whatever it is,
you are free.  I thank you very much.  You are discharged.

(Jury discharged)

THE COURT:  Be seated, please.  Defendants have 14
days to file motions under Rules 29 and 33.  I am not in a
position to give adjournments of those times because we're up
against the end of law clerk years, and I don't want this to
pass on to a new law clerk.  So we will fix those dates, and
I'll expect if you're making the motions, and I expect you
will, that they'll be filed on time.

I want to thank you all for your professionalism.
It's been a very difficult trial.  It's been very difficult to
do all the things you have to do and keep a sense of balance
and humor, and you have displayed that.  You've displayed your

O7ARHWA3

1  courtesy to me and to each other, and you've made a difficult

2  experience a pleasant one.  Thank you very much for your

3  professionalism and goodbye.

4            Anything, Mr. Podolsky?  Mr. Thomas?

5            MR. THOMAS:  Your Honor, we just propose to set, at

6  least for now, provisional sentencing dates.

7            THE COURT:  Say again.

8            MR. THOMAS:  Provisional sentencing dates.

9            THE COURT:  Yes, right.  Where is Brigitte?  Thank

10  you.  That was a good reminder, Mr. Podolsky.

11            Ms. Joseph, can you set a date for sentencing?

12  Sentencing will be October 1 at 10:00.  Is that inconvenient

13  for anyone?

14            MR. THOMAS:  The government is available at that time,

15  your Honor.

16            MR. BERKE:  Your Honor, given some of the issues in

17  the case, would your Honor consider setting it for early

18  November instead of October to have sufficient time?

19            THE COURT:  Any objection?

20            MR. THOMAS:  No, your Honor.

21            THE COURT:  Could we do it the week of October 28?  I

22  have a trial starting on November 4.

23            MR. BERKE:  Yes, your Honor.  Thank you.

24            MS. MULLIGAN:  Yes, your Honor.  Thank you.

25            THE COURT:  I see the trial begins then, too.  How

O7ARHWA3

1     about if we do it October 22?

2              MS. MULLIGAN:  That's fine for defendant Halligan.

3     Thank you, your Honor.

4              THE COURT:  Mr. Berke?

5              MR. BERKE:  If we can set it, we may seek an

6     adjournment and obviously it would be up to your Honor, but

7     we're comfortable setting it for now.

8              THE COURT:  I'd like to set it with the idea that it

9     would be an actual date.

10             MR. BERKE:  Is there a date that we could do in

11    November, your Honor, because I do think it's going to take us

12    some time.

13             THE COURT:  I hesitate to do that.  It would go into

14    December.  That's too long.  I have a difficult trial taking up

15    all of November, and it starts October 28.  So how about

16    October 22?

17             MR. BERKE:  Good, your Honor.  Thank you.

18             MS. MULLIGAN:  Good, your Honor.  And I believe the

19    normal bail conditions, we would ask that they continue.

20             THE COURT:  Just a minute.  October 22 at 10:00.  And

21    we'll order a presentence investigative report.  I am sure that

22    defendants will continue with the Fifth Amendment privilege.  I

23    expect that, and I will not hold that against you in terms of

24    sentencing.  Bail, Mr. Thomas?

25             MR. THOMAS:  The government has no application, your

O7ARHWA3

1    Honor.

2         THE COURT:  Bail will continue as previously set under

3    the existing terms and conditions.  I want to change the date.

4    We can have the sentence on October 28, if that's OK.  It's a

5    Monday.

6         MR. BERKE:  Thank you, your Honor.

7         THE COURT:  October 28.  Let's do it at 2:30.

8         Is there anything else that I've forgotten?

9         MR. THOMAS:  Nothing else from the government, thank

10   you.

11        THE COURT:  Mr. Berke?

12        MR. BERKE:  Nothing on behalf of Mr. Hwang right now.

13        THE COURT:  Ms. Mulligan?

14        MS. MULLIGAN:  Nothing on behalf of Mr. Halligan.

15   Thank you, your Honor.

16        THE COURT:  Goodbye, all.  I'll see you on October 28

17   unless we have a hearing on the motions.  As you were, folks.

18        (Adjourned)

19                              o0o

20

21

22

23

24

25