

**MARY MULLIGAN**
mmulligan@fklaw.com
212.833.1123

April 18, 2025

<u>BY ECF</u>

Hon. Barbara Moses
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:  <u>*United States v. Hwang et ano.*, No. 22-cr-240 (AKH) (BCM)</u>

Dear Judge Moses:

    On behalf of this firm's client Patrick Halligan, we write pursuant to the Scheduling Order entered on April 8, 2025 (ECF No. 405). Consistent with the position set forth in the parties' joint submission of March 24, 2025 (ECF No. 403), Mr. Halligan takes no position on the procedure by which the Court shall answer the first question referred to this Court by Judge Hellerstein, i.e., which former Archegos employees are "victims" for purposes of restitution (see ECF No. 401).

    While Mr. Halligan takes no position on the particular procedures that the Court employs to resolve this question, any procedures must be consistent with the legal requirement that the government bear "the burden of establishing by a preponderance of the evidence that each individual it claims is entitled to restitution was actually a 'victim.'" *United States v. Calderon*, 944 F.3d 72, 95 n.9 (2d Cir. 2019) (citation omitted). In addition, Mr. Halligan's due process rights require that that he have the right to respond to and rebut any evidence that the government presents, to present evidence in support of his positions (pursuant to whatever procedures the Court determines are appropriate), and to argue that the government has failed to meet its burden both as a matter of fact and a matter of law. *See United States v. Gushlak*, 728 F.3d 184, 194 (2d Cir. 2013) (defendant has "due process interest in paying restitution only for losses actually sustained by victims" and defendant must be "given an adequate opportunity to present his position").

    Likewise, by taking no position on the particular procedures to be employed at "Phase I" of these restitution proceedings, Mr. Halligan expressly preserves and does not waive his position that (i) former Archegos employees are not "victims" under the Mandatory Victims Restitution Act (18 U.S.C. § 3663A, the "MVRA") because their losses were not directly and proximately caused by the offense conduct and (ii) any losses that they suffered were not reasonably foreseeable to Mr. Halligan. *See* U.S. SENTENCING GUIDELINES

Hon. Barbara Moses                    - 2 -                    April 18, 2025

MANUAL § 2B1.1 (Application Note 3(A)(i)) ("'Actual loss' means the *reasonably foreseeable* pecuniary harm that resulted from the offense.") (emphasis added). Mr. Halligan's deference to the Court regarding the present question of procedure is not intended to, and does not, waive his right to object to the inclusion of any or every former Archegos employee in any schedule of "victims" for the purposes of restitution under the MVRA.

Finally, as we have previously advised the Court, Mr. Halligan and the Government have negotiated a proposed restitution order in the amount of $2,085,000, and requiring monthly payments in an amount equal to 15 percent (15%) of Mr. Halligan's gross income, with payments commencing upon his release from prison. (*See* ECF No. 403, and *id*. at Ex. F). After the proceedings referred to Your Honor have concluded, Mr. Halligan intends to request that Judge Hellerstein enter that proposed restitution order based on, among other things, Mr. Halligan's relative culpability along with his financial and family circumstances. *See* 18 U.S.C. § 3664(h) (court "may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant"); *id*. § 3664(f)(2) (restitution order and payment schedule must take into account "the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the defendant; and any financial obligations of the defendant; including obligations to dependents"). Judge Hellerstein's referral to this Court does not include any inquiry or determination as to the statutory factors or other consideration that support the entry of the proposed restitution order and payment plan, and therefore the proceedings before this Court need not, and should not, address those factors or considerations. We would object to any procedures that expand upon the scope of the referral.

We thank the Court for its attention to these matters.

Respectfully submitted,

Mary Mulligan

cc:  All Counsel (by ECF)