UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Order of Restitution |
| PATRICK HALLIGAN | : | S1 22 Cr. 240 (AKH) |
| Defendant | : | |

---

Upon the application of the United States of America, by its attorney, JAY CLAYTON, United States Attorney for the Southern District of New York, Alexandra Rothman, Samuel P. Rothschild, and Andrew Thomas, Assistant United States Attorneys, of counsel; the presentence investigation report; the defendant's conviction on Counts One, Ten, and Eleven of the S1 Indictment; the Court's findings at the sentencing hearings occurring on November 20, November 21, and December 19, 2024, and January 27 and July 22, 2025; the restitution hearings held before Magistrate Judge Barbara Moses; the Court's findings following the hearing, ECF Doc. 445; and all other proceedings in this case, it is hereby ORDERED that:

1. **Amount of Restitution**

Patrick Halligan, the defendant, shall pay restitution in the total amount, capped, of $3,136,507,171.59 (three billion one-hundred thirty-six million five-hundred seven thousand one-hundred seventy-one dollars and fifty-nine cents) pursuant to 18 U.S.C. § 3663 and 18 U.S.C. § 3663A, to the victims of the offenses charged in Counts One, Ten, and Eleven. This amount consists of one-third of the sum of (i) the $9,376,525,023.18 (nine billion three-hundred

1

seventy-six million five-hundred-twenty-five thousand twenty-three dollars and eighteen cents) loss amount determined by this Court as to the counterparty banks and (ii) the $32,996,491.58 (thirty-two million nine-hundred ninety-six thousand four-hundred ninety-one dollars and fifty-eight cents) loss amount determined by this Court as to certain former Archegos employees. The names and specific amounts owed to each victim are set forth in the Schedule of Victims, attached hereto as Schedule A. Upon advice by the United States Attorney's Office of a change of address of a victim, the Clerk of Court is authorized to send payments to the new address without further order of this Court.

### A.     Joint and Several Liability

Pursuant to 18 U.S.C. § 3664(h), the Court has apportioned liability among the defendants to reflect the level of contribution to the victims' losses. (*See* Opinion and Order Adopting Report and Recommendation [ECF No. 445], at 5-6.) Specifically, the Court has ordered that the defendant's joint and several liability shall be capped at one-third of the total amount of restitution owed to victims. (*Id.*) Restitution amounts paid by the defendant will also be credited against the total amounts due to be paid by defendant Sung Kook (Bill) Hwang, co-defendant in *United States v. Hwang & Halligan*, 22 Cr. 240 (AKH).

### B.     Apportionment Among Victims

Pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid. Restitution shall be paid to the victims identified in the Schedule of Victims in two phases, as follows:

Restitution shall first be paid to individual victims, up to the amounts identified in Part 1 of the Schedule of Victims, on a pro rata basis;

After the individual victims have fully recovered the amounts in Part 1 of the Schedule

2

4929-2975-0614.1

of Victims, restitution shall next be paid to the persons and entities identified in Part 2 of the Schedule of Victims, up to the amounts identified in Part 2, on a pro rata basis.

**2. Schedule of Payments**

The total amount of restitution is due immediately; however, pursuant to 18 U.S.C. § 3664(f)(2) and 18 U.S.C. § 3572(d)(1) and (2), in consideration of the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the defendant; and any financial obligations of the defendant; including obligations to dependents, the defendant shall pay restitution in the manner and according to the schedule set forth below:

First, the defendant will use his best efforts to monetize the following categories of assets in the amounts and within the time periods specified as follows:

    a. *Bank Accounts, Securities Accounts & IRA.*

        i. Within 30 days from the entry of judgment, and subject to the terms set forth in Paragraphs 2.a.ii and 2.a.iii of this Order, the defendant shall liquidate all interests in the bank accounts and securities accounts set forth in Part 1 of Schedule B (the "Accounts") and shall immediately transfer the liquidated portion to the Clerk of the Court or other Court official designated to receive and disburse restitution funds. The Clerk of Court or its designee shall hold all interests and assets in the Accounts in an interest bearing account but shall not distribute the funds until the earlier of the conclusion of all appeals in this matter or further order of this Court.

        ii. By the sooner of December 31, 2026 or 30 days after the issuance of the mandate if the defendant's conviction and the terms of restitution are affirmed on appeal, Defendant shall withdraw or liquidate all funds held in the IRA, 401(k), and donor advised fund identified in Part 2 of Schedule B, and shall immediately transfer those funds, net of taxes due,

3

to the Clerk of the Court or other Court official designated to receive and disburse restitution funds. The Clerk of Court or its designee shall hold all interests and assets in the Accounts in an interest bearing account but shall not distribute the funds until the earlier of the conclusion of all appeals in this matter or further order of this Court.

   iii. Prior to transferring interests in the Accounts as described in Paragraph 2.a.i, defendant may pay non-refundable legal fees in the amount set forth in Schedule C to his attorneys for representation in connection with his expedited appeal in this matter.

   iv. Prior to transferring interests in the Accounts as described in Paragraph 2.a.i, defendant may transfer funds from the Accounts sufficient to establish an initial balance of $75,000 (seventy-five thousand dollars) in the account identified in Part 3 of Schedule B (the "Bank Account"). Defendant shall not be required to transfer to the government, and may retain, his interest in the Bank Account during the pendency of all appeals in this matter. During the pendency of appeals in this matter, the defendant may use assets from the Bank Account to pay for his family's reasonable educational and medical expenses, as well as expenses incurred in connection with his appeal in this matter (including but not limited to court costs, filing fees, and appellate printing costs). The defendant may also deposit his employment income in the Bank Account and make monthly restitution payments from this account.

   v. If defendant's conviction and the terms of restitution are affirmed on appeal, the defendant shall transfer any remaining balance in the Bank Account within 30 days of the issuance of the mandate to the Clerk of the Court or other Court official designated to receive and disburse restitution funds.

  b. *Vehicles.* The defendant shall use best efforts to sell, at the best available market prices, the vehicles identified in Part 4 of Schedule B (the "Vehicles") within 60 days of the entry

of judgment. Upon receiving a payment from the sale, the defendant shall immediately transfer the liquidated portion, less any reasonable and necessary costs or fees, to the Clerk of the Court or other Court official designated to receive and disburse restitution funds. The Clerk of Court or its designee shall hold such amount in an interest bearing account but shall not distribute the funds until the earlier of the conclusion of all appeals in this matter or further order of this Court.

  c. *Family Home.* The Government and any victim may not enforce this Order in a manner that would require the defendant to sell his primary residence.

Second, pursuant to 28 U.S.C. § 2044 and 18 U.S.C. § 3611, the Court shall order any money belonging to and deposited by the defendant with the Clerk of Court for the purposes of a criminal appearance bail bond to be applied to the payment of restitution.

Third, the defendant shall make minimum monthly payments on the remaining restitution balance in installments pursuant to 18 U.S.C. § 3572(d)(1) and (2). The defendant shall commence monthly installment payments in an amount equal to 15 percent of his gross income during the prior month, on August 5, 2025, and monthly installment payments in an amount equal to 15 percent of his monthly gross income shall be due on the 5th day of each month thereafter, including during any period that defendant is in custody. The payments shall be made to the Clerk of the Court or other Court official designated to receive and disburse restitution funds. The Clerk of Court or its designee shall hold all funds in an interest bearing account but shall not distribute the funds until the earlier of the conclusion of all appeals in this matter or further order of this Court.

Fourth, the liquidation and payment schedule described above is without prejudice to the Government taking enforcement actions, pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A), to the extent warranted, or a victim to do the same to the extent authorized by law, except that the

Government and any victim may not enforce this Order in a manner that would require the defendant to sell his primary residence.

Fifth, as to any other category of asset, interest, or other property owned or controlled by the defendant, and not identified in paragraphs 2(a) through 2(c) above, the defendant may not encumber, transfer, or dissipate his interests in the value of such asset, interest, or property without prior notice to the Government and leave of the Court.

Sixth, the defendant shall pay all applicable fees, costs, or taxes on the transactions described in paragraphs 2(a) through 2(b) above, and shall transfer to the Clerk of Court or its designee amounts net of any applicable fees, costs, or taxes. The defendant shall exercise best efforts to minimize the imposition of fees, costs, or taxes on all transactions, to the extent permissible within the constraints of this Order.

3.     **Payment Instructions**

The defendant shall make restitution payments by certified check, money order, or online. Instructions for online criminal debt payments are available on the Clerk of Court's website at https://nysd.uscourts.gov/payment-information#PaymentofCriminalDebt. Checks and money orders shall be made payable to the "SDNY Clerk of Court" and mailed or delivered to: United States Courthouse, 500 Pearl Street, New York, New York 10007 - Attention: Cashier, as required by 18 U.S.C. § 3611. The defendant shall write his name and the docket number of this case on each check or money order.

4.     **Distributions**

The distribution of collected restitution funds shall commence upon the earlier of (i) the return of the mandate to this Court or (ii) further order of the Court. As specified above, until such time, the Clerk of Court or its designee shall hold payments made by the defendant in an

interest-bearing account.

### 5. Change in Circumstances

The defendant shall notify, within 30 days, the Clerk of Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Attn: Financial Litigation Program) of (1) any change of the defendant's name, residence, or mailing address or (2) any material change in the defendant's financial resources that affects the defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k).

The requirement for interest is waived, pursuant to 18 U.S.C. § 3612(f)(3)(A), provided that the defendant complies with the Schedule of Payments set forth above.

### 6. Term of Liability

The defendant's liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the defendant's release from imprisonment, as provided in 18 U.S.C. § 3613(b). Subject to the time limitations in the preceding sentence, in the event of the death of the defendant, the defendant's estate will be held responsible for any unpaid balance of the restitution amount, and any lien filed pursuant to 18 U.S.C. § 3613(c) shall continue until the estate receives a written release of that liability.

### 7. Sealing

Consistent with 18 U.S.C. §§ 3771(a)(8) & 3664(d)(4) and Federal Rule of Criminal Procedure 49.1, to protect the privacy interests of the defendant, defendant's family, and victims, (i) the Schedule of Victims, attached hereto as Schedule A, shall be filed under seal, except that copies may be retained and used by or disclosed to the listed victims, the Government, the investigating agency, the Clerk's Office, and the Probation Office, as needed to effect and

enforce this Order, without further order of this Court, and (ii) the Schedules of Property and Legal Fees, attached hereto as Schedules B and C, shall be filed under seal, except that copies may be retained and used by or disclosed to the Government, the investigating agency, the Clerk's Office, and the Probation Office, as needed to effect and enforce this Order, without further order of this Court.

SO ORDERED:

_____
HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE

July 29, 2025
DATE